**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| RICHARD ALEXANDER MURDAUGH, JR., <br><br> Plaintiff, <br><br> -versus- <br><br> BLACKFIN, INC., WARNER BROS. DISCOVERY, INC., WARNER MEDIA ENTERTAINMENT PAGES, INC., CAMPFIRE STUDIOS INC., THE CINEMART LLC, NETFLIX, INC., GANNETT CO., INC. AND MICHAEL M. DEWITT, JR., <br><br> Defendants. | Civil Action No. 9:24-cv-04914-RMG <br><br> **OPPOSITION TO PLAINTIFF'S MOTION TO STAY THE DEADLINE TO RESPOND TO DEFENDANTS' MOTION TO SEVER** |

Defendants Warner Bros. Discovery, Inc. ("Warner Discovery"), Warner Media Entertainment Pages, Inc. ("Warner Media") (collectively, the "Warner Entities"), Blackfin, Inc. ("Blackfin"), and Campfire Studios Inc. ("Campfire") (collectively, the "Warner Defendants")[1] respectfully submit this opposition to Plaintiff's Motion to Stay the Deadline to Respond to Defendants' Motion to Sever. ECF 30 ("Motion to Stay" or "Motion").

With his Motion, Plaintiff seeks to avoid the foreseeable consequences of his own actions. Plaintiff strategically chose to bring suit against seven non-resident defendants in his home Hampton County, and now must demonstrate why Defendants' claims must be remanded and—despite arising from three entirely separate documentaries—must remain together in a single

---

[1] As addressed in the Warner Defendants' Answers to Local Rule 26.01 Interrogatories, the Warner Defendants do not concede that Plaintiff has named the correct parties as Defendants and reserve the right to raise such argument at an appropriate time. The Warner Defendants also do not waive any argument as to personal jurisdiction.

action. In a transparent effort to delay or avoid doing so, Plaintiff now asks this Court to extend indefinitely his deadline to respond to the Warner Defendants' Motion to Sever. Plaintiff's Motion flies in the face of this Court's most basic requirements for obtaining such relief, and it would upset the orderly and expeditious resolution of the issues for decision by this Court. The Court should reject Plaintiff's attempt to prevent this Court from resolving issues of its jurisdiction over his claims against the Warner Defendants with the benefit of full and completed briefing on the Motion to Sever alongside Plaintiff's future motion to remand. As set forth below, Plaintiff's Motion should be denied.

## BACKGROUND

Plaintiff's Motion to Stay seeks to avoid further briefing for the Warner Defendants' Alternative Motion to Sever, which addresses an alternative ground for federal jurisdiction. The motion argues that Plaintiff improperly joined his causes of action against the Warner Defendants with his distinct claims against Cinemart, Netflix, Gannett Co., Inc., and DeWitt (collectively, the "Netflix Documentary Defendants"), and requests that, if the Court were to disagree that removal was proper on the bases stated in the Notices of Removal filed by Defendants (i.e., the fraudulent joinder of Defendant DeWitt), ECF 1, 12, the Court should sever Plaintiff's claims, thereby allowing the Warner Defendants to remain in federal court. ECF 14 (the "Motion to Sever").

Plaintiff argues that briefing the issues raised in the Warner Defendants' Motion to Sever would be "premature" until resolution of his forthcoming motion to remand. Mot. ¶ 3. Plaintiff further claims that the Court "may not have the subject matter jurisdiction to entertain the issues raised by Defendants' Motion [to Sever]," *id.*, and that granting the stay until resolution of Plaintiff's forthcoming motion would not prejudice any party, *id.* ¶ 4.[2]

---

[2] Although the Motion states that Plaintiff "attempted to confer with opposing counsel to resolve the matters contained in the motion but was unable to receive a timely response," Mot. at 2,

2

Although styled as a Motion to Stay, Plaintiff is, in fact, seeking an indefinite extension on his time to file an opposition to the Motion to Sever. Mot. at 1 (citing authorities for enlargement of time). Plaintiff made no effort to include briefing on the Motion to Sever in the parties' consensual case schedule so-ordered by this Court, and accordingly his opposition brief is due on Tuesday, September 24, 2024. ECF 26, 27. L.R. 7.06.

