IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| RICHARD ALEXANDER MURDAUGH, JR., <br> Plaintiff, <br><br> v. <br><br> BLACKFIN, INC., WARNER BROS. DISCOVERY, INC., WARNER MEDIA ENTERTAINMENT PAGES, INC., CAMPFIRE STUDIOS, INC., THE CINEMART LLC, NETFLIX, INC., GANNETT CO., INC. and MICHAEL M. DEWITT, JR., <br> Defendants. | Civil Action No.: 9:24-cv-04914-RMG <br><br> JURY TRIAL DEMANDED |

## PLAINTIFF'S MOTION TO STAY DEFENDANTS' RULE 12(B)(6) MOTIONS TO DISMISS

Plaintiff Richard Alexander Murdaugh, Jr. moves the Court for an Order vacating the 14-day deadline to respond to Defendants Defendants Blackfin, Inc., Warner Bros. Discovery, Inc., Warner Media Entertainment Pages, Inc., Campfire Studios, Inc., The Cinemart LLC, Netflix, Inc., Gannett Co., Inc., and Michael M. DeWitt, Jr.'s (collectively "Defendants") Motions to Dismiss and staying the 12(b)(6) Motions pending the Court's ruling on jurisdictional issues raised by Plaintiff's Motion to Remand. The basis for Plaintiff's Motion to Stay is that the creation and filing of responsive briefing at this stage in the litigation would be wholly unnecessary and would needlessly burden both Plaintiff and the Court, given the uncertainty surrounding Plaintiff's Motion to Remand and the effect it will have on the Court's jurisdiction to rule on Defendants' Motions.

Defendants have filed five Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 48, 49, 50, 52, 53). These Motions were all filed on October 16, 2024, 15

days after Plaintiff filed his Motion to Remand this action to the Hampton County Court of Common Pleas for lack of diversity jurisdiction. (ECF No. 41). Plaintiff's responsive briefing is due on October 30, 2024, and Plaintiff has yet to request an extension on this deadline. In their 12(b)(6) Motions to Dismiss, Defendants argue for a variety of unconvincing reasons that the Complaint fails to state a valid claim for defamation against each Defendant, that the allegedly defamatory statements are either true or statements of opinion and therefore are not actionable, or that the statements are protected by the fair report privilege.

As predicted by the undersigned in Plaintiff's Memorandum in Support of his Motion to Remand (ECF No. 41), Defendants' 12(b)(6) Motions, and Defendants' choice to file them at this procedural juncture, represent nothing more than an attempt to overwhelm Plaintiff with unnecessary and duplicative motions practice at a time when the Court's subject matter jurisdiction to address the merits of the issues raised in those Motions has yet to be established. Each subsequent 12(b)(6) Motion parrots the exact same arguments made in the previous one, yet Defendants have chosen to file them as 5 separate motions with 4 separate memoranda spanning over 140 pages of briefing, each of which will have to be addressed by Plaintiff. Defendants' efforts have the collateral consequence of not only unduly burdening Plaintiff, but also swamping the Court in unnecessary briefing that is likely to be moot after the resolution of Plaintiff's Motion to Remand, regardless of the merits of Defendants' arguments.

District Courts have broad, inherent discretionary power to grant a stay in order to control their dockets, conserve judicial resources, and provide for a just determination of the cases pending before them. *Webb v. R. Rowland & Co., Inc.*, 800 F.2d 803, 808 (8th Cir. 1986). Stays can be granted to preserve the resources of the courts, counsel, and litigants. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). It is widely accepted that after removal, a federal court should resolve a

motion to remand before deciding on a motion to dismiss because the issues raised by a motion to remand are jurisdictional, and therefore, if the motion to remand is granted then federal court loses jurisdiction to hear the motion to dismiss. *Ball v. CSX Transp., Inc.*, Civil Action No. 3:14-13369, 2014 WL 1874560, at *2 (S.D. W. Va. May 9, 2014); *Applegarth v. Power Home Solar, LLC*, Case No. 2:24-cv-1309, 2024 WL 2862281, at *1 (S.D. Ohio June 6, 2024); *Hill v. Nat. Ins. Underwriters, Inc.*, Case No. 12-62498-CIV-ZLOCH, 2013 WL 11971265, at *1 (S.D. Fla. Aug. 7, 2013); *Showalter v. Sunlight Financial, LLC*, Case No. 21-00391-CV-W-GAF, 2021 WL 9667334, at *1-2 (W.D. Mo. June 25, 2021).

