# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

### BEAUFORT DIVISION

| | |
|---|---|
| RICHARD ALEXANDER MURDAUGH, JR.,<br><br>                  Plaintiff,<br><br>vs.<br><br>BLACKFIN, INC., WARNER BROS. DISCOVERY, INC., WARNER MEDIA ENTERTAINMENT PAGES, INC., CAMPFIRE STUDIOS, INC., THE CINEMART LLC, NETFLIX, INC., GANNETT CO., INC. AND MICHAEL M. DEWITT, JR.,<br><br>                  Defendants. | Case No. 9:24-cv-04914-RMG<br><br><br>**WARNER DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION, MOTION TO CERTIFY AND AMEND ORDER PURSUANT TO 28 U.S.C. § 1292(b), AND MOTION TO STAY** |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................... 1

PROCEDURAL HISTORY........................................................................................................... 2

    A.   Plaintiff Filed A Single Lawsuit In State Court Against Seven Non-Resident
          Corporate Defendants And One Resident Defendant, Mr. DeWitt. ........................... 2

    B.   The Warner Defendants Move To Sever, Which Plaintiff Opposes After
          Multiple Extensions And A Failed Attempt To Stay. .................................................. 3

    C.   The Court Grants The Warner Defendants' Motion To Sever, In Response To
          Which Plaintiff Asks For More Time And, Then, Files The Motion........................... 4

LEGAL STANDARD...................................................................................................................... 5

    A.   Motion For Reconsideration........................................................................................ 5

    B.   Interlocutory Appeal..................................................................................................... 5

    C.   Motion For A Stay Pending Interlocutory Appeal ..................................................... 7

ARGUMENT................................................................................................................................... 7

I.    THE COURT SHOULD DENY RECONSIDERATION BECAUSE PLAINTIFF
      FAILS TO DEMONSTRATE THAT THE ORDER CONTAINS CLEAR ERROR........ 7

    A.   The Court Did Not Err By Finding Misjoinder Pursuant To Rule 20. ....................... 9

          1.   The Court should, for the second time, reject Plaintiff's argument that
               joinder is appropriate because of overlapping facts and law. ........................... 11

          2.   The Court should, for the second time, reject Plaintiff's argument that it
               cannot rule on misjoinder because there is a purported absence of state
               law on Rule 20. ................................................................................................... 16

    B.   The Court Did Not Err By Granting Severance Pursuant To Rule 21. ..................... 18

    C.   It Is Appropriate For The Court To Maintain Jurisdiction Over This Case
          Pursuant To The Doctrine Of Fraudulent Misjoinder. .............................................. 21

II.   PLAINTIFF FAILS TO SATISFY THE STRICT STATUTORY
      REQUIREMENTS FOR CERTIFYING AN INTERLOCUTORY APPEAL................. 24

    A.   The Order Does Not Involve A Controlling Question Of Law................................. 24

    B.   There Are No Substantial Grounds For A Difference Of Opinion Regarding
          Application Of The Procedural Misjoinder Doctrine................................................. 26

    C.   Immediate Appeal From The Order Will Not Materially Advance The
          Ultimate Termination Of The Litigation. .................................................................. 29

III.  THE COURT SHOULD DENY PLAINTIFF'S REQUEST FOR A STAY. .................. 32

CONCLUSION............................................................................................................................. 35

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. U.S. Dep't of Lab.*,
   360 F. Supp. 3d 320 (D.S.C. Dec. 18, 2018) ............................................................................20

*Alexander v. Golden Margarita, LLC*,
   No. CV-22-00781-PHX-DWL, 2023 WL 2891360 ...............................................................26

*Battersby v. Moorhead*,
   No. 2017CP0400667, 2015 WL 13808277 (S.C. C.P. June 12, 2015).......................11, 12, 16

*Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*,
   138 F. Supp. 3d 1191 (D. Colo. 2015), *aff'd*, 861 F.3d 1081 (10th Cir. 2017) ......................32

*Brotemarkle v. Washum*,
   No. 1:23-CV-04382-JDA, 2024 WL 3520855 (D.S.C. July 24, 2024) ...................................35

*Brown v. Leverette*,
   291 S.C. 364, 353 S.E.2d 697 (1987) .....................................................................................33

*Brown v. Solis*,
   No. 2016CP4002806, 2017 WL 11139790 (S.C. C.P. Mar. 24, 2017) ............................13, 16

*Buffalo Seafood House LLC v. Republic Servs., Inc.*,
   No. 7:22-cv-1242-RMG, 2024 WL 4608308 (D.S.C. Oct. 28, 2024) .....................................21

*Burns v. W.S. Life Ins. Co.*,
   298 F. Supp. 2d 401 (S.D. W. Va. 2004).................................................................................27

*CACI Premier Tech, Inc v. Rhodes*,
   536 F.3d 280 (4th Cir. 2008) ..................................................................................................32

*Chambers v. Warden of Alexander Corr.*,
   No. 5:23-CV-00159-MR, 2024 WL 1184732 (W.D.N.C. Mar. 18, 2024) ..............................26

*Chas. Pfizer & Co. v. Laboratori Pro-Ter Prodotti Therapeutici S. p. A.*,
   278 F. Supp. 148 (S.D. N.Y. 1967) ........................................................................................30

*Clements v. Austin*,
   617 F. Supp. 3d 373 (D.S.C. 2022).................................................................................14, 21

*Cnty. Comm'n of McDowell Cnty. v. McKesson Corp.*,
   263 F. Supp. 3d 639 (S.D.W. Va. 2017).................................................................................27

*Cody v. State Farm Fire & Cas. Co.*,
No. 2:24-cv-04217-RMG, 2024 WL 4403862 (D.S.C. Oct. 4, 2024) (Gergel,
J.) ...................................................................................................................................................21

*ContraVest Inc. v. Mt. Hawley Ins. Co.*,
No. 9:15-CV-00304-DCN, 2018 WL 5793601 (D.S.C. Mar. 30, 2018) ...................................8

*Cooke-Bates v. Bayer Corp.*,
No. 3:10BCVB261, 2010 WL 4789838 (E.D. Va. Nov. 16, 2010) ...................................27, 28

*Coopers & Lybrand v. Livesay*,
437 U.S. 463 (1978) ..................................................................................................................6

*Courthouse News Serv. v. Schaefer*,
2 F.4th 318 (4th Cir. 2021) ................................................................................................14, 15

*Courthouse News Serv. v. Schaeffer*,
429 F. Supp. 3d 196 (E.D. Va. 2019) ......................................................................................15

*Covington v. Hancock*,
No. 2:23-CV-05266-BHH, 2024 WL 2126863 (D.S.C. May 13, 2024) ...........................17, 18

*Cramer v. Walley*,
No. 5:14-cv-03857-JMC, 2015 WL 3968155 (D.S.C. June 30, 2015) .......................17, 25, 27

*Desert Empire Bank v. Ins. Co. of N. Am.*,
623 F.2d 1371 (9th Cir. 1980) .................................................................................................15

*Ellis by Ellis v. Oliver*,
307 S.C. 365, 415 S.E.2d 400 (1992) .................................................................................13, 16

*Fannin v. CSX Transp.*,
No. 88–8120, 1989 WL 42583 (4th Cir. Apr. 26, 1989) ............................................................6

*Farmer v. CAGC Ins. Co.*,
424 S.C. 579, 819 S.E.2d 142 (Ct. App. 2018) ................................................................ *passim*

*Fitchett v. Wilson*,
No. 4:12–cv–00605–RBH, 2013 WL 5468389 (D.S.C. September 30, 2013) ........................35

*Flagstar Corp. v. Royal Surplus Lines*,
341 S.C. 68, 533 S.E.2d 331 (2000) ........................................................................................31

*Garcia v. McClaskey*,
No. 1:12CV93, 2016 WL 2903234 (M.D.N.C. May 18, 2016) ...............................................35

*Graves v. C & S Nat'l Bank of Georgia*,
491 F. Supp. 282 (D.S.C. 1980) ..............................................................................................25

*Grayson Consulting, Inc. v. Cathcart*,
   No. 2:07-CV-02992-DCN, 2014 WL 1512029 (D.S.C. Apr. 8, 2014)........................19, 20, 21

*Green v. City of Columbia*,
   No. 3:21-CV-4085-JFA-PJG, 2022 WL 1617446 (D.S.C. May 23, 2022) ............................25

*Gregory v. FedEx Ground Package Sys., Inc.*,
   No. 2:10cv630, 2012 WL 2396873 (E.D. Va. May 9, 2012).....................................................13

*Griego v. Ford Motor Co.*,
   19 F. Supp. 2d 531 (D.S.C. 1998)...........................................................................................26

*Guzman v. Acuarius Night Club LLC*,
   No. 6:24-CV-00330-JDA, 2024 WL 3593867 (D.S.C. July 30, 2024) ...................................34

*Howes v. W.R. Peele, Sr. Tr.*,
   889 F. Supp. 849 (E.D.N.C. 1995)....................................................................................28, 29

*Hughes v. Sears, Roebuck and Co.*,
   No. 2:09-CV-93, 2009 WL 2877424 (N.D. W. Va. Sept. 3, 2009) ...................................17, 27

*Hughs v. Royal Energy Res., Inc.*,
   No. 2:20-cv-01566-DCN, 2020 WL 6689132 (D.S.C. Nov. 12, 2020)...................................13

*Integra Rec, LLC v. Countrywide Sec. Corp.*,
   Civ. No. 3:14cv706, 2015 WL 3540473 (E.D. Va. June 3, 2015)...........................................28

*Jackson v. Doe*,
   No. 2012-CP-46-3907, 2013 WL 10257157 (S.C. C.P. Nov. 01, 2013) ...........................12, 16

*Jones v. Rogers Townsend & Thomas, P.C.*,
   No. 2019-001140, 2022 WL 2966387 (Ct. App. July 27, 2022) .............................................16

*Koppers Performance Chems., Inc. v. Travelers Indem. Co.*,
   No. 2:20-CV-2017-RMG, 2022 WL 22887751 (D.S.C. Dec. 20, 2022)
   (Gergel, J.) .......................................................................................................................5, 23

*In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prods. Liab. Litig.*,
   No. 2:14-MN-02502-RMG, 2016 WL 7339811 (D.S.C. Oct. 24, 2016)
   (Gergel, J.) ..................................................................................................................... *passim*

*Little v. Bellsouth Telecomms. Inc.*,
   No. CIV. A. 95-1646, 1995 WL 468256 (E.D. La. Aug. 7, 1995) ..........................................15

*Manion v. Spectrum Healthcare Res.*,
   966 F. Supp. 2d 561 (E.D.N.C. 2013)......................................................................................7

*McCoy v. Bazzle*,
  No. 4:07-cv-3562-PMD-TER, 2008 WL 4280386 (D.S.C. Sept. 15, 2008) ..........................13

*McCullough v. Crawford*,
  No. 2:09-2631-RBH, 2009 WL 4110316 (D.S.C. Nov. 25, 2009) ..........................................32

*McGann v. Mungo*,
  287 S.C. 561, 340 S.E.2d 154 (Ct. App. 1986).........................................................................17

*In re MI Windows & Doors, Inc. Prods. Liab. Litig.*,
  No. 2:11-CV-00167-DCN, 2012 WL 6675053 (D.S.C. Dec. 21, 2012) ..................5, 8, 14, 23

*Michaels v. Agape Senior Cmty., Inc.*,
  848 F.3d 330 (4th Cir. 2017) ....................................................................................................25

*Michelin N. Am. Inc. v. Inter City Tire & Auto Ctr., Inc.*,
  No. 6:13-1067-HMH, 2013 WL 5946109 (D.S.C. Nov. 16, 2013) ................................. *passim*

*Moore U.S.A., Inc. v. Standard Register Co.*,
  180 F. Supp. 2d 411 (W.D.N.Y. 2001) .....................................................................................26

