**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| Richard Alexander Murdaugh, Jr., <br><br> Plaintiff, <br> v. <br><br> Blackfin, Inc., *et al.*, <br><br> Defendants. | Case No. 9:24-cv-4914-RMG <br><br> **ORDER AND OPINION** |

Before the Court is Plaintiff's motion for reconsideration of the Court's February 19, 2025 Order granting in part Plaintiff's motion to remand and granting the Warner Defendants' motion to sever. (Dkt. No. 70). The Warner Defendants oppose the motion (Dkt. No. 71), and Plaintiff replied. (Dkt. No. 80). For the reasons set forth below, the Court grants Plaintiff's motion but declines to amend its February 19, 2025 Order finding that severance of the Warner Defendants' claims is proper.

**I.    Background**

On February 19, 2025, this Court remanded Plaintiff's claims against Defendants Netflix, Inc. and The Cinemart LLC (collectively, the "Netflix Defendants") and Defendants Gannet Co., Inc. and Michael M. DeWitt Jr. (collectively, the "Gannet Defendants") to state court and severed Plaintiff's claims against a Defendants Warner Bros. Discovery, Inc., Warner Media Entertainment Pages, Inc., Blackfin, Inc. and Campfire Studios Inc. (collectively, the "Warner Defendants") upon finding fraudulent misjoinder. (*See generally* Dkt No. 64). The Court reasoned that the Warner Defendants' claims were fraudulently misjoined to Plaintiff's other claims where they did "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences," citing the three distinct documentaries (and statements made therein) that are the subject of Plaintiff's defamation

1

claims. (Dkt. No. 64 at 10-12). As a result, only Plaintiff's claims against the Warner Defendants remain pending before this Court.

Plaintiff moves for partial reconsideration of the Court's order pursuant to Fed. R. Civ. P. 54(b), arguing that the order "contains a clear error of law, applies the wrong standard to its severance analysis, and does not address an issue raised by Plaintiff and Defendants." (Dkt. No. 70 at 1). Plaintiff also moves this Court to certify the Order for immediate appellate review under 28 U.S.C. § 1292(b) if it declines to reconsider the Order, citing a split among the Circuits on the procedural misjoinder standard and contending that "immediate appeal would advance the ultimate termination of this litigation." (*Id.*).

## II.     Legal Standard

Rule 54(b) provides the following:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Under Rule 54(b), the "district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003) (noting "an order of partial summary judgment is interlocutory in nature"); *see also Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge"). "The Fourth Circuit has offered little

2

guidance on the standard for evaluating a Rule 54(b) motion, but has held motions under Rule 54(b) are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Career Counseling, Inc. d/b/a Snelling Staffing Servs., a S.C. corporation, individually & as the representative of a class of similarly situated persons, Plaintiff, v. Amerifactors Fin. Grp., LLC, & John Does 1-5, Defendants.*, No. 3:16-CV-03013-JMC, 2021 WL 1345627, at *4 (D.S.C. Apr. 12, 2021) (internal quotation marks omitted). "Without such express guidance, district courts in the Fourth Circuit, in analyzing the merits of a Rule 54 motion, look to the standards of motions under Rule 59 for guidance." *Id.* (citing *U.S. Home Corp. v. Settlers Crossing, LLC*, C/A No. DKC 08-1863, 2012 WL 5193835, at *2 (D. Md. Oct. 18, 2012)); *R.E. Goodson Constr. Co., Inc. v. Int'l Paper Co.*, C/A No. 4:02-4184-RBH, 2006 WL 1677136, at *1 (D.S.C. June 14, 2006); *Akeva L.L.C. v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 565–66 (M.D.N.C. 2005). Therefore, reconsideration under Rule 54 is appropriate on the following grounds: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Beyond Sys., Inc. v. Kraft Foods, Inc.*, C/A No. PJM-08-409, 2010 WL 3059344, at *2 (D. Md. Aug. 4, 2010) ("This three-part test shares the same three elements as the Fourth Circuit's test for amending an earlier judgment under Rule 59(e), but the elements are not applied with the same force when analyzing an[ ] interlocutory order.") (citing *Am. Canoe Ass'n*, 326 F.3d at 514).

### III.  Discussion

Plaintiff claims that the Court misapplied the fraudulent misjoinder standard it adopted in *In re Lipitor*, which requires the Court to determine "*whether it would have been impossible* for Plaintiff to join the Defendants with the Netflix Defendants in a single action in state court under South Carolina's Rules of Civil Procedure regarding permissive joinder and misjoinder." (Dkt.

No. 70 at 3) (emphasis in original) (citing *In re Lipitor, (Atorvastatin Calcium) Mktg., Sales Pracs. & Prods. Liab. Litig.*, No. 2:14-MN-02502-RMG, 2016 WL 7339811 (D.S.C. Oct. 24, 2016)). Plaintiff complains that the Order "ignores that there are issues of fact and law in this action that are common to all the Defendants, will rely on the same factual proof, and will affect all Defendants upon resolution." (*Id.* at 5). Plaintiff also asks this Court to "include a specific finding as to whether fraudulent misjoinder is permissible or whether it expands federal removal jurisdiction without statutory authority." (*Id.* at 11).