## ARGUMENT

Plaintiff's Motion contravenes this Court's established approach of deciding motions to sever in connection with motions to remand. It disregards this Court's requirements for obtaining extensions of time. And it seeks to prejudicially delay this case and waste party and judicial resources. Each of these issues is fatal.

*First*, Plaintiff's request to delay briefing should be denied so that the Court may consider the Warner Defendants' Motion to Sever, with the benefit of completed briefing, alongside Plaintiff's forthcoming motion to remand. Deciding issues of severance in connection with questions of removal or remand is the standard approach deployed by courts in the Fourth Circuit, because severance implicates the very same jurisdictional issues. *See, e.g.*, *Thomas v. Tramaine-Frost*, No. 4:16-cv-1266-TLW-TER, 2017 WL 9287004, at *3 (D.S.C. Jan. 12, 2017) (simultaneously granting motion to sever and motion to remand); *Todd v. Cary's Lake Homeowners Ass'n*, 315 F.R.D. 453, 459 (D.S.C. 2016) (granting defendant's motion to sever and remanding plaintiff's claims against co-defendants to state court for further proceedings); *Cramer*

---

Defendants were not provided with adequate time to consult with their respective clients and provide any position. Plaintiff did not inform Defendants of his intention to file his Motion to Stay until Friday afternoon, September 20, 2024. Counsel for the Warner Defendants informed Plaintiff's counsel that he would need to consult with his clients and would respond. Without waiting for a response, at approximately 4:12 pm that afternoon, Plaintiff filed his Motion.

3

*v. Walley*, No. 5:14-cv-03857–JMC, 2015 WL 3968155, at *5, 8 (D.S.C. June 30, 2015) (remanding non-diverse claims but severing removable claim); *see also In re Lipitor (Atorvatsatin Calcium) Mktg., Sales Pracs. and Prods. Liab. Litig.*, MDL No. 2:14-mn-02502-RMG, 2016 WL 7339811, at *2, 7 (D.S.C. Oct. 24, 2016) (Gergel, J.) (acknowledging severance is appropriate in connection with motion to remand, but ultimately remanding claims that, unlike here, should have been decided together and were likely to succeed). Any other approach would be procedurally counterintuitive, if not disruptive, and the Court should reject Plaintiff's inexplicable attempt to veer from the norm here.

Plaintiff claims that this Court may lack subject matter jurisdiction to decide the Warner Defendants' Motion to Sever, apparently contending that diversity jurisdiction would be lacking if the Court grants Plaintiff's forthcoming motion to remand. Mot. ¶ 3. While the Warner Defendants believe that the Court should find that Defendant DeWitt is fraudulently joined and deny Plaintiff's forthcoming motion to remand, the Court would have jurisdiction to decide the Motion to Sever in any event. Plaintiff disregards that the Warner Defendants' Motion to Sever provides an independent basis for this Court's jurisdiction over Plaintiff's claims against the Warner Defendants. Indeed, that the Court has separate grounds to retain jurisdiction over the claims against the Warner Defendants is the very point of the Warner Defendants' Motion to Sever. *See* ECF 14 ("[I]f this Court rejects the Defendants' fraudulent joinder arguments in relation to removal, *see* ECF 1, 12, the Warner Defendants respectfully request in the alternative that the Court sever the claims alleged against them from the claims alleged against the Netflix Documentary Defendants and retain the claims against the Warner Defendants pursuant to 28 U.S.C. § 1332(a)."); *In re Lipitor*, 2016 WL 7339811, at *2 (stating that the doctrine of fraudulent misjoinder—one of the bases for the Warner Defendants' Motion to Sever— asserts that diverse

4

"claims must be severed and *only the claims of the nondiverse plaintiff (or against the non-diverse defendant) be remanded*") (emphasis added) (citations omitted). Even if Plaintiff were correct that this Court would irrevocably lose jurisdiction to determine the Warner Defendants' Motion to Sever upon rejecting the Defendants' fraudulent joinder argument (which he is not), that would only further counsel in favor of the Court deciding the Motion to Sever at the same time as Plaintiff's motion to remand.