A stay of briefing until Plaintiff's Motion to Remand is resolved serves the interests of the parties and judicial economy. Plaintiff will be prejudiced in responding to and fully briefing Defendants' 12(b)(6) Motions to the Court because those motions will more than likely be heard by a South Carolina circuit court instead of this Court. Under the current briefing deadlines, Plaintiff will have to respond to each Motion in kind, and each response will have to be briefed with citations to federal case law. A review of Defendant Blackfin, Inc.'s Memorandum in support of its Motion to Dismiss reveals that while the brief cites South Carolina authority only 8 times, it cites District Court, Fourth Circuit, and other federal authorities over fifty times. (ECF No. 48-1). Plaintiff's briefing will have to address the federal authorities cited by Defendants as well as their arguments relying on those federal authorities.

If Plaintiff were to fully brief a response to each Defendant's Memorandum, and the Court were to then remand this action to state court, Plaintiff would be required to start anew with the briefing to more fully account for the South Carolina authority a state court would rely upon. Additionally, certain issues raised by Defendants in their Motions, such as the plausibility standard provided by *Ashcroft v. Iqbal* and *Bell Atlantic Corp. v. Twombly*, are not applicable in a South

3

Carolina state court. Plaintiff will effectively be forced to perform additional research and rewrite any responsive briefing if this action is remanded, which seems likely.

More importantly, if this case is remanded to state court, it is not a certainty that Plaintiff will have to respond to Defendants' briefing at all. As known by all parties involved in this matter and anyone who has ever litigated in South Carolina, in South Carolina state courts, briefing is not required for motions that come before a circuit court. Alternatively, while Plaintiff at his election may brief some of the issues raised by Defendants with recitations to South Carolina law for the state court, it is highly unlikely that he would fully brief all the issues raised by Defendants' briefing in state court because many of Defendants' arguments can be effectively addressed by oral argument at the circuit court's hearing without the necessity of briefing, whereas here, it is not a given that the Court will resolve the Motions with a hearing, so full briefing of the issues is required.

This is precisely why Defendants have chosen to file these Motions at this stage, while Plaintiff's Motion to Remand is pending. An Order from the Court requiring Plaintiff to file responsive briefing to Defendants' Motions within two weeks, prior to resolving Plaintiff's Motion to Remand, will create dozens of hours of unnecessary work for Plaintiff that is likely to be for naught, as he will have to go back to the drawing board after remand. It will also create considerable briefing for the Court and clerks to review before it has even been determined whether the Court has jurisdiction to hear Defendants' 12(b)(6) Motions. In the event that the case is remanded, all the prejudice, in the form of waste and unnecessary allocation of resources, will be borne by Plaintiff, as the only prejudice that could be suffered by Defendants is self-manufactured. If the 12(b)(6) Motions are stayed and the case is not remanded, Defendants will have suffered no prejudice, as their Motions to Dismiss will still be filed and awaiting Plaintiff's responses, and a

stay will not affect any other deadlines as no scheduling order has been filed by the Court. There is no reason for the parties to expend further resources until the outstanding jurisdictional issues have been resolved by Plaintiff's Motion to Remand. Further briefing on Defendants' Motions can be stayed by the Court until it rules on Plaintiff's Motion.

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Motion, vacate the 14-day deadline to respond to Defendants' 12(b)(6) Motions, hold briefing on the Motions in abeyance, and stay the Motions until Plaintiff's Motion to Remand is resolved.

KENT LAW FIRM, LLC

/s/ Shaun C. Kent
Shaun C. Kent, Fed. Bar #9326
Post Office Box 117
Manning, SC 29102
(803) 433-5368
shaun@shaunkentlaw.com
*Attorney for Plaintiff*

Manning, South Carolina
October 18, 2024