*Mosley v. Gen. Motors Corp.*,
  497 F.2d 1330 (8th Cir. 1974) ..................................................................................................15

*MRR S., LLC v. Citizens for Marlboro Cnty.*,
  No. 4:09-03102-JMC, 2012 WL 1016180 (D.S.C. Mar. 26, 2012).........................................32

*Myers v. AT&T Corp.*,
  No. 2:13-cv-1432-RMG, 2013 WL 4823282 (D.S.C. Sept. 9, 2013) (Gergel,
  J.)........................................................................................................................................11, 21

*N.C. Fed. Sav. & Loan Ass'n. v. DAV Corp.*,
  294 S.C. 27, 362 S.E.2d 308 (Ct. App. 1987), *aff'd in part and rev'd in part*,
  298 S.C. 514, 381 S.E.2d 903 (1989) ......................................................................................31

*Nelson v. Whirlpool Corp.*,
  C.A. No. 09-0520-WS-M, 2010 WL 147917 (S.D. Ala. Jan. 11, 2010) .................................26

*Nesbit v. S.C. Elec. & Gas Co.*,
  No. 3:15-CV-04893-JMC, 2016 WL 3085802 (D.S.C. June 2, 2016) ....................................29

*United States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*,
  804 F.3d 646 (4th Cir. 2015) ......................................................................................................9

*Palmetto Health All. v. S.C. Elec. & Gas Co.*,
  No. 2011CP404363, 2012 WL 12089247 (S.C. C.P. June 28, 2012)................................11, 16

*Palmetto Health All. v. S.C. Elec. & Gas Co*.,
  No. 3:11-CV-2060-JFA, 2011 WL 5027162 (D.S.C. Oct. 21, 2011) ..................................... 29

*Patriot Indus., LLC v. Patriot Partners, LLC*,
  No. 8:18-CV-01396-JD, 2022 WL 17472941 (D.S.C. Dec. 6, 2022) .................................... 31

*Pollock v. Goodwin*,
  No. 3:07-3983-CMC, 2008 WL 216381 (D.S.C. Jan. 23, 2008) ...................................... 12, 16

*ProPac, Inc. v. $5,219,224.20 U.S. Dollars Deposited to Acct. of Med. Biowaste
  Sols., Inc.*,
  No. CV 2:20-3792-RMG, 2020 WL 9396445 (D.S.C. Nov. 16, 2020) (Gergel,
  J.) .............................................................................................................................................. 6

*Quigley v. United States*,
  865 F. Supp. 2d 685 (D. Md. 2012) ........................................................................................ 5

*Roberson v. Padula*,
  2007 WL 4351423 (D.S.C. Dec. 12, 2007) ...................................................................... 13, 18

*Ryan v. Douglas Prods. & Packaging Co., LLC*,
  No. 2:22-2636-RMG, 2023 WL 186594 (D.S.C. Jan. 13, 2023) (Gergel, J.) ........................ 32

*S.C. Pub. Serv. Auth. v. CBD Res., Inc.*,
  No. CV 2:24-2175-RMG, 2024 WL 4772426 (D.S.C. July 1, 2024) (Gergel,
  J.) .............................................................................................................................................. 8

*Saval v. BL Ltd.*,
  710 F.2d 1027 (4th Cir. 1983) .............................................................................................. 13

*Skydive Myrtle Beach, Inc. v. Horry Cnty.*,
  426 S.C. 175, 826 S.E.2d 585 (2019) ................................................................................... 34

*Stratton v. Merck & Co., Inc.*,
  No. 2:21-cv-2211-RMG, 2022 WL 18584351 (D.S.C. May 25, 2022) (Gergel,
  J.) ......................................................................................................................................... 7, 34

*Tapscott v. MS Dealer Serv. Corp.*,
  77 F.3d 1353 (11th Cir. 1996) .............................................................................................. 29

*Thomas v. Tramaine-Frost*,
  No. 4:16-cv-1266-TLW-TER, 2017 WL 9287004 (D.S.C. Jan. 12, 2017) ................ 13, 16, 27

*Turka v. S.C. Pub. Serv. Auth.*,
  No. CV 2:19-1102-RMG, 2020 WL 13871202 (D.S.C. Mar. 20, 2020)
  (Gergel, J.) .......................................................................................................................... 8, 14

*Twin City Fire Ins. Co. v. Ben Arnold-Sunbelt Beverage Co. of S.C.*,
  433 F.3d 365 (4th Cir. 2005) ...................................................................................................18

*Tyco Fire Prods. LP v. AIU Ins. Co.*,
  No. CV 2:23-2384-RMG, 2023 WL 8720000 (D.S.C. Dec. 18, 2023) (Gergel,
  J.) ...................................................................................................................................5, 6, 7, 31

*U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Virginia*, LLC,
  899 F.3d 236 (4th Cir. 2018) ................................................................................................5, 9

*Valentine v. Davis*,
  319 S.C. 169, 460 S.E.2d 218 (Ct. App. 1995) ..............................................................13, 16

*Van Connor v. One Life Am., Inc.*,
  No. 6:19-cv-03283-DCC, 2021 WL 4272614 (D.S.C. Sept. 21, 2021) ...............................6, 29

*Wang v. Nat'l Union Fire Ins. Co. of Pittsburgh*,
  No. 2:10-CV-3146-RMG, 2012 WL 12898404 (D.S.C. Mar. 16, 2012)
  (Gergel, J.) ........................................................................................................................5, 7, 24

*Weaver v. Marcus*,
  165 F.2d 862 (4th Cir. 1948) ...................................................................................................26

*Weichert Real Est. Affiliates, Inc. v. Dean Kelby Realty, LLC*,
  CV-2652-RMG, 2010 WL 11530906 (D.S.C. Dec. 10, 2010) (Gergel, J.) ............................25

*Williams v. Homeland Ins. Co. of N.Y.*,
  18 F.4th 806 (5th Cir. 2021) .....................................................................................................29

*Wise v. INVISTA S.Á.R.L.*,
  No. 3:17-cv-1354-MBS-TER, 2017 WL 9275298, at *3 (D.S.C. Aug. 31,
  2017), *report and recommendation adopted*, No. 3:17-cv-01354-MBS, 2018
  WL 525475 (D.S.C. Jan. 23, 2018) ..........................................................................................13

*In re Yasmin and Yaz (Drospirenone) Mktg., Sales Pracs. and Prods. Liabi. Litig.*,
  No. 3:09-md-02100-DRH-PMF, 2012 WL 662334 (S.D. Ill. Feb. 29, 2012) .........................26

**Statutes**

18 U.S.C. § 1446(c) ..........................................................................................................23, 30

28 U.S.C. § 1292(b) ...................................................................................................... *passim*

S.C. Code Ann § 14-3-330(2) .........................................................................................31

**Other Authorities**

14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §
  3723.1 (West Group Rev. 4th ed. 2009, June 2024 Update) ...................................................27

7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and
    Procedure § 1653 (3d ed. 2001) ................................................................................12, 15, 19

Fed. R. Civ. P. 1 ............................................................................................................................34

Fed. R. Civ. P. 6 ............................................................................................................................35

Fed. R. Civ P. 12(b)(6) .................................................................................................................33

Fed. R. Civ. P. 12(h)(3) .................................................................................................................31

Fed. R. Civ. P. 20 ...................................................................................................................*passim*

Fed. R. Civ. P. 21 ...................................................................................................................*passim*

Fed. R. Civ. P. 54(b) .......................................................................................................................5

*Identical*, MERRIAM-WEBSTER, https://www.merriam-
    webster.com/dictionary/identical (last visited Mar. 3, 2025) ..................................................15

Defendants Blackfin, Inc. ("Blackfin"), Campfire Studios, Inc. ("Campfire"), Warner Bros. Discovery, Inc. ("WBD") and Warner Media Entertainment Pages, Inc. ("Warner Media Entertainment") (collectively, with the entities disclosed in the Amended Answer to Local Rule 26.01 Interrogatories, the "Warner Defendants") oppose the Motion for Reconsideration, Motion to Certify and Amend Order Pursuant to 28 U.S.C. § 1292(b), and Motion to Stay (ECF 70 ("Motion" or "Mot.")) filed by Plaintiff Richard Alexander Murdaugh, Jr. ("Plaintiff").[1]

## PRELIMINARY STATEMENT

Plaintiff has admitted that he included the only non-diverse party, Michael M. Dewitt, Jr. ("Mr. DeWitt"), as a defendant in this lawsuit as part of a "strategy to defeat federal jurisdiction." Faced with the consequences of his strategic decision to forum shop a case into Hampton County by fraudulently misjoining two sets of claims, Plaintiff now insists he deserves a chance to reargue the same arguments that this Court considered and rejected when it entered an order granting severance. ECF 64 ("Order" or "Or."). Plaintiff accuses the Court of committing "clear error" because he is displeased with the result, which is not a valid basis for reconsideration. Plaintiff has failed to identify any aspect of the Court's Order that is wrong, let alone "dead wrong" with "the force of a five-week-old, unrefrigerated dead fish," as the Fourth Circuit requires. *Infra* Argument § I. And if the Court disagrees with Plaintiff's arguments for a second time, Plaintiff insists he is entitled to an interlocutory appeal even though he cannot satisfy even one of the three mandatory requirements for such extraordinary relief. *Infra* Argument § II. Plaintiff also seeks a

---

[1] As explained in the Amended Answer to Local Rule 26.01 Interrogatories, Campfire is an improper party because the company that produced the Campfire Documentary is HCM, LLC, which is wholly owned by Campfire Film & TV, LLC. ECF 44. Neither of the Warner Defendants is a correct party either. *Id*. Based on the allegations of the Complaint (none of which the Warner Defendants concede), Plaintiff should have identified WarnerMedia Direct, LLC, Discovery Communications, LLC, and Discovery Digital Ventures, LLC instead of WBD and Warner Media Entertainment.

stay of his obligation to respond to the motions to dismiss that the Warner Defendants filed *more than four months ago* pursuant to a case schedule that Plaintiff himself agreed to and also has been on notice about for four months. What's more, Plaintiff filed his latest request for a stay of his obligation to respond to the motions to dismiss on the same day the Court granted his separate motion for an extension of time to file those responses, in an order with the following instruction: "No further extensions will be provided." The Court should deny Plaintiff's request for a stay. *Infra* Argument § III.

Plaintiff's filing reflects a notion that he is entitled to ignore the Federal Rules so he can file a single lawsuit suing exactly who he wants and where he wants, and to meet deadlines only when he wants. Plaintiff provides no basis in fact and law for why he is entitled to any of the exceptional remedies he seeks. The Court should summarily deny his Motion and demand Plaintiff attempt, if he can, to prosecute his claims rather than continue to construct time-wasting "shams and artifices" in an effort to topple the Warner Defendants' right to removal. *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prods. Liab. Litig.*, No. 2:14-MN-02502-RMG, 2016 WL 7339811, at \*3 (D.S.C. Oct. 24, 2016) (Gergel, J.) ("*In re Lipitor*").

## PROCEDURAL HISTORY

### A.    Plaintiff Filed A Single Lawsuit In State Court Against Seven Non-Resident Corporate Defendants And One Resident Defendant, Mr. DeWitt.