The Court begins by providing clarification of its procedural misjoinder analysis. "Fraudulent misjoinder" or "procedural misjoinder" is "an assertion that claims against certain defendants, while provable, have no real connection to the claims against other defendants in the same action and were only included in order to defeat diversity jurisdiction and removal." *Stallings v. Arch Ins. Co.*, No. CV 2:21-3349-BHH, 2022 WL 4663250, at *3 (D.S.C. Sept. 30, 2022). District courts throughout this Circuit have split on whether to recognize the doctrine and how to apply it. *Id.* Among the varying standards adopted by the district courts are the egregious misjoinder standard, clear and convincing misjoinder standard, grossly improper standard, reasonable basis standard, and Rule 20 standard. *Id.* (citing cases). This Court recognized the doctrine of procedural misjoinder in *Lipitor* and "adopt[ed] a standard analogous to the fraudulent joinder standard in the Fourth Circuit," holding that "to establish fraudulent misjoinder, the removing party must show (1) outright fraud or (2) that there is no possibility that plaintiffs would be able to properly join the claims involving a non-diverse party in state court." *In re Lipitor*, 2016 WL 7339811, at *6.

Plaintiff complains that the Court deviated from the "no possibility" standard in its February 19, 2025 Order, highlighting the Court's citation to Fed. R. Civ. P. 21 and *Grayson*

4

*Consulting, Inc. v. Cathcart*, No. 2:07-CV-02992-DCN, 2014 WL 1512029, at *2 (D.S.C. Apr. 8, 2014) in the legal background section of its Order. (Dkt. No. 70 at 3-4). The Court takes the opportunity to clarify its procedural misjoinder analysis in this Order.

The Court first addressed Defendants' fraudulent joinder argument in evaluating Plaintiff's motion to remand based upon the presence of a non-diverse Defendant—reporter Michael M. Dewitt, Jr.—in the Netflix documentary. (Dkt. No. 64 at 6-10). Applying the "no possibility" standard recognized by the Fourth Circuit in *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993), the Court found that Defendants failed to show that there was "no possibility that the plaintiff would be able to establish a cause of action against [DeWitt] in state court," emphasizing the leniency of this standard and fact that "[t]here need be only a slight possibility of a right to relief to defeat a claim of fraudulent joinder." (*Id.* at 9) (internal quotations omitted). As a result, the Court held that remand of Plaintiff's case was appropriate. (*Id.* at 10).

The Court next considered whether the Warner Defendants' claims should be severed from the remanded claims through application of the procedural misjoinder doctrine. (*Id.*). The Court found that severance was proper in light of the distinct factual proof underlying Plaintiff's defamation claims against the Warner Defendants as compared to the Netflix and Gannet Defendants, given the claims concern entirely distinct statements and documentaries and, as a result, will require an individualized analysis that does not overlap at all with the other. (*Id.* at 10-12). Specifically, the Court explained, "While Plaintiff asserts defamation claims against all of the Defendants, the bases for these claims are completely distinct: the Warner Documentaries with respect to the Warner Defendants, and the Netflix Documentary with respect to the Netflix Documentary Defendants" and "Plaintiff must prove his claims against each set of Defendants

independently, relying on distinct factual proof as to the contested statements and their context within each of the three documentaries." (*Id.* at 12).

      To the extent the Court did not use the talismanic phrase "no possibility" in its prior Order, it does so here. The Court finds that there is no possibility that Plaintiff would be able to properly join his claims against the Warner Defendants to his claims against the Netflix and Gannett Defendants in state court.[1] South Carolina Rule of Civil Procedure 20 governs permissive joinder of defendants and is substantively identical to its federal rule counterpart, providing that "[a]ll persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." The South Carolina Court of Appeals has recognized that "Misjoinder [of defendants] therefore 'occurs when there is no common question of law or fact or when . . . the events that give rise to the plaintiff's claims against defendants do not stem from the same transaction." *Farmer v. CAGC Ins. Co.*, 819 S.E.2d 142, 146 (S.C. Ct. App. 2018) (quoting *DirecTV, Inc. v. Leto*, 467 F.3d 842, 844 (3d Cir. 2006)).