*Second*, Plaintiff has failed to establish that there is good cause to indefinitely delay briefing, and he has further failed to meet this Court's straightforward requirements for granting extensions. Under Local Rule 6.01, requests to alter time must include: "(1) the date of the current deadline; (2) whether the deadline has previously been extended; (3) the number of additional days requested, as well as the proposed date of the new deadline; and (4) whether the extension requested would affect other deadlines." Plaintiff's Motion fails to meet even one of these requirements. This Court does not countenance such blatant violations of its rules, and it certainly should not do so here, where there is no good cause for doing so. *See, e.g.*, *Baker v. Boeing Co.*, No. 2:18-02574-RMG-MGB, 2021 WL 2819460, at *25 (D.S.C. May 19, 2021) (striking filing that "disregards the Federal and Local Rules of Civil Procedure, neither of which provide for such filings") (citation omitted); *Assa'ad-Faltas v. South Carolina*, No. 3:12-1786-TLW-SVH, 2012 WL 6106421, at *1 (D.S.C. Dec. 10, 2012) (denying motion for extension of time absent good cause under Federal Rule of Civil Procedure 6).

*Third*, Plaintiff's requested relief, if granted, would substantially prejudice Defendants, needlessly waste party resources, and undermine interests of judicial economy. Indeed, if the Court were to agree to stay briefing of the Warner Defendants' Motion pending resolution of Plaintiff's eventual motion to remand, and then later grant Plaintiff's motion to remand, *either* all

5

Defendants will be required to wait for the remainder of briefing and a decision on the Warner Defendants' Motion, *or* the Warner Defendants will be forced to litigate both in federal (on the Motion to Sever) and state court (on motions to dismiss) until resolution of the pending Motion to Sever.

There is no reason to delay the briefing that can and should take place now. Unnecessary delay is particularly problematic in this case, which, given Plaintiff's inflammatory allegations and the highly publicized factual circumstances, Defendants have significant interests in swiftly resolving. Nor does it make any sense for the Warner Defendants to expend resources in the interim litigating the case in two courts simultaneously. This Court should reject Plaintiff's impractical request. *See Sadler v. Williams*, No. 8:19-CV-00333-SAL, 2020 WL 1025691, at *1 (D.S.C. Mar. 2, 2020) (denying an extension of time because plaintiff failed to show good cause and to identify a proposed new deadline); *McCullough v. Crawford*, No. 2:09-2631-RBH, 2009 WL 4110316, at *1 (D.S.C. Nov. 25, 2009) (rejecting plaintiff's motion to extend the time for filing an objection by two and one-half months because such a request is "unreasonable."); *accord Stratton v. Merck & Co.*, No. 2:21-cv-2211-RMG, 2022 WL 18584351, at *1-2 (D.S.C. May 25, 2022) (Gergel, J.) (denying stay on consideration of *inter alia* interests of judicial economy); *Ryan v. Douglas Prods. & Packaging Co., LLC*, No. 2:22-2636-RMG, 2023 WL 186594, at *1 (D.S.C. Jan. 13, 2023) (Gergel, J.) (denying stay where delay could potentially prejudice defendants); *Guzman v. Acuarius Night Club LLC*, No. 6:24-CV-00330-JDA, 2024 WL 3593867, at *3 (D.S.C. July 30, 2024) (holding that considerations of judicial efficiency counsel against a stay because it would require another court to familiarize itself with the case).

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's Motion in its entirety.

Dated this 23rd of September, 2024.

        NELSON MULLINS RILEY & SCARBOROUGH LLP

        By: s/ MERRITT G. ABNEY
        David E. Dukes (Federal Bar No. 00635)
        E-Mail: david.dukes@nelsonmullins.com
        1320 Main Street / 17th Floor
        Post Office Box 11070 (29211-1070)
        Columbia, SC 29201
        (803) 799-2000

        Merritt G. Abney (Federal Bar No. 09413)
        E-Mail: merritt.abney@nelsonmullins.com
        151 Meeting Street, Suite 600
        Charleston, South Carolina 29401
        843-853-5200

        WILLKIE FARR & GALLAGHER LLP
        Meryl C. Governski (admitted *pro hac vice*)
        Kristin Bender (admitted *pro hac vice*)
        Willkie Farr & Gallagher LLP
        1875 K Street NW
        Washington, DC 20006
        (202) 303-1000
        mgovernski@willkie.com
        kbender@willkie.com

        *Attorneys for Defendants Blackfin, Inc., Warner Bros. Discovery, Inc., Warner Media Entertainment Pages, Inc., and Campfire Studios Inc.*