On June 14, 2024, Plaintiff filed a single complaint against seven non-resident corporate defendants and one resident individual defendant in the Court of Common Pleas for Hampton County, South Carolina in connection with three independent documentaries. ECF 1-1 ("Complaint" or "Compl."). Plaintiff is alleged to be a resident of South Carolina and Hampton County, while each of the Warner Defendants (and each of the other corporate defendants) is a corporation organized and existing under the laws of a state other than South Carolina. *Id.* ¶¶ 1,

3, 5, 7, 9, 11, 13.  While the Complaint does not plead any causes of action, it appears Plaintiff is attempting to assert a claim of defamation against all defendants.  Plaintiff's Complaint as to the Warner Defendants arises from two separate and independent documentaries: (1) "Murdaugh Murders: Deadly Dynasty," which the Complaint alleges Blackfin produced and Warner Discovery aired on discovery+ and the Investigation Discovery television channel; and (2) "Lowcountry: The Murdaugh Dynasty," which the Complaint alleges Campfire produced and the Warner entities aired on HBO Max (together, the "Warner Documentaries").  *Id.* ¶¶ 19-24.  Plaintiff's claims against the other four defendants—The Cinemart LLC, Netflix, Inc., Gannett Co., Inc. and Mr. Dewitt (the "Netflix Documentary Defendants")—arises from alleged defamation in *a completely separate series* entitled "Murdaugh Murders: A Southern Scandal" (the "Netflix Documentary"), which includes statements of Mr. DeWitt.  *Id.* ¶¶ 25-28.

### B.    The Warner Defendants Move To Sever, Which Plaintiff Opposes After Multiple Extensions And A Failed Attempt To Stay.

The Warner Defendants consented to a timely filed Notice of Removal on September 9, 2024 and joined a notice of removal on diversity jurisdiction.  ECF 1-2; ECF 12.  The next day, they filed an alternative motion to sever Plaintiff's causes of action arising from the Warner Documentaries from those arising from the Netflix Documentary pursuant to Rules 20 and 21 of the Federal Rules of Civil Procedure ("FCRP" or "Federal Rule(s)") and the South Carolina Rules of Civil Procedure ("SCRCP" or "South Carolina Rule(s)").[2]  ECF 14 ("Motion to Sever").

Pursuant to the Court's entry of a consent motion, the Warner Defendants' motions to dismiss and Plaintiff's motion to remand were due on October 16, 2024, with related oppositions

---

[2] This Opposition refers to both the South Carolina and Federal Rules when it uses the terms "Rule 20" and "Rule 21" because, as the Court rightly found and Plaintiff does not dispute, the state and federal versions are substantively identical.  Or. at 11.

due on November 15, 2024. ECF 26, 27. Plaintiff filed a motion to stay his obligation to respond to the Motion to Sever, which the Court denied. ECF 30, 31, 33. On October 1, 2024, Plaintiff filed his motion to remand ("Motion to Remand"), which included an opposition to the Motion to Sever. ECF 41-1 ("Sever Opposition").

On October 16, 2024, the Warner Defendants filed motions to dismiss. ECF 48, 49, 50 ("Motions to Dismiss"). Two days later, Plaintiff filed a motion to vacate the deadline to respond to the Motions to Dismiss and to stay briefing "until Plaintiff's Motion to Remand is resolved." ECF 56. In granting that stay, the Court *sua sponte* set a 10-day deadline from the determination on the Motion to Remand stating that: "The motion to stay is granted to the extent that Plaintiff's responses to the pending motions to dismiss, if necessary, will be due 10 days after the Court rules on the motion for remand." ECF 57. The Warner Defendants filed a reply in support of the Motion to Sever on November 15, 2024. ECF 59 ("Sever Reply").

### C.    The Court Grants The Warner Defendants' Motion To Sever, In Response To Which Plaintiff Asks For More Time And, Then, Files The Motion.

On February 19, 2025, the Court granted the Warner Defendants' Motion to Sever based on fraudulent misjoinder and ordered that "Plaintiff must file his responses to the" Motions to Dismiss "within ten days of this Order." Or. at 1-3. On February 21, 2025, Plaintiff filed a motion seeking a seven-day extension based on the "voluminous and time intensive memoranda" that will be required to respond to the Motions to Dismiss. ECF 67. The Court granted Plaintiff's request, finding that "seven additional days" would "be of no great moment and Defendants would suffer no material prejudice" but stressed: "No further extensions will be provided." ECF 69. Accordingly, Plaintiff's opposition to the Motions to Dismiss are due March 10, 2025. A few hours after the Court issued that order, Plaintiff filed the Motion.

4

## LEGAL STANDARD

### A.     Motion For Reconsideration

Federal Rule 54(b) establishes that decisions "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FRCP 54(b). The discretion afforded by Federal Rule 54(b) is "not limitless" and "is subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Virginia*, *LLC*, 899 F.3d 236, 257 (4th Cir. 2018); *Koppers Performance Chems., Inc. v. Travelers Indem. Co.*, No. 2:20-CV-2017-RMG, 2022 WL 22887751, at \*1 (D.S.C. Dec. 20, 2022) (Gergel, J.) ("Courts have cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case.") (internal citations omitted). Reconsideration pursuant to Federal Rule 54 is only "appropriate on the following grounds: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice." *Tyco Fire Prods. LP v. AIU Ins. Co.*, No. CV 2:23-2384-RMG, 2023 WL 8720000, at \*1 (D.S.C. Dec. 18, 2023) (Gergel, J.); *see also In re MI Windows & Doors, Inc. Prods. Liab. Litig.*, No. 2:11-CV-00167-DCN, 2012 WL 6675053, at \*1 (D.S.C. Dec. 21, 2012) ("In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" (citation omitted)); *Quigley v. United States*, 865 F. Supp. 2d 685, 699-700 (D. Md. 2012) (courts routinely look to the standards applied under Rule 59(e) for guidance in applying Rule 54(b)).

### B.     Interlocutory Appeal

To obtain an immediate appeal pursuant to 28 U.S.C. § 1292(b), a moving party must establish that "the circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." *Wang v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 2:10-CV-3146-RMG, 2012 WL 12898404, at \*1 (D.S.C. Mar. 16, 2012) (Gergel, J.). "Federal

appellate jurisdiction generally depends on the existence of a decision by the [d]istrict [c]ourt that

'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"

*Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (citation omitted).  28 U.S.C. § 1292(b)

empowers a district court to permit an interlocutory appeal in certain, limited circumstances:

> When a district judge, in making in a civil action an order not otherwise appealable
> under this section, shall be of the opinion that such order involves a controlling
> question of law as to which there is substantial ground for difference of opinion and
> that an immediate appeal from the order may materially advance the ultimate
> termination of the litigation, he shall so state in writing in such order.  The Court
> of Appeals which would have jurisdiction of an appeal of such action may
> thereupon, in its discretion, permit an appeal to be taken from such order, if
> application is made to it within ten days after the entry of the order: Provided,
> however, that application for an appeal hereunder shall not stay proceedings in the
> district court unless the district judge or the Court of Appeals or a judge thereof
> shall so order.

28 U.S.C. § 1292(b) (emphasis added); *Van Connor v. One Life Am., Inc.*, No. 6:19-cv-03283-

DCC, 2021 WL 4272614, at *2 (D.S.C. Sept. 21, 2021).

Permitting an interlocutory appeal is an "extraordinary remedy" that is available "only in

exceptional circumstances."  *Michelin N. Am. Inc. v. Inter City Tire & Auto Ctr., Inc.*, No. 6:13-

1067-HMH, 2013 WL 5946109, at *2 (D.S.C. Nov. 16, 2013) (internal quotations omitted).

"Interlocutory appeal is disfavored because it promotes piecemeal litigation."  *Tyco*, 2023 WL

8720000, at *4 (citing *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989)).  The Fourth Circuit

requires interlocutory appeals "be used sparingly and its requirements must be strictly construed."

*ProPac, Inc. v. $5,219,224.20 U.S. Dollars Deposited to Acct. of Med. Biowaste Sols., Inc.*, No.

CV 2:20-3792-RMG, 2020 WL 9396445, at *6 (D.S.C. Nov. 16, 2020) (Gergel, J.) (quoting *Myles*,

881 F.2d at 127) (cleaned up).  Certification is "not to be granted lightly."  *Fannin v. CSX Transp.*,

Inc., No. 88–8120, 1989 WL 42583, at *2 (4th Cir. Apr. 26, 1989).

The party seeking interlocutory review pursuant to § 1292(b) must satisfy three individually dispositive requirements: (1) the order "involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) an "immediate appeal . . . may materially advance the ultimate termination of the litigation." *Wang*, 2012 WL 12898404, at *1 (quoting 28 U.S.C. § 1292(b)). Failure to meet any one of these elements is fatal. *Michelin*, 2013 WL 5946109, at *2 ("all three elements must be satisfied"). Even if all three requirements are satisfied, a district court has "unfettered discretion to decline to certify an interlocutory appeal if exceptional circumstances are absent." *Manion v. Spectrum Healthcare Res.*, 966 F. Supp. 2d 561, 567 (E.D.N.C. 2013) (internal quotations and citation omitted).

## C.    Motion For A Stay Pending Interlocutory Appeal

A party seeking a stay bears the burden of showing it is a necessity "by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Stratton v. Merck & Co., Inc.*, No. 2:21-cv-2211-RMG, 2022 WL 18584351, at *1 (D.S.C. May 25, 2022) (Gergel, J.) (internal quotations and citation omitted). When considering a stay, a court should consider: (1) potential prejudice to the non-moving party; (2) hardship and equity to the moving party if the action is not stayed; and (3) the interests of judicial economy. *Id.*

## ARGUMENT

## I.    THE COURT SHOULD DENY RECONSIDERATION BECAUSE PLAINTIFF FAILS TO DEMONSTRATE THAT THE ORDER CONTAINS CLEAR ERROR.

Plaintiff does not seek reconsideration pursuant to an intervening change in controlling law, or on account of new evidence, and therefore must demonstrate that reconsideration is necessary in order "to correct a clear error of law or prevent manifest injustice." *See* Mot. at 1; *Tyco*, 2023 WL 8720000, at *1. It is not clear which specific portions of the Order Plaintiff believes reflect "clear error," but his Motion appears to advance three primary arguments: (1) the

Court was "incorrect from a practical standpoint" to find misjoinder (*infra* § I(A)); (2) the Court committed "clear error" and misstated its "own law" by holding that "severance is appropriate where the Court determines that parties have been misjoined" (*infra* § I(B)); and (3) it is not "proper" for a "federal court to sever removed claims when there is no federal diversity jurisdiction in the first place" (*infra* § I(C)).

The Court need not reach the substance of any of those arguments to determine they lack a basis for reconsideration on their face as they reflect an improper attempt to have a second bite at the apple. As discussed in more detail below, Plaintiff's Motion reargues the same points he unsuccessfully advanced in his Sever Opposition, or attempts to expand upon the arguments in ways he could have but chose not to do the first time. A "motion for reconsideration is not an opportunity to rehash issues already ruled upon because a litigant is displeased with the result. Nor is a motion for reconsideration the appropriate medium to raise arguments which could have been raised prior to the issuance of the judgment, or to argue a case under a novel legal theory that the party had the ability to address in the first instance." *In re MI Windows & Doors*, 2012 WL 6675053, at *1 (quoting *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)) (quotations omitted) (cleaned up); *Turka v. S.C. Pub. Serv. Auth.*, No. CV 2:19-1102-RMG, 2020 WL 13871202, at *3 (D.S.C. Mar. 20, 2020) (Gergel, J.); *accord S.C. Pub. Serv. Auth. v. CBD Res., Inc.*, No. CV 2:24-2175-RMG, 2024 WL 4772426, at *1 (D.S.C. July 1, 2024) (Gergel, J.) ("Defendant merely rehashes arguments already considered and rejected by the Court"); *ContraVest Inc. v. Mt. Hawley Ins. Co.*, No. 9:15-CV-00304-DCN, 2018 WL 5793601, at *3 (D.S.C. Mar. 30, 2018) (reconsideration is not "to ask the court to rethink what the court had already thought through—rightly or wrongly" (cleaned up)). The Court should deny the Motion for Reconsideration on those grounds alone.