      While Plaintiff complains that there is a "dearth of South Carolina authority interpreting Rule 20 [such that] it is virtually impossible for this Court to determine how a South Carolina court would decide on the issue of permissive joinder," (Dkt. No. 70 at 10-11), this Court is guided by the South Carolina Supreme Court's instruction (in the context of interpreting Rule 13(a)'s "same transaction or occurrence" requirement) that "[j]udges and lawyers are well-equipped to determine

---

[1] Because the Court employs the "no possibility" standard—the most rigorous of the standards used in evaluating procedural misjoinder—it does not conduct any alternative analyses under the less demanding standards adopted by other district courts.

whether a claim is compulsory under the plain language of this rule," which instructs that a counterclaim is compulsory where "it arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim . . . ." *Deutsche Bank Nat'l Tr. Co. v. Houck*, 892 S.E.2d 280, 282 (S.C. 2023). Similarly here, the Court is equipped to determine whether permissive joinder pursuant to Rule 20 is appropriate "under the plain language of [Rule 20]." *See id.* There is no possibility that Plaintiff can satisfy the first prong of the rule because Defendants cannot be held jointly and severally liable for the separate, individual publication of their documentaries. *See Collins v. Bisson Moving & Storage, Inc.*, 504 S.E.2d 347, 356 (S.C. Ct. App. 1998) ("Joint and several liability arises only when two or more tortfeasors are responsible for a *single* injury.") (emphasis in original). With regards to the second prong, the Court considers federal cases construing Federal Rule 20 which the authors of South Carolina Rule 20 acknowledge is "substantially the same." S.C. R. Civ. P. 20; *see also Farmer*, 819 S.E.2d at 145 ("Because few South Carolina decisions have interpreted our Rule 21, and none to any degree pertinent here, we look to federal cases construing their almost identical Rule 21.").

A survey of cases interpreting the substantively identical federal rule on permissive joinder supports the Court's conclusion that there is no possibility Plaintiff could join his claims against the Warner Defendants with his claims against the Netflix and Gannett Defendants in state court. While "[t]he similarity of defendants' actions may speak to the second prong of Rule 20(a)'s test—common questions of law or fact…[they] do not speak to the first," under which "plaintiff must allege that defendants somehow acted in concert." *United States v. Alaska Pipeline Co.*, No. Civ. 95-725(TFH), 1997 WL 33763820, *2 (D.D.C. 1997). Plaintiff presents no allegation that defendants acted in concert in producing their individual documentaries or that they could be held jointly and severally liable for their alleged distinct defamatory statements. Rather, Plaintiff

attempts to join Defendants in the same action based on the mere fact that their distinct publications involving distinct statements involve tangentially the same subject matter.

Plaintiff also complains that the Court did not "attempt to distinguish the facts of this case from the Fourth Circuit's logic in [*Courthouse News Service v. Schaefer*, 2 F.4th 318 (4th Cir. 2021)]." (Dkt. No. 70 at 7). In *Schaefer*, the Court of Appeals considered whether a courthouse news service's claims that two clerks of court operating at different courthouses had violated the First Amendment's access requirement were misjoined. *Id.* at 325. The court considered that Fed. R. Civ. P. 20(a)'s standard was met where "Courthouse News alleged "identical claims against similarly situated defendants." *Id.* In other words, the news service alleged that both clerks had committed the same constitutional violation through the exact same activity—failing to timely make newly-filed civil complaints available to the public. *Id.* at 322. It was not the fact that both claims alleged a violation of the First Amendment that made them "identical"—but rather, the fact that both clerks were alleged to have violated the First Amendment in the same way. Here, the mere fact that Plaintiff brings defamation claims against each subset of defendants does not satisfy the permissive joinder standard set out by Rule 20. Plaintiff does not allege that the Warner Defendants defamed him through identical conduct as the Netflix and Gannett Defendants, nor could he—rather, Plaintiff cites distinct statements and publications by each Defendant as the basis of their alleged liability. Under Plaintiff's interpretation of *Schaefer* and the joinder rules, he could join any individual who has published an allegedly defamatory statement regarding his connection to Stephen Smith's death in one singular lawsuit, regardless of who published that statement, when it was published and where it was published. The Court finds no case interpreting S.C. R. Civ. P. 20 or its federal analog that supports such a distortion of the rule.

The Court clarifies and reiterates its conclusion that there is no possibility that Plaintiff would be able to join his claims against the Warner Defendants with those of the in-state Defendants in state court. Because Plaintiff's claims against the Warner Defendants constitute procedural misjoinder, severance of the Warner Defendants' claims from Plaintiff's claims against the remanded Netflix and Gannett Defendants is appropriate.

Further, as the February 19, 2025 Order is an interlocutory order, the Court denies Plaintiff's request to certify the Order for immediate appeal pursuant to 28 U.S.C. § 1292(b). *Richardson v. Halcyon Real Est. Servs., LLP*, 887 S.E.2d 153, 156 (S.C. Ct. App. 2023).

### IV.    Conclusion

In light of the foregoing, the Court **GRANTS** Plaintiff's motion for reconsideration but **DENIES** Plaintiff's request to amend the conclusion of its February 19, 2025 Order that the severance of the Warner Defendants was proper.

**AND IT IS SO ORDERED.**

 s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

March 26, 2025
Charleston, South Carolina