8

The result is the same even if the Court is inclined to consider the Motion's arguments on their merits. Plaintiff's arguments do not even come close to the high burden that the Fourth Circuit has placed on a party seeking reconsideration: "a prior decision does not qualify" as clear error "by being just maybe or probably wrong; *it must strike us as wrong with the force of a five-week-old, unrefrigerated dead fish. It must be dead wrong*." *U.S. Tobacco Coop.*, 899 F.3d at 258 (quoting *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009)) (emphasis added) (cleaned up); *see also United States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 804 F.3d 646, 657 n.6 (4th Cir. 2015). Far from wrong, much less "dead wrong," the Court was dead right in its Order, including in its rejection of the same arguments Plaintiff repeats in his Motion.

### A.    The Court Did Not Err By Finding Misjoinder Pursuant To Rule 20.

The Court was correct to have found misjoinder pursuant to Rule 20, which permits joining multiple defendants in one action only if a plaintiff has asserted against them a "right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences *and* if any question of law or fact common to all defendants will arise in the action." Or. at 11 (citing SCRCP 20) (emphasis added). Adopting the standard it first articulated in *In re Lipitor*, the Court in its Order explained that parties are fraudulently misjoined under Rule 20 when "there is *no possibility*" that a plaintiff "would be able to properly join the claims" in state court. *Id.* (emphasis in original) (internal quotations and citations omitted). Applying Rule 20 and the doctrine of fraudulent misjoinder, the Court found it would not be possible for Plaintiff to join his claims against the Warner Defendants with his claims against the Netflix Documentary Defendants (including Mr. DeWitt) just because they involve a similar subject matter:

> Under Plaintiff's interpretation, he could join a wide-ranging array of claims to one lawsuit, as long as they have something to do with the Murdaughs alleged wrongful conduct. This is not the Rule 20 standard. As the Warner Defendants aptly note, '[w]hile Plaintiff asserts defamation claims against all of the Defendants, the bases for these claims are completely distinct: the Warner Documentaries with respect to

9

the Warner Defendants, and the Netflix Documentary with respect to the Netflix Documentary Defendants.' (Dkt. No. 14 at 10). Plaintiff must prove his claims against each set of Defendants independently, relying on distinct factual proof as to the contested statements and their context within each of the three documentaries. Plaintiff himself concedes that he 'has separate claims against each Defendant for their own publications and republications.' (Dkt. No. 41-1 at 33). Resolution of Plaintiff's claims against the Warner Defendants will in no way affect the resolution of his claims against the Netflix Defendants, and vice versa.

*Id*. at 12 (citing Motion to Sever at 10).[3]

Plaintiff challenges the Court's finding of misjoinder based on essentially two arguments: that the Court was wrong to find fraudulent misjoinder because (1) there is some overlap of facts and law (Mot. at 3-10);[4] and (2) "there is simply no South Carolina precedent interpreting the 'same transaction' language of Rule 20" (Mot. at 6).[5]  Leaving aside that these arguments simply rehash what this Court already considered and rejected,[6] both arguments fail to justify reconsideration on their merits.

---

[3] The Court noted, and Plaintiff does not dispute, that Mr. DeWitt is the "only named Defendant who resides within South Carolina" and appears only in the Netflix Documentary.  *Id*. at 3. Plaintiff has admitted that he included Mr. DeWitt as a defendant solely as part of a "strategy to defeat federal jurisdiction."  Sever Opposition at 8.

[4] *See, e.g.*, Mot. at 5 (issues of fact and law "common to all the Defendants, will rely on the same factual proof, and will affect all Defendants upon resolution, and may have a preclusive effect against Plaintiff in the parallel Court proceedings"); *id*. (claims not "so factually distinct and unrelated"); *id*. at 6 ("real, logical connection" because "at their root they arise from the same series of occurrences and indisputably involve common questions of law."); *id*. at 7 ("factual overlap"); *id.* at 8 ("overlapping proof"); *id*. at 9 ("overlapping proof and duplication in testimony"); *id*. at 9 ("overlapping evidence").

[5] *See, e.g.*, Mot. at 5 ("a lack of guiding state law weighs against retained federal jurisdiction, and federal law is not to be substituted for South Carolina precedent in determining what a South Carolina court would do"); *id*. at 6 ("The Court's independent exercise of its own discretion to determine that the claims could not be joined in state court without relying on binding South Carolina authority is not in keeping with the Fourth Circuit's own guidance").

[6] *Compare supra* n. 4-5, *with* Sever Opposition at 30 ("common circumstances surrounding the controversies involving the Murdaugh family and Mr. Smith, and the sequence of events arising from Mr. Smith's death"); 31 ("*some* overlap"); 33 ("stems from the same series of events and rumors"); 33 ("right to relief common to all Defendants"); 29 ("very little South Carolina case law"); 30 ("absence of guiding South Carolina precedent"); *see also* Sever Reply at 9-12.

1.    The Court should, for the second time, reject Plaintiff's argument that joinder is
      appropriate because of overlapping facts and law.

The Court was correct in rejecting and should again reject Plaintiff's argument that Rule

20 permits joinder of his claims because they both "have something to do with the Murdaughs

alleged wrongful conduct." Or. at 12. Plaintiff's interpretation ignores the plain text of Rule 20,

and state and federal law, requiring a plaintiff meet both prongs of a "***two-part***" requirement for

joinder: (1) a right to relief against all defendants must arise "out of the same transaction,

occurrence, or series of transactions or occurrences" ***and*** (2) a "question of law or fact common to

all" plaintiffs. *See Myers v. AT&T Corp.*, No. 2:13-cv-1432-RMG, 2013 WL 4823282, at *3

(D.S.C. Sept. 9, 2013) (Gergel, J.) ("two-part requirement for effectuating the proper joinder of

parties"); *see also Farmer v. CAGC Ins. Co.*, 424 S.C. 579, 586, 819 S.E.2d 142, 146 (Ct. App.

2018) (misjoinder "occurs when there is no common question of law or fact ***or*** when . . . the events

that give rise to the plaintiff's claims against defendants do not stem from the same transaction"

(emphasis added) (ellipses in original)); *Palmetto Health All. v. S.C. Elec. & Gas Co.*, No.

2011CP404363, 2012 WL 12089247, at *2 (S.C. C.P. June 28, 2012) ("both elements" of Rule

20's two-part test "must be met"); *see Battersby v. Moorhead*, No. 2017CP0400667, 2015 WL

13808277, at *3 (S.C. C.P. June 12, 2015) ("cases make it clear that misjoinder of parties arises

when they fail to satisfy any of the conditions of permissive joinder under Rule 20(a)" (citation

omitted)).

While Plaintiff in his Motion parrots the language of the "same transaction" prong (*see

supra* n.4), his argument attempts to turn the "same transaction" prong into a nullity. Plaintiff

advances the same *indirect* theory of the "same transaction" standard that he unsuccessfully argued

before, i.e. that a common "series of transactions or occurrences" (Stephen Smith's death and the

events surrounding the Murdaugh family) led to separate transactions (the Warner Documentaries,

on the one hand, and the Netflix Documentary, on the other), which in turn gave rise to separate legal claims (alleged defamation).[7]   This Court rightly rejected that argument because the transaction inquiry of Rule 20 does not focus *only* on common legal and factual questions, but also on whether a single event (the "transaction") triggered *a legal right* to assert both sets of claims. 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure ("Wright and Miller") § 1653 (3d ed. 2001) (the same transaction standard looks at "logically related events entitling a person to institute a legal action against another" (cited at Mot. at 7, 9)). Plaintiff previously conceded that he "has separate claims against each Defendant for their own publications and republications."  Sever Opposition at 33.  The Court correctly found, including based on that fatal admission, that Plaintiff's legal claim against the Warner Defendants arose from their allegedly defamatory acts—the "publication[s] and republication[s]" of statements in the Warner Documentaries—while his claim against Mr. DeWitt arose from his allegedly defamatory acts in an entirely different documentary. Or. at 12.  The Court did not err by finding fraudulent misjoinder based on Plaintiff's own admission that his claim against the Warner Defendants is "***legally distinct***, arising from separate transactions or series of transactions" from his claims against Mr. DeWitt. *Pollock v. Goodwin*, No. 3:07-3983-CMC, 2008 WL 216381, at *2 (D.S.C. Jan. 23, 2008) (emphasis added); *see Jackson v. Doe*, No. 2012-CP-46-3907, 2013 WL 10257157, at *1 (S.C. C.P. Nov. 01, 2013) ("cause of action against Defendant John Doe is wholly independent from the causes of action asserted against" another defendant); *Battersby*, 2015 WL 13808277, at *3 (misjoinder admission "that the causes of action against the defendants were

---

[7] *Compare* Mot. at 8 ("precipitating series of occurrences leading to the rumors of Plaintiffs involvement in the murder of Mr. Smith"), *and id.* at 6 ("arise from the same series of occurrences"); *id*. at 9 ("common series of occurrences"), *with* Sever Motion at 32-33 ("arise out of the same series of transactions or occurrences leading to the defamatory acts" including "rumors that arose in Hampton County shortly after Mr. Smith's death").

separate"); *McCoy v. Bazzle*, No. 4:07-cv-3562-PMD-TER, 2008 WL 4280386, at *5 (D.S.C. Sept. 15, 2008) ("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2" (citation omitted) (brackets in original)); *Roberson v. Padula*, 2007 WL 4351423, at *7 (D.S.C. Dec. 12, 2007) ("Here, the movant's claims, although factually related, are substantially different from the plaintiff's claims."); *Gregory v. FedEx Ground Package Sys., Inc.*, No. 2:10cv630, 2012 WL 2396873, at *11 (E.D. Va. May 9, 2012) ("courts are reluctant to find reasonable relatedness where plaintiffs allege similar harms committed by different actors, at different times, and in different places"); *Saval v. BL Ltd.*, 710 F.2d 1027, 1032 (4th Cir. 1983) (judicial economy not served, and thus joinder improper where "it is apparent that each appellant's claim stands on its own").[8]

Plaintiff cannot manufacture a shared transaction by claiming all of the defendants "in substance made statements with the same defamatory innuendo: that Plaintiff murdered Stephen Smith." Mot. at 5, 8. Each "act of defamation is a separate tort" as a matter of law that requires individualized, statement-by-statement and contextual analysis, including to determine whether a reasonable person would find the specific statements to be defamatory, false, or privileged as a matter of law. *Hughs v. Royal Energy Res., Inc.*, No. 2:20-cv-01566-DCN, 2020 WL 6689132, at *3 (D.S.C. Nov. 12, 2020); *Wise v. INVISTA S.Á.R.L.*, No. 3:17-cv-1354-MBS-TER, 2017 WL

---

[8] *Brown v. Solis*, No. 2016CP4002806, 2017 WL 11139790, at *1 (S.C. C.P. Mar. 24, 2017) (SCRCP 20 "allows permissive joinder of ***claims*** which arise out of the same transaction or occurrence") (emphasis added); *Ellis by Ellis v. Oliver*, 307 S.C. 365, 367, 415 S.E.2d 400, 401 (1992); ("***claims*** must arise out of the same transaction or occurrence") (emphasis added); *accord Valentine v. Davis*, 319 S.C. 169, 172, 460 S.E.2d 218, 220 (Ct. App. 1995) (procedural misjoinder under SCRCP 20(a) when various plaintiffs attempted to allege "different personal claims" against a single defendant); *Thomas v. Tramaine-Frost*, No. 4:16-cv-1266-TLW-TER, 2017 WL 9287004, at *2 (D.S.C. Jan. 12, 2017) ("this court, applying South Carolina law, has held that claims against an insurer are 'wholly distinct in character from' negligence claims against an alleged tortfeasor" (quoting *Pollock*, 2008 WL 216381, at *3)).

9275298, at *3 (D.S.C. Aug. 31, 2017), *report and recommendation adopted*, No. 3:17-cv-01354-MBS, 2018 WL 525475 (D.S.C. Jan. 23, 2018). The answer to those questions will not depend on Plaintiff's own characterization of the alleged defamation, but rather on an individual analysis of *specific statements in each of the separate documentaries* and in the context of each of the separate documentaries, including with respect to the state of mind of each of the defendants. *Clements v. Austin*, 617 F. Supp. 3d 373, 376 (D.S.C. 2022) (no joinder of claims regarding the same mandatory vaccination policy because it "would, by necessity, require separate mini-trials, each addressing in detail the highly individualized nature of the decision making"). And even if there were some overlap in the facts or law (or even the potential for estoppel, which the Warner Defendants do not concede), that would relate only to the "common" law or fact prong, not the "same transaction" one.[9]

The Court also should reject Plaintiff's argument that neither the Court nor the Warner Defendants cited any support for the proposition that Rule 20 requires "the right to relief must arise from an ***identical*** series of transactions or occurrence for each defendant, or the ***same*** wrongful conduct" and that such a principle is contrary to *Courthouse News Serv. v. Schaefer*, 2 F.4th 318, 325 (4th Cir. 2021). Mot. at 6-7 (emphasis added).[10] Leaving aside that both the Warner Defendants and the Court cite Rule 20—which states on its face that a right to relief must arise

---

[9] Even if the argument about preclusion were relevant, the Court need not consider it because Plaintiff raised that argument for the first time in moving for reconsideration, which "may not be used to raise arguments which could have been raised prior to the issuance of the judgment." *Turka*, 2020 WL 13871202, at *3; *see In re MI Windows & Doors, Inc.*, 2012 WL 6675053, at *1 (same); *compare* Mot. at 9-10, *with* Sever Opposition.

[10] Plaintiff quotes the exact same passage from *Schaefer* in the Motion and the Sever Opposition, this time adding italics to drive his point home, but still arguing (wrongly) that the *Schaefer* holding calls for a ruling in his favor here. *Compare* Mot. at 7, *with* Sever Opposition at 32.

"out of the ***same*** transaction, occurrence, or series of transactions or occurrences" (FRCP 20)[11]—
*Schaefer* does not help Plaintiff. As the Court stated in its Opinion, the Fourth Circuit in *Schaefer*
"affirmed the district court's denial of the defendant's motion to dismiss for misjoinder where the
plaintiff news service named two defendant courthouses for related activity—their failure to timely
provide the public timely access to recent filings." Or. at 11 (*citing Schaefer*, 2 F.4th at 325). That
decision focused on the fact that the plaintiff's *legal claims* arose out of "nearly identical
processes" for the "accepting, docketing, and filing of newly-filed civil complaints" that
constituted the series of transactions or occurrences from which the suit arose notwithstanding the
processes occurred in different offices by different defendants. *Schaefer*, 2 F.4th at 325;
*Courthouse News Serv. v. Schaeffer*, 429 F. Supp. 3d 196, 202 (E.D. Va. 2019) (cited at Mot. at 7)
("While the alleged constitutional deprivations did not take place in the same courthouse, they are
nearly – if not completely – identical."). The Wright and Miller treatise that Plaintiff cites rebuts
Plaintiff's interpretation of *Schaeffer* and the legal point he uses it to support by explaining that
courts deny joinder "when there were no allegations that the defendants acted in concert and the
claims of the multiple plaintiffs arose at different times and places" or if "based solely on the
assertion that the defendants committed the same type of violations in the same way." *See* Wright
and Miller § 1653 (cited at Mot. at 7, 9).[12] Unlike in *Schaefer*, the Warner Defendants and Mr.

---

[11] *See Identical*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/identical
(last visited Mar. 3, 2025) (defining "identical" to mean "being the same").

[12] The out-of-circuit cases Plaintiff cites to support his "*any* overlapping proof" argument (Mot. at
7-8) also do not help him because the alleged transactions in each bore an interrelatedness that is
absent here. *See Little v. Bellsouth Telecomms. Inc.*, No. CIV. A. 95-1646, 1995 WL 468256, at
*1 (E.D. La. Aug. 7, 1995) ("allegedly unlawful termination of his employment"); *Desert Empire
Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1377 (9th Cir. 1980) ("single wrong that arose from an
interlocked series of transactions"); *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir.
1974) ("the complaint charged that the registrars had acted and were continuing to act as part of a
state-wide system designed to enforce the registration laws in a way that would inevitably deprive
colored people of the right to vote solely because of their color.").

DeWitt did not engage in the same, interconnected activity that led to the same alleged harm. As discussed above and consistent with the Court's opinion, Plaintiff's claims against each of them arose from the publication of different statements, in different publications, based on different states of mind. Plaintiff provides no reason why the Court should reconsider its sound decision finding fraudulent misjoinder in such circumstances.

2. The Court should, for the second time, reject Plaintiff's argument that it cannot rule on misjoinder because there is a purported absence of state law on Rule 20.

Just as Plaintiff previously argued (Sever Opposition at 29-30), he claims that "a lack of guiding state law weighs against retained federal jurisdiction, and federal law is not to be substituted for South Carolina precedent in determining what a South Carolina court would do[.]" Mot. at 5. Plaintiff is demonstrably wrong that there is a "lack of guiding state law" relating to SCRCP 20(a).[13] As discussed above, *state* courts have explained misjoinder occurs when "there is no common question of law or fact *or* when . . . the events that give rise to the plaintiff's claims against defendants do not stem from the same transaction." *Farmer*, 424 S.C at 586 (emphasis added) (ellipses in original); *Palmetto Health All.*, 2012 WL 12089247, at *2 (denying joinder where the claims will "require a wholly separate analysis, yet provide fertile ground for potential jury confusion should these claims arising fro[m] disparate transactions be allowed to proceed in the same case"). Plaintiff does not offer any reason, besides his own say so, for why this Court cannot apply the precise SCRCP 20 test that the South Carolina Court of Appeals has articulated and which is identical to its federal counterpart.

---

[13] *See, e.g.*, *Ellis*, 307 S.C. 365, 367; *Jones v. Rogers Townsend & Thomas, P.C.*, No. 2019-001140, 2022 WL 2966387, at *3 (Ct. App. July 27, 2022); *Farmer.*, 424 S.C. 579, 586; *Valentine*, 319 S.C. 169, 172; *Solis*, 2017 WL 11139790, at *1; *Battersby*, 2015 WL 13808277, at *3; *Jackson*, 2013 WL 10257157, at *1; *Palmetto Health*, 2012 WL 12089247, at *2-3; *see also Tramaine-Frost*, 2017 WL 9287004, at *2-3; *Pollock v. Goodwin*, 2008 WL 216381, at *2-3.

Even if there were a "lack of guiding state law" on South Carolina Rule 20, that would not require this Court to abstain from applying it or its federal counterpart. As the South Carolina Court of Appeals instructed in *Farmer*—a case that Plaintiff cites while ignoring that it directly contradicts his argument (Mot. at 7)—when "few South Carolina decisions have interpreted our [state procedural rules], and none to any degree pertinent here, ***we look to federal cases construing their almost identical*** [federal procedural rule]." *Farmer*, 424 S.C. at 585 (emphasis added); *accord McGann v. Mungo*, 287 S.C. 561, 569, 340 S.E.2d 154, 158 (Ct. App. 1986) (relying on Wright & Miller in interpreting South Carolina's Rule 20(a)). Plaintiff does not dispute that South Carolina Rule 20(a) is substantively identical to Federal Rule 20(a), and that there are federal cases construing the latter. Mot. at 2-12; Or. at 11.[14] Accordingly, *Farmer* instructs that a state court would do precisely what this one did: "look to federal cases construing" Federal Rule 20(a) to determine if its counterpart, South Carolina Rule 20(a), would permit Plaintiff to join his claims against the Warner Defendants with his claims against the non-diverse defendant, Mr. DeWitt. Plaintiff does not attempt to explain how this Court erred by engaging in the precise analysis that the state appellate court directs state courts to do when evaluating procedural rules.

The one case Plaintiff cites to defend his argument against the application of analogous federal procedural law does not address that question. Mot. at 5-6 (citing *Covington v. Hancock*, No. 2:23-CV-05266-BHH, 2024 WL 2126863, at *3 (D.S.C. May 13, 2024)). In *Covington*, another court in this District analyzed the first prong of fraudulent *joinder*, i.e. whether there was "no possibility that the plaintiff would be able to establish" claims for negligence and wrongful death claims against an "independently contracted licensed *practical nurse*" under state

---

[14] *See, e.g.*, *Cramer v. Walley*, No. 5:14-cv-03857-JMC, 2015 WL 3968155, at *4 (D.S.C. June 30, 2015) (finding misjoinder under Federal Rule 20); *see also Hughes v. Sears, Roebuck and Co.*, No. 2:09-CV-93, 2009 WL 2877424, at *4-7 (N.D. W. Va. Sept. 3, 2009).

substantive law or whether there would be "no independent duty of care to Plaintiff when conducting an assessment to be used by an insurance company for purposes of evaluating an insurance claim." *Covington*, 2024 WL 2126863, at \*2-3. The court remanded the case based on uncertainty about whether a state court would permit liability on that specific question of *substantive* state law. *See Covington*, 2024 WL 2126863, at \*3. Unlike in *Covington*, the issue before this Court does not require analyzing how a state court would interpret a novel question of substantive law.[15] Rather, this case focuses on interpreting a state *procedural* rule that is substantively *identical* to the federal counterpart, and this Court need not guess how a state court would approach the rule because the appellate court in *Farmer* already provides such guidance, which the Order followed. The Court acted well within its authority to find that Plaintiff's claims as to the Warner Defendants and as to Mr. DeWitt do not arise from "the same transaction, occurrence, or series of transactions or occurrences" as both SCRCP 20(a) and FRCP 20(a) require. *See Roberson*, No. 8:06-1519-CMC, 2007 WL 4351423, at \*7 ("The court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense, or delay." (citation omitted)).

**B.    The Court Did Not Err By Granting Severance Pursuant To Rule 21.**

The Court in its Order accurately explained that Rule 21 provides "virtually unfettered discretion in determining whether or not severance is appropriate" and that severance "is appropriate where the Court determines that parties have been misjoined" based on a variety of relevant factors. Or. at 4-5, 11 (citing Rule 21 and *Grayson Consulting, Inc. v. Cathcart*, No. 2:07-

---

[15] If how a federal court would interpret state substantive law in the absence of guidance from state courts is relevant to the same question with respect to procedural law, the argument supports the Court doing precisely what it did here. *See Twin City Fire Ins. Co. v. Ben Arnold-Sunbelt Beverage Co. of S.C.*, 433 F.3d 365, 369 (4th Cir. 2005) ("If the Supreme Court of South Carolina 'has spoken neither directly nor indirectly on the particular issue before us, we are called upon to predict how that court would rule if presented with the issue.'").

CV-02992-DCN, 2014 WL 1512029, at *2 (D.S.C. Apr. 8, 2014) (providing four factors for determining if severance is proper, which are described hereafter as the "*Grayson* Factors")). Accordingly, after finding fraudulent misjoinder, the Court held:

> As a result, the Court finds that Plaintiff's claims against the Warner Defendants are misjoined and severs them from Plaintiff's remanded claims against the Netflix and Gannett Defendants pursuant to S.C. R. Civ. P. 21.

Or. at 12.

Notwithstanding including *Grayson*'s quotation about "unfettered discretion" in his Motion, Plaintiff states a few lines later and without citation that the "Court does not have unfettered discretion to determine whether severance is appropriate." *Compare* Mot. at 4, *with Mot*. at 4-5 (quoting *Grayson*). Plaintiff claims that the Court committed "clear error" when it held that "severance is appropriate where the Court determines that parties have been misjoined." Mot. at 3. Plaintiff's argument is inconsistent with the face of the Rules and binding state precedent. Both South Carolina and Federal Rule 21 bear the title "Misjoinder and Nonjoinder of Parties" and establish the following identical rule: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." FRCP 21; SCRCP 21. The Court of Appeals of South Carolina has explained that even though "Rule 21 does not define misjoinder, '[t]he cases make it clear that parties are misjoined when they fail to satisfy either of the preconditions for permissive joinder of parties set forth in Rule 20(a).'" *Farmer*, 424 S.C. at 586 (citing Wright & Miller, § 1683 (brackets in original)). The first line of the Wright & Miller treatise that the *Farmer* Court cites states: "As its caption indicates, ***Federal Rule of Civil Procedure 21 is a mechanism for remedying either the misjoinder or nonjoinder of parties***." Wright & Miller, § 1683 (emphasis added). Accordingly, both the plain text of Rule 21 and South Carolina precedent analyzing it indicate that once a Court has found misjoinder—including, as

19

here, for failing to meet the conditions of Rule 20—a court has "'virtually unfettered discretion in determining whether or not severance is appropriate.'" Or. at 4-5 (citing *Grayson*, 2014 WL 1512029, at \*2).

Plaintiff's Rule 21 arguments seem to rest on the idea that the Court erred by applying Rule 21 and the *Grayson* Factors *in lieu* of Rule 20 and by applying them at all to this case when it did not apply them so in *In re Lipitor*.[16]  That argument is a rehashing of a footnote in the Sever Opposition (Sever Opposition at 28 n.7) and, despite its new veneer, is based on the same fundamental misunderstanding of fact and law.  There is no Rule 21 analysis in *In re Lipitor* because there was no misjoinder to remedy.  In that case, unlike here, this Court found there *was* a possibility that multiple plaintiffs could file a single suit against the same pharmaceutical company under the Illinois procedural joinder rule.  *In re Lipitor*, 2016 WL 7339811, at \*7.  Since this Court did not find misjoinder in *In re Lipitor*, it did not need to engage in a Rule 21 analysis. Moreover, the parties in *In re Lipitor* do not appear to have made a Rule 21 argument, and, generally, "a federal court has no duty to consider arguments or issues that the parties did not address."  *See Adams v. U.S. Dep't of Lab.*, 360 F. Supp. 3d 320, 341 (D.S.C. Dec. 18, 2018); Mot.

---

[16] *See* Mot. at 3 ("a misstatement of the Court's own law within the removal context"); *id*. ("Under the Court's own previous decision, *In re Lipitor,* the Warner Defendants' Motion to Sever did not require the Court to exercise its own discretion to determine whether the Defendants should be severed.  Instead, the Court was required to determine *whether it would have been impossible* for Plaintiff to join the Defendants with the Netflix Defendants in a single action in state court under South Carolina's Rules of Civil Procedure regarding permissive joinder and misjoinder."); *id*. at 4 ("The Order's language articulates a standard for severance in the context of fraudulent misjoinder that is vastly less onerous than that which has previously been articulated by this Court in *In re Lipitor*"); *Id*. at 4 ("applies the wrong analysis by answering whether the *Grayson* factors for misjoinder under Rule 21 . . . are met").

for Summ. J., *In re Lipitor*, ECF 1564; Resp. Mot. for Summ. J., *In re Lipitor*, ECF 1670; Tr. of
Mot. Hr'g, *In re Lipitor*, ECF 1727.[17]

Unlike in *In re Lipitor*, the Court in this case found fraudulent misjoinder and, therefore,
properly considered whether severance was the appropriate mechanism to remedy the violation.
Contrary to Plaintiff's claim that the Opinion "applies the wrong analysis by answering whether
the *Grayson* factors ***for misjoinder*** under Rule 21" were met (Mot. at 4 (emphasis added)), the
Court determined there was fraudulent misjoinder by applying *Rule 20* in the precise manner
articulated in *In re Lipitor* and, after that finding, applied the *Grayson* Factors.  Or. at 10-13.  That
process is precisely the same process followed by courts in this District, including this one, in
cases implicating severance.  *See Buffalo Seafood House LLC v. Republic Servs., Inc.*, No. 7:22-
cv-1242-RMG, 2024 WL 4608308, at *7-8 (D.S.C. Oct. 28, 2024) (severance based on the four
Rule 21 factors); *Cody v. State Farm Fire & Cas. Co.*, No. 2:24-cv-04217-RMG, 2024 WL
4403862, at *3 (D.S.C. Oct. 4, 2024) (Gergel, J.) (severance would "serve judicial economy and
the interests of justice" since each claim would "require different documentary proof," despite
"some overlap regarding the factual and legal issues in each case"); *accord Clements*, 617 F. Supp.
3d at 375; *Myers*, 2013 WL 4823282, at *6.

**C.     It Is Appropriate For The Court To Maintain Jurisdiction Over This Case Pursuant
To The Doctrine Of Fraudulent Misjoinder.**

In its Order, the Court described why the fraudulent misjoinder doctrine permits courts to
assert subject matter jurisdiction even in the absence of complete diversity on the face of a
complaint:

> Fraudulent joinder and fraudulent misjoinder are two distinct legal doctrines that
> provide exceptions to the well-pled complaint rule as it applies to removal based
> on diversity jurisdiction by allowing courts to disregard the citizenship of certain

---

[17] Even if the Court deviated from its approach in *In re Lipitor*, Plaintiff has articulated no reason
as to why doing so was improper, much less why such a deviation constitutes a clear error of law.

> parties. Fraudulent joinder is applicable where a defendant seeking removal argues that other defendants were joined when there is no possible cause of action against those defendants or where the complaint pled fraudulent facts. Fraudulent misjoinder, on the other hand, is an assertion that claims against certain defendants, while provable, have no real connection to the claims against other defendants in the same action and were only included in order to defeat diversity jurisdiction and removal.

Or. at 10-11 (quoting *Wyatt v. Charleston Area Med. Ctr.*, 651 F. Supp. 2d 492, 496 (S.D.W. Va. 2009)). The concept of fraudulent misjoinder is rooted in United States Supreme Court jurisprudence that the "'right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy'" and, as this Court has noted, stands for the proposition that "the district court's jurisdiction and the right of removal cannot be toppled by such shams and artifices." *In re Lipitor*, 2016 WL 7339811, at *3 (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). Accordingly, the *entire purpose* of the fraudulent misjoinder doctrine is to prevent a plaintiff from intentionally destroying federal diversity by allowing a district court, like this one, to consider whether fraudulent misjoinder exists pursuant to Rule 20 and, if so, to employ the remedies provided in Rule 21, including severance.

Despite that the doctrine itself is rooted in the notion that a district court can, consistent with the principles of subject matter jurisdictions, exercise its discretion under Rules 20 and 21 in the case of fraudulent misjoinder, Plaintiff asks this Court to reach the opposite conclusion and overturn its own holding in *In re Lipitor*. Plaintiff asserts, without citation, that instead of this Court exercising the discretion that the Federal Rules bestow, the "better course of action is for a South Carolina state court to rule on the propriety of joinder under South Carolina's Rule 20, and if that court severs the case and diversity then exists, the Warner Defendants could seek removal of the action to this Court." Mot. at 12. This Court already considered, and rejected, that reasoning in *In re Lipitor*, explaining that despite its surface appeal, "this proposed procedure is problematic for several reasons" including because "in some cases the state court may not sever the misjoin[ed]

claims until more than one year after the case was filed, and the defendant will be barred from removing the case under 18 U.S.C. § 1446(c)."  *In re Lipitor*, 2016 WL 7339811, at *3 n.4. Plaintiff does not acknowledge or address the Court's rationale or provide any answer to how its proposed process would permit Plaintiff to seek removal of the action to this Court within the strict confines of 18 U.S.C. § 1446(c).[18]

Separate from opining on the "better course of action," Plaintiff accuses the Court of having "entirely forgotten" about federal jurisdiction, criticizes it for not addressing "Plaintiff's contention that the Court does not have jurisdiction to make a determination regarding misjoinder," and demands that the Court "clarify its Order and include a specific finding as to whether fraudulent misjoinder is permissible or whether it expands federal removal jurisdiction without statutory authority."  Mot at 10-11.  No clarification is necessary because the Court already has offered such a finding in *In re Lipitor* and implicitly rejected Plaintiff's argument when it decided to grant severance and retain jurisdiction. *Koppers*, 2022 WL 22887751, at *1 (rejecting request to "directly address" an argument because "the Court implicitly rejected this argument because it was unsupported by the record evidence or South Carolina law"); *In re MI Windows & Doors, Inc.*, 2012 WL 6675053, at *2 (the statement that there was no "substantial likelihood" that a party would "be subject to 'inconsistent obligations'" was "meant to implicitly include a finding that at this time, there is not a substantial likelihood" of double obligations).[19]

---

[18] It is not clear whether, when opposing the Motion to Sever, Plaintiff asked the Court to find that it lacked subject matter jurisdiction or otherwise preserved the argument.  He only raised it in the middle of a footnote, and then appeared to accept that the jurisdictional analysis of *In re Lipitor* applied.  *See* Sever Opposition at 28 n.6.

[19] Plaintiff cites no Federal Rule to support his request for clarification and, to the extent there is any legal basis for it, it is unnecessary since this Court addressed the same point in *In re Lipitor*, 2016 WL 7339811, at *3 & n.4, *12, which the Order expressly incorporates as a basis for its reasoning and holding.  Mot. at 11.

It is beyond dispute that Plaintiff named Mr. DeWitt as a defendant to forum shop his claims into state court and out of this one. *See* Sever Opposition at 8. For the reasons articulated in the Court's Order and here, Plaintiff's claims as to Mr. DeWitt are fraudulently misjoined with his claims as to the Warner Defendants. The Court should not condone Plaintiff's admitted attempt to use "shams and artifices" to deprive the Warner Defendants of their right to removal.

## II.     PLAINTIFF FAILS TO SATISFY THE STRICT STATUTORY REQUIREMENTS FOR CERTIFYING AN INTERLOCUTORY APPEAL.

In the alternative to reconsideration, Plaintiff asks the Court to certify the Order for immediate appeal under 28 U.S.C. § 1292(b). The Court can defer ruling on this issue until after it rules on the Warner Defendants' Motions to Dismiss. If the Court subsequently grants dismissal (which it should), Plaintiff will have the opportunity to file a single appeal addressing that dismissal and the Court's finding of fraudulent misjoinder. If the Court does not dismiss some or all of the claims, the Court, at that time, could consider whether interlocutory appeal is appropriate.

Regardless of timing, Plaintiff's argument fails on the merits. He fails to meet his heavy burden to justify such an "'extraordinary remedy'" because he must but cannot demonstrate (1) that the order "involves a controlling question of law" (2) "as to which there is substantial ground for difference of opinion" and (3) that an immediate appeal "'may materially advance the ultimate termination of the litigation.'" *Wang*, 2012 WL 12898404, at *1 (quoting 28 U.S.C. § 1292(b)); *see Michelin*, 2013 WL 5946109, at *2 ("all three elements must be satisfied").

### A.     The Order Does Not Involve A Controlling Question Of Law.

Plaintiff fails to satisfy the "controlling question of law" prong because an immediate appeal would not completely dispose of the litigation, and discretionary decisions, such as the Court's Order, are inappropriate for interlocutory review.

*First*, the Order does not present a controlling issue of law because an interlocutory appeal would not entirely dispose of this litigation no matter the result. *Weichert Real Est. Affiliates, Inc. v. Dean Kelby Realty, LLC*, CV-2652-RMG, 2010 WL 11530906, at *2 (D.S.C. Dec. 10, 2010) (Gergel, J.) (the "Fourth Circuit defined a controlling question of law to be one that presents a 'narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes'" (quoting *Fannin*, 1989 WL 42583, at *5)); *see also Michelin*, 2013 WL 5946109, at *3 (same). If the Fourth Circuit affirms the Order (which it should), the case would continue in federal court. If the Fourth Circuit reverses the Order (which it should not), the case would continue, albeit in state court. Because litigation will continue—in one forum or another—regardless of the decision on appeal, certification would be improper. *See Green v. City of Columbia*, No. 3:21-CV-4085-JFA-PJG, 2022 WL 1617446, at *7 (D.S.C. May 23, 2022) (declining to certify for interlocutory appeal the Court's order granting remand because the "result of the remand is neither outcome determinative of the case, nor would an immediate appeal" from the order "materially advance the ultimate termination of this litigation"); *Graves v. C & S Nat'l Bank of Georgia*, 491 F. Supp. 282 (D.S.C. 1980) (holding the question of venue was not "controlling" because it "does set venue in Georgia but, a decision for or against transfer does not end the litigation or otherwise determine the rights of the parties as a trial would still be required at some later date.").

*Second*, the Order is a discretionary decision involving the application of law to the factual allegations in the Complaint rather than one of "pure law." *Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 341 (4th Cir. 2017) ("there is a distinction between a question of law, which will satisfy § 1292(b), and a question of fact or matter for the discretion of the trial court" (internal quotations omitted)). District courts have broad discretion to sever claims and parties. *Cramer*,

2015 WL 3968155, at *5 (a "virtually unfettered discretion" (internal quotations and citation omitted)).  Decisions within a district court's discretion, such as whether to sever claims, are inappropriate for immediate review under Section 1292(b).  *In re Yasmin and Yaz (Drospirenone) Mktg., Sales Pracs. and Prods. Liabi. Litig.*, No. 3:09-md-02100-DRH-PMF, 2012 WL 662334 (S.D. Ill. Feb. 29, 2012) (denying motion for interlocutory appeal because "the decision to sever a party is a fact-specific inquiry left to the discretion of the court and does not involve a 'pure' legal question.  Consequently, this Court does not find a question of law at issue"); *Nelson v. Whirlpool Corp.*, C.A. No. 09-0520-WS-M, 2010 WL 147917 (S.D. Ala. Jan. 11, 2010) (denying motion for interlocutory review because decision on fraudulent joinder did not involve a question of pure law but rather the discretionary application law to the factual allegations in the complaint); *Griego v. Ford Motor Co.*, 19 F. Supp. 2d 531, 533 (D.S.C. 1998) (holding that discretionary orders "will involve a controlling question of law only in the rarest of cases").

Plaintiff's failure to satisfy the first prong of the analysis under § 1292(b) is fatal, and the Court should deny his request for certification on this basis alone.

**B.  There Are No Substantial Grounds For A Difference Of Opinion Regarding Application Of The Procedural Misjoinder Doctrine.**

Plaintiff also fails to satisfy the second statutory requirement because there is no substantial disagreement in this Circuit about the doctrine of fraudulent misjoinder.[20]  As stated in the Order

---

[20] Plaintiff faces an especially high burden to demonstrate substantial grounds for disagreement because a "Rule 21 ruling is within the district judge's discretion that can be reversed on appeal only when there has been a clear abuse of discretion" *Chambers v. Warden of Alexander Corr.*, No. 5:23-CV-00159-MR, 2024 WL 1184732, at *3 (W.D.N.C. Mar. 18, 2024) (summarizing *Weaver v. Marcus*, 165 F.2d 862, 864 (4th Cir. 1948)); *Moore U.S.A., Inc. v. Standard Register Co.*, 180 F. Supp. 2d 411, 412 (W.D.N.Y. 2001) ("There are no substantial grounds for a difference of opinion to the extent that the court's ultimate decision was discretionary."); *Alexander v. Golden Margarita, LLC*, No. CV-22-00781-PHX-DWL, 2023 WL 2891360, *3 (a discretionary decision "does not create substantial grounds for disagreement as to whether a different court's discretionary decision to exercise jurisdiction, under dissimilar facts, was erroneous.").

26

and described above, this Court adopted the doctrine in *In re Lipitor* based on a careful review of the federal case law, including from the United States Supreme Court, before concluding that the weight of authority supported adopting of the doctrine. *In re Lipitor*, 2016 WL 7339811, at *2-3 (citations omitted). Wright and Miller agree, noting that while "*some* courts have rejected the fraudulent misjoinder doctrine, *many* courts have adopted it." 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3723.1 (West Group Rev. 4th ed. 2009, June 2024 Update) (emphasis added). Although the Fourth Circuit has not addressed the issue, a majority of district courts within the Fourth Circuit have adopted or applied the doctrine of fraudulent misjoinder. *See, e.g.*, *In re Lipitor*, 2016 WL 7339811, at *3; *Tramaine-Frost*, 2017 WL 9287004, at *2-3; *Cnty. Comm'n of McDowell Cnty. v. McKesson Corp.*, 263 F. Supp. 3d 639, 643–44 (S.D.W. Va. 2017); *Cramer*, 2015 WL 3968155, at *4; *Hughes*, 2009 WL 2877424, *5-6; *Burns v. W.S. Life Ins. Co.*, 298 F. Supp. 2d 401, 402-03 (S.D. W. Va. 2004). The clear weight of authority in this Circuit supports this Court's decision to adopt and apply fraudulent misjoinder, which defeats Plaintiff's attempt to suggest substantial grounds of disagreement exist to warrant immediate appeal.

Another district court in this Circuit has already reached the conclusion that the Warner Defendants respectfully suggest this Court should reach: that an order severing a party under Rule 21 to achieve complete diversity did not present a "substantial ground for difference of opinion" as required by § 1292(b). *See Cooke-Bates v. Bayer Corp.*, No. 3:10BCVB261, 2010 WL 4789838 (E.D. Va. Nov. 16, 2010). In that case, the district court severed the plaintiff's claims against the non-diverse defendant after removal, remanded those claims to state court, and denied remand as to the remaining defendants. *Id*. at *2. Like the Plaintiff here, the plaintiff in *Cooke-Bates* sought to certify for immediate appeal the issue of whether the Court "lacked subject matter jurisdiction

over the case, prohibiting the Court from severing [plaintiff's] claim against [the non-diverse defendant] and remanding it to state court." *Id*. at *3. After surveying the applicable federal case law, the Court concluded that the plaintiff failed to satisfy § 1292(b) requirement of a substantial disagreement in the courts:

> Courts do indeed differ on whether it is proper to sever a non-diverse defendant in a diversity case removed from federal court absent a finding of fraudulent joinder or fraudulent misjoinder. But the disagreement can hardly be characterized as 'significant.' The decision to sever a party under Rule 21 is largely within the Court's discretion. Cooke–Bates provides no authority suggesting an intense dispute among the circuits about the propriety of severing a non-diverse after removal, or an overwhelming consensus among non-controlling circuits that doing so is improper. Nor does she convincingly demonstrate that this issue is so "pivotal and debatable" to merit halting this litigation to petition the Fourth Circuit to settle it. So while Cooke–Bates identifies a source of disagreement among federal courts, she falls short of meeting the exacting standard required in order to earn certification.

*Id.* at *3 (citations omitted). Plaintiff similarly fails to satisfy the requirement of "substantial" disagreement here, and has therefore failed to meet his burden to justify an immediate appeal.

A lack of unanimous opinion on an issue is an insufficient basis to find substantial ground for disagreement. *Howes v. W.R. Peele, Sr. Tr.*, 889 F. Supp. 849, 852 (E.D.N.C. 1995) ("A court is not bound to find reasonable cause for disagreement whenever authorities lack unanimity.") (quoting *Allied Princess Bay Co. # 2 v. Atochem N. Am., Inc.*, No. CV–91–4146, 1992 WL 135235, *3 (E.D.N.Y. May 29, 1992)); *Integra Rec, LLC v. Countrywide Sec. Corp.*, Civ. No. 3:14cv706, 2015 WL 3540473, at *5 (E.D. Va. June 3, 2015) ("Mere lack of unanimity, or opposing decisions outside of the governing circuit, need not persuade a court that a substantial ground for disagreement exists."); *Michelin*, 2013 WL 5946109, at *5 ("mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion"). As this Court recognized in *In re Lipitor*, not every court faced with an opportunity to adopt fraudulent misjoinder had done so at the time the Court entered its

opinion.  *In re Lipitor*, \*2-3.  Since this Court's decision in *In re Lipitor*, only *one* court of appeals has rejected the doctrine of fraudulent misjoinder, and it did so in a divided opinion.  *Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806 (5th Cir. 2021).  That one circuit reached a conclusion different from the Eleventh Circuit, or from this one or the numerous other courts in this District, does not warrant the "extraordinary relief" of certification.[21]  Indeed, district courts have found a lack of substantial ground for difference of opinion even where, unlike here, "the only other reported decision on the issue at hand disagrees with the conclusions of the court."  *Howes*, 889 F. Supp. at 852 (citing *Singh v. Daimler–Benz, AG*, 800 F. Supp. 260 (E.D. Pa. 1992), *aff'd*, 9 F.3d 303 (3d Cir. 1993)) (existence of some contrary opinions regarding fraudulent misjoinder likewise does not warrant certification).   Plaintiff's failure to identify "substantial grounds" for disagreement is fatal to his attempt to seek immediate appeal of the issues.

### C.    Immediate Appeal From The Order Will Not Materially Advance The Ultimate Termination Of The Litigation.

Judicial efficiency is an animating principle of Section 1292(b).  Such an "extraordinary remedy" is not appropriate if it will not "materially advance the ultimate termination of the litigation" and avoid a "protracted and expensive litigation process."  28 U.S.C. § 1292(b); *Michelin*, 2013 WL 5946109, at \*2 (quotations omitted); *see also Palmetto Health All. v. S.C. Elec. & Gas Co*., No. 3:11-CV-2060-JFA, 2011 WL 5027162 (D.S.C. Oct. 21, 2011) (declining to certify for interlocutory appeal the question of fraudulent misjoinder because it would "protract the case without providing a resolution on the merits"); *Nesbit v. S.C. Elec. & Gas Co.*, No. 3:15-CV-04893-JMC, 2016 WL 3085802 (D.S.C. June 2, 2016) (declining to certify for interlocutory

---

[21] Plaintiff notes that fraudulent joinder reached the Eleventh Circuit in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, (11th Cir. 1996) via an interlocutory appeal under 28 § 1292(b).  This fact provides no support for certification here, including because the opinion mentioned certification in a footnote and did not address any of the factors that district courts must consider in deciding whether to certify an order for immediate appeal.  *Id*. at 1356 n.4.

appeal the court's order finding subject matter jurisdiction because "an interlocutory appeal would only further delay the ultimate termination of this case"). Far from advancing the termination of this litigation, allowing an interlocutory appeal of the Order would unnecessarily prolong this dispute. As discussed above, if the Fourth Circuit were to accept interlocutory appeal and affirm the Order, the case would proceed in federal court after a pointless delay. If the Fourth Circuit were to vacate the Court's Order via interlocutory appeal—despite clear authority within this Circuit and in other jurisdictions adopting procedural misjoinder—the Court would thereafter remand or dismiss Plaintiff's claims against the Warner Defendants with leave to refile in state court. At that point, this entire process would begin again. Assuming, optimistically, that the interlocutory appellate and remand proceedings resolve by year-end 2026, the parties would, in this hypothetical scenario, find themselves back at square one nearly three years after this litigation commenced.[22]

Plaintiff argues that proceeding in multiple forums will result in hardship for his counsel by increasing discovery and motions practice, but such alleged hardships do not warrant certification. *See Chas. Pfizer & Co. v. Laboratori Pro-Ter Prodotti Therapeutici S. p. A.*, 278 F. Supp. 148, 154 (S.D. N.Y. 1967). ("[Movant's] interest in avoiding the cost of the litigation, when balanced against the policy of discouraging 'piecemeal appeals' that do not advance the ultimate

---

[22] As discussed in Section I.C. above, this Court in *In re Lipitor* appropriately rejected the same argument Plaintiff makes when opining that the "better course" than finding fraudulent misjoinder was for this Court to remand to allow "a South Carolina state court to rule on the propriety of joinder" and "if that court severs the case and diversity then exists, the Warner Defendants could seek removal of the action to this Court." Mot. at 12. This Court explained that "this proposed procedure is problematic for several reasons" including because "in some cases the state court may not sever the misjoin[ed] claims until more than one year after the case was filed, and the defendant will be barred from removing the case under 18 U.S.C. § 1446(c)." *In re Lipitor*, 2016 WL 7339811, at *3 n.4. Certification would present a significant threat to the Warner Defendants' right to removal because of the time required to consider an appeal, and then for the state court to sever the claims.

termination of a litigation . . . is insufficient to warrant a certification under § 1292(b)." (citations omitted)).  Even the prospect that Plaintiff would have to re-try the case in state court in the event of a subsequent successful appeal to the Fourth Circuit does not render this circumstance "exceptional" or justify the "extraordinary remedy" of certification under section 1292(b).[23] *Michelin*, 2013 WL 5946109, at \*2.  If that were the rule, certification would not be "exceptional" at all as it would be required any time an appeal *might* avoid a new trial.  Such a rule also would be entirely inconsistent with Rule 12's directive that subject matter jurisdiction is non-waivable and requires dismissal of a case "at *any* time."  Fed. R. Civ. P. 12(h)(3) (emphasis added); *Patriot Indus., LLC v. Patriot Partners, LLC*, No. 8:18-CV-01396-JD, 2022 WL 17472941 (D.S.C. Dec. 6, 2022) (granting motion to vacate for lack of subject matter jurisdiction after a jury trial and pursuant to a post-trial motion to dismiss).  In any event, Plaintiff's speculative outcome is highly unlikely given that the weight of authority in this Circuit supports adoption of the fraudulent misjoinder doctrine and the broad discretion of district courts to sever claims.  Moreover, if the Court were to deny the Warner Defendants' Motions to Dismiss (which it should not do), proceeding with the claims against the Warner Defendants in this Court still would be more efficient than allowing Plaintiff to pursue lengthy piecemeal appeals.  *Tyco*, 2023 WL 8720000,

---

[23] Plaintiff cites no authority recognizing his alleged "right as master of the complaint to have his claims heard against all Defendants by a single jury in a single action" (Mot. at 15) because no such right exists under South Carolina law.  In fact, the South Carolina Supreme Court has repeatedly held that procedural rulings related to joinder and severance of claims do not implicate a "substantial right" under S.C. Code Ann § 14-3-330(2) and thus do not warrant interlocutory appeal under South Carolina law. See *N.C. Fed. Sav. & Loan Ass'n. v. DAV Corp.*, 294 S.C. 27, 32-33, 362 S.E.2d 308, 311 (Ct. App. 1987), *aff'd in part and rev'd in part*, 298 S.C. 514, 381 S.E.2d 903 (1989) ("An order refusing severance and separate trials, because it does not affect a substantial right, is ordinarily not immediately appealable."); *Flagstar Corp. v. Royal Surplus Lines*, 341 S.C. 68, 72-73, 533 S.E.2d 331, 333-34 (2000) (denying immediate appeal of bifurcation order because "trial of all issues in the case in a single proceeding is not a mode of trial to which the parties are entitled as a matter of right.").

*4 ("Interlocutory appeal is disfavored because it promotes piecemeal litigation."). There may be cases in which interlocutory review may facilitate efficient litigation, but this case is not one of them.

## III.    THE COURT SHOULD DENY PLAINTIFF'S REQUEST FOR A STAY.

Plaintiff cannot meet his burden to show "by clear and convincing" evidence that his desire to stay briefing on the Motions to Dismiss outweighs the potential prejudice to the Warner Defendants, is supported by hardship he would suffer without a stay, or that it would serve judicial economy.

*First*, the Warner Defendants will be prejudiced by another stay of Plaintiff's obligation to respond to the Motions to Dismiss. Plaintiff's current deadline of March 10 means that Plaintiff will have had more than 140 days to respond to the Motions to Dismiss, which amounts to an unfair surplus of time to mount such a response. *See Ryan v. Douglas Prods. & Packaging Co., LLC*, No. 2:22-2636-RMG, 2023 WL 186594, at *1 (D.S.C. Jan. 13, 2023) (Gergel, J.) (denying stay where delay could potentially prejudice defendants); *McCullough v. Crawford*, No. 2:09-2631-RBH, 2009 WL 4110316, at *1 (D.S.C. Nov. 25, 2009) (rejecting plaintiff's motion to extend the time for filing an objection by two and one-half months because such a request is "unreasonable."). Furthermore, facilitating expeditious resolution of cases is critical where, as here, a case involves media entities and has First Amendment implications. *See CACI Premier Tech, Inc v. Rhodes*, 536 F.3d 280, 293 (4th Cir. 2008) (explaining that defamation cases involving matters of public concern are limited by the First Amendment to protect the "national commitment" to debate that is "uninhibited, robust, and wide-open"); *MRR S., LLC v. Citizens for Marlboro Cnty.*, No. 4:09-03102-JMC, 2012 WL 1016180, at *2 (D.S.C. Mar. 26, 2012) (noting a preference for swift resolution as "due to the possible chilling effect on constitutionally protected speech which would result from the defense of defamation claims"); *see also Brokers' Choice of*

*Am., Inc. v. NBC Universal, Inc*., 138 F. Supp. 3d 1191, 1199 (D. Colo. 2015), *aff'd*, 861 F.3d 1081 (10th Cir. 2017) ("Because the threat of protracted litigation could have a chilling effect on the constitutionally protected right of free speech, prompt resolution of defamation action . . . is appropriate."). The Warner Defendants have acted diligently at every turn, including to provide full briefing on their Motions to Dismiss promptly, as the Federal Rules contemplate. Plaintiff ignores the significant prejudice the Warner Defendants *already have suffered* by his refusal to litigate the case he chose to bring and from the inevitable consequences of his attempts to evade the Federal Rules.

*Second*, Plaintiff faces no hardship or prejudice if he is obligated to file oppositions to Motions to Dismiss that he has had in his possession since October 16, 2024, and that he has known, since October 18, 2024, he would have to file within ten days after a full or partial denial of his Motion to Remand. Plaintiff contends he will be prejudiced by having to research federal law or respond to Defendant's briefing at all because "anyone who has ever litigated in South Carolina, in South Carolina state courts," knows that "briefing is not required for motions that come before a circuit court" and Plaintiff likely would not "fully brief all the issues raised" by the Warner Defendants. Mot. at 18. The Warner Defendants appreciate Plaintiff's recognition that they provided fulsome and comprehensive briefing in the Motions to Dismiss, including by citing federal case law more than "fifty times." Mot. at 17-18. Plaintiff offers no reasoned or legal principle for why he will be able to avoid federal authority interpreting South Carolina defamation law or federal constitutional rights that are embedded in such claims given their First Amendment implications. The same is true of his argument about the pleading standard, since the Supreme Court of South Carolina has held that "South Carolina Rule 12(b)(6) essentially tracks Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Brown v. Leverette*, 291 S.C. 364, 366, 353

S.E.2d 697, 698 (1987); *accord Skydive Myrtle Beach, Inc. v. Horry Cnty.*, 426 S.C. 175, 180, 826 S.E.2d 585, 587 (2019) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). If Plaintiff wishes to avoid briefing or ignore federal authorities, he is welcome to do so in federal court just as he represents he could choose to do in state court. That strategic choice does not entitle him to burden every party but himself by demanding a stay.

*Third*, denial of the Motion to Stay would promote judicial economy. The Federal Rules establish it is "the affirmative duty of the court" to "secure the just, speedy, and inexpensive determination of every action." Federal Rule 1; advisory committee's note to 1993 amendment. Plaintiff also suggests that "uncertainty surrounding Plaintiff's motions and the effect they could have on the Court's jurisdiction to rule on Defendants' Motions" warrants a stay. Mot. at 16. However, as explained above, this Court has already correctly determined that it has jurisdiction over this proceeding. *See supra* Argument §§ I, II. Plaintiff's displeasure with this Court's rulings is not a satisfactory reason for additional delay. Plaintiff's logic is backwards. Granting a stay *guarantees* there is no chance of resolving this case for many months, especially if the Court grants interlocutory appeal. On the other hand, if the Court orders Plaintiff to oppose the Motions to Dismiss, there is a strong chance this case would be resolved in its entirety. Granting the Motions to Dismiss would be wholly dispositive of the litigation, and would permit Plaintiff to immediately file an appeal, including to challenge fraudulent misjoinder.

Consistent with the objectives of Federal Rule 1 and the dispositive effect of the Warner Defendants' Motions to Dismiss, judicial economy and efficiency are best served by denying Plaintiff's request for a stay. *See Stratton v. Merck & Co.*, No. 2:21-cv-2211-RMG, 2022 WL 18584351, at *1-2 (D.S.C. May 25, 2022) (Gergel, J.) (denying stay on consideration of *inter alia* interests of judicial economy); *Guzman v. Acuarius Night Club LLC*, No. 6:24-CV-00330-JDA,

2024 WL 3593867, at *3 (D.S.C. July 30, 2024) (holding that considerations of judicial efficiency

counsel against a stay because it would require another court to familiarize itself with the case).[24]

## CONCLUSION

For the reasons discussed herein, the Warner Defendants respectfully request that the Court

deny Plaintiff's Motion and order him to file Motions to Dismiss within five days of the denial of

the Motion.

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH, LLP

/s/ MERRITT G. ABNEY
David E. Dukes, Esq. (Federal Bar No. 00635)
E-Mail: david.dukes@nelsonmullins.com
1320 Main Street, 17th Floor
Post Office Box 11070 (29211-1070)
Columbia, SC 29201
(803) 799-2000

Merritt G. Abney, Esq. (Federal Bar No. 09413)
E-Mail: merritt.abney@nelsonmullins.com
151 Meeting Street / Sixth Floor
Post Office Box 1806 (29402-1806)
Charleston, SC 29401-2239

---

[24] To the extent that Plaintiff fails to file oppositions to the Motion to Dismiss by the extended due date of March 10, 2025—which the Court provided with notice that it had granted Plaintiff his final extension—the Court would be well within its discretion to deny him the right to file untimely oppositions and issue a ruling on the Motions to Dismiss without delay. *See* Fed. R. Civ. P. 6 (providing extensions of time "after the time has expired if the party failed to act because of excusable neglect"); *Brotemarkle v. Washum*, No. 1:23-CV-04382-JDA, 2024 WL 3520855, at *5 (D.S.C. July 24, 2024) (declining to consider "Plaintiff's untimely filed response"). Filing a request for a stay, standing alone, plainly did not extend Plaintiff's deadline to respond. *See also Fitchett v. Wilson*, No. 4:12–cv–00605–RBH, 2013 WL 5468389, *1 n. 4 (D.S.C. September 30, 2013) ("Plaintiffs' assumption that the Court would *grant* their motion for a continuance (really, a motion to hold Defendants' motion in abeyance and to stay the deadline to respond pending further discovery) on the day the response was due was imprudent, and Plaintiffs must bear the consequences of not complying with a deadline absent a court-ordered extension. Indeed, the question of whether to extend procedural deadlines is one for the Court—not Plaintiffs") (emphasis in original); *Garcia v. McClaskey*, No. 1:12CV93, 2016 WL 2903234, *1 n. 3 (M.D.N.C. May 18, 2016) ("the mere filing of extension motions does not stay pending deadlines.").

(843) 853-5200

WILLKIE FARR & GALLAGHER LLP

Meryl C. Governski, *pro hac vice*
Kristin Bender, *pro hac vice*
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006-1238
(202) 303-1000
mgovernski@willkie.com
kbender@willkie.com

*Attorneys for Defendants Blackfin, Inc., Warner Bros.
Discovery, Inc., Warner Media Entertainment Pages, Inc. and
Campfire Studios, Inc.*

Charleston, South Carolina
March 10, 2025