**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

**BEAUFORT DIVISION**

| | |
|---|---|
| RICHARD ALEXANDER MURDAUGH, JR.,<br><br>    Plaintiff,<br><br>vs.<br><br>BLACKFIN, INC., WARNER BROS. DISCOVERY, INC., WARNER MEDIA ENTERTAINMENT PAGES, INC., and CAMPFIRE STUDIOS, INC.,<br><br>    Defendants. | Case No. 9:24-cv-04914-RMG<br><br><br>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OF WARNER BROS. DISCOVERY, INC. AND WARNER MEDIA ENTERTAINMENT PAGES, INC.** |

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................... 2

FACTUAL BACKGROUND ........................................................................................................ 2

LEGAL STANDARD .................................................................................................................... 5

ARGUMENT ................................................................................................................................. 6

I. RULE 8 REQUIRES DISMISSAL OF THE AMENDED COMPLAINT AS TO THE WARNER ENTITIES. ................................................................................................. 6

    A. The Amended Complaint Fails To Include A Single Factual Allegation Demonstrating That Either Of The Warner Entities Published The Documentaries With Common Law Malice. ............................................................. 8

    B. The Amended Complaint Fails To Include A Single Factual Allegation To Meet The "Especially Rigorous Showing" That Either Of The Warner Entities Endorsed The Allegedly Defamatory Inference. ...................................... 10

II. THE AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR DEFAMATION AS TO ALL OF THE DEFENDANTS FOR THE REASONS ARTICULATED IN THE CAMPFIRE AND BLACKFIN MOTIONS TO DISMISS. ................................................................................................................................ 11

CONCLUSION ............................................................................................................................ 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*AdvanFort Co. v. Mar. Exec., LLC*,
   2015 WL 4603090 (E.D. Va. July 28, 2015) ............................................................................9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................................................5, 6

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ....................................................................................................................5

*Chapin v. Knight-Ridder, Inc.*,
   993 F.2d 1087 (4th Cir. 1993) .....................................................................................7, 8, 10, 11

*Charleston Carriage Works, LLC v. Charleston Animal Soc.*,
   2022 WL 20838964 (S.C. C.P. May 12, 2022) ..........................................................................7

*Dickerson v. Albemarle Corp.*,
   2016 WL 245188 (D.S.C. Jan. 21, 2016) ...................................................................................7

*Erickson v. Jones St. Publishers, LLC*,
   368 S.C. 444, 629 S.E.2d 653 (2006) ........................................................................................7

*Evans v. York Cnty., Inc.*,
   2016 WL 8193636 (D.S.C. Dec. 29, 2016), *report and recommendation
   adopted*, 2017 WL 445624 (D.S.C. Feb. 2, 2017) ............................................................6, 8, 10

*Faltas v. State Newspaper*,
   928 F. Supp. 637 (D.S.C. 1996), *aff'd*, 155 F.3d 557 (4th Cir. 1998) .................................9, 10

*Floyd v. Knight*,
   2023 WL 4409037 (D.S.C. Apr. 27, 2023), *report and recommendation
   adopted*, 2023 WL 4013520 (D.S.C. June 15, 2023) .................................................................9

*Grant v. S.C. Dep't of Soc. Servs., CPS*,
   2019 WL 2093861 (D.S.C. Feb. 14, 2019), *report and recommendation
   adopted*, 2019 WL 1110795 (D.S.C. Mar. 11, 2019) ...................................................5, 6, 8, 11

*Horne v. WTVR, LLC*,
   893 F.3d 201 (4th Cir. 2018) ......................................................................................................9

*Lugo v. Boeing Co.*,
   2020 WL 495336 (D.S.C. Jan. 30, 2020) ...................................................................................7

*Martin v. Boeing Co.*,
    2016 WL 7239914 (D.S.C. Dec. 15, 2016) ...............................................................................7

*McGlothlin v. Hennelly*,
    2021 WL 2935372 (4th Cir. July 13, 2021)..............................................................................9

*Sellers v. S.C. Autism Soc'y, Inc.*,
    861 F. Supp. 2d 692 (D.S.C. 2012).........................................................................................6

**Other Authorities**

Fed. R. Civ. P. 8.................................................................................................................................1

Fed. R. Civ. P. 12(b)(6)....................................................................................................................1

Defendants Warner Bros. Discovery, Inc. ("WBD") and Warner Media Entertainment Pages, Inc. ("Warner Media Entertainment") (collectively, with the corporate entities disclosed in the Amended Answer to Local Rule 26.01 Interrogatories, the "Warner Entities")[1] respectfully move the Court to dismiss the Amended Complaint of Plaintiff Richard Alexander Murdaugh, Jr. (Dkt. 86) (the "Amended Complaint") as to the documentaries "Murdaugh Murders: Deadly Dynasty" (the "Blackfin Documentary")—which the Amended Complaint alleges Defendant Blackfin, Inc. ("Blackfin") produced and WBD aired on the streaming service discovery+ and the Investigation Discovery television channel—and "Low Country: The Murdaugh Dynasty" (the "Campfire Documentary")—which the Amended Complaint alleges Defendant Campfire Studios, Inc. ("Campfire") produced and WBD and Warner Media Entertainment aired on HBO Max (the Blackfin Documentary and Campfire Documentary, collectively, the "Documentaries"). The Court should dismiss the Amended Complaint for failure to state a claim pursuant to Federal Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure ("Rule" or "Rules") for the reasons argued in the memoranda of law filed simultaneously herewith by Blackfin (Dkt. 88) and Campfire (Dkt. 89) (collectively, the "Motions to Dismiss"), which the Warner Entities join and incorporate by reference in full, as well as for the grounds enumerated herein.[2]

---

[1] The Warner Entities all join this Motion even though Plaintiff should have identified WarnerMedia Direct, LLC, Discovery Communications, LLC, and Discovery Digital Ventures, LLC, instead of WBD and Warner Media Entertainment for the reasons explained in the Amended Answer to Local Rule 26.01 Interrogatories (Dkt. 44) and based on the allegations of the Amended Complaint (none of which the Warner Entities concede). All of the Warner Entities reserve all rights and waive none by so doing.

[2] The Court previously granted a consent motion permitting the Warner Entities to incorporate by reference the full arguments in the motions to dismiss filed by Blackfin and Campfire rather than repeat the same arguments in a separate filing, and also permitting the Warner Entities to "file a motion asserting arguments under Rule 12 that are unique" to them. Dkt. 45 ¶ 6; Dkt. 46. Accordingly, the Warner Entities understand that they are authorized to file this motion, and to join the other motions to dismiss in full.

**PRELIMINARY STATEMENT**

The Amended Complaint mentions Warner Media Entertainment and WBD only in passing, and substantively only to allege that they published the Documentaries. Rather than provide any additional factual allegations as to either of the Warner Entities, Plaintiff in the Amended Complaint relies on more than two dozen allegations against *all of the "Defendants"*— including as to common law malice and endorsement of the Documentaries' purportedly defamatory implication. In other words, Plaintiff has not even attempted to allege the elements of defamation as to either of the Warner Entities, notwithstanding Rule 8's requirement that a complaint "set forth allegations of wrongdoing *as to each Defendant* sufficient to give each defendant fair notice of what the claim is and the grounds upon which it rests." *Herdt v. Horry Cnty. Council*, 2018 WL 827140, at *2 (D.S.C. Feb. 12, 2018) (emphasis added) (Gergel, J.). The Court can and should dismiss the Amended Complaint as to the Warner Defendants on this basis alone. *Infra* Argument § I. Separate from its fatal group pleading, the Amended Complaint fails to state a claim for defamation pursuant to Rule 12(b)(6) for the reasons argued in the Blackfin and Campfire Motions to Dismiss. *Infra* Argument § II.

**FACTUAL BACKGROUND**

The Amended Complaint specifically refers to Warner Media Entertainment in four paragraphs. ¶¶ 5-6, 15, 36.[3] Without conceding their accuracy, the sum of those allegations is that Warner Media Entertainment:

- is incorporated in and has its principal place of business in Georgia (¶ 5);
- is "a subsidiary" of WBD (*id*.);

---

[3] Any citations to paragraphs (¶¶) refer to the Amended Complaint.

2

- is the "owner of some of the artistic works described" in the Amended Complaint and engaged in various business activities in South Carolina (¶ 6); and

- joined WBD in "distributing and streaming" the Campfire Documentary (¶¶ 15, 36).[4]

As to WBD, the sum of the allegations, without conceding their accuracy, is that it:

- is a Delaware corporation with its principal place of business in New York (¶ 3);

- engaged in various business activities in South Carolina, including "distributing some of the artistic works that give rise to the cause of action described herein" (¶ 4);

- is the parent company of Warner Media (¶ 5);

- "began streaming and broadcasting" the Blackfin Documentary on June 17, 2022, "through its platform discovery+ and the Investigation Discovery television channel" (¶ 12);

- owns a "broad array of streaming platforms and channels" that published and continue to publish the Blackfin Documentary (¶¶ 13-14);

- "has hundreds of thousands of subscribers to its discovery+, Investigation Discovery, and other streaming and broadcasting services and channels within South Carolina" (*id.*);

- has "directed marketing and advertising efforts" for the Blackfin Documentary "to South Carolina citizens" (*id.*);

- "began distributing and streaming" the Campfire Documentary on November 3, 2022, through its platform "HBO Max (now entitled Max)" (¶ 15); and

- owns a "broad array of streaming platforms and channels" that published and continue to publish the Campfire Documentary (¶¶ 16-17).[5]

---

[4] Paragraph 36 mentions but does not make any substantive allegations about Warner Media. *See* ¶ 36 ("Episode 1 of Warner Bros. Discovery, Inc., Warner Media Entertainment Pages, Inc., and Campfire Studios, Inc.'s series 'Low Country: The Murdaugh Dynasty' is entitled 'Kings of the Lowcountry.'").

[5] Paragraphs 21 and 36 mention WBD without making any substantive allegations. *See supra* n.4; ¶ 21 ("Episode 1 of Blackfin, Inc.'s and Warner Bros. Discovery, Inc.'s series 'Murdaugh Murders: Deadly Dynasty' is entitled 'Pandora's Box.'").

3

Plaintiff in the Amended Complaint does not otherwise refer to either Warner Media Entertainment or WBD, instead referring to "Defendants" collectively more than two dozen times. *See* ¶¶ 18 (four times); 19 (five times); 22-23; 28; 30; 32-34; 37-38; 43; 46; 49-51 (eight times). The collective references include the following allegations:

- "**Defendants'** publications are the product of their own investigations and interviews and not a report of an official law enforcement proceeding. Defendants' publications and republications of the defamatory statements are unfair and biased in that **Defendants** deliberately chose to omit from the series information, including the information described below, that would have detracted from the series' intended, sensational inference that Plaintiff was responsible for the death of Mr. Smith." (¶ 18);

- "The publications were made with reckless indifference to the truth and with knowledge of information that would have cast serious doubts on the intended defamatory meaning of the **Defendants'** publications. In publishing these statements Defendants purposefully ignored information demonstrating their falsity that was readily available to and within the Defendants' knowledge, including information indicating that individuals unrelated to Plaintiff were responsible for Mr. Smith's death." (¶ 19);

- "All of the above-described sequences, excerpts, and statements from the series were intentionally calculated to prime the recipient for the next segment of the series, in which **Defendants'** editorialization of a number of excerpts from interviews conducted by law enforcement implies and subtly asserts that Plaintiff was responsible for the death of Mr. Smith…." (¶ 32);

- "**Defendants'** deliberate editorial choices and narrative themes suggest that they intended, or at least endorsed, the inference that Plaintiff killed Mr. Smith." (¶ 34);

- "All of the above-described sequences, excerpts, and statements from the series were intentionally calculated to prime the recipient for the next segment of the series, in which **Defendants'** editorialization of a number of excerpts from interviews implies and subtly asserts that Plaintiff was responsible for the death of Mr. Smith…." (¶ 46);

- "**Defendants'** deliberate editorial choices and narrative themes suggest that they intended, or at least endorsed, the inference that Plaintiff killed Mr. Smith." (¶ 50); and

- "Plaintiff is entitled to actual damages and punitive damages because of the reckless and intentional conduct of the **Defendants**, in complete disregard

4

> of the truth, in creating and publishing statements falsely accusing him of being involved in the murder of Stephen Smith."  (¶ 51).

(all emphases added).[6]  The Amended Complaint uses the term "Defendants" in both counts, even though one count is only as to Blackfin and WBD (not Campfire or Warner Media) and the other is only as to Campfire and both Warner Entities (not Blackfin).  *See* ¶¶ 6, 10.

## LEGAL STANDARD

Rule 8(a) requires that a plaintiff provide a "short and plain statement" to "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (cleaned up); Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Courts in this District, including this Court, have regularly recognized that generalized allegations against a group of defendants—rather than specific allegations against *each* defendant—fail to satisfy the requirements of Rule 8.  *See Grant v. S.C. Dep't of Soc. Servs., CPS*, 2019 WL 2093861, at *6 (D.S.C. Feb. 14, 2019), *report and recommendation adopted*, 2019 WL 1110795 (D.S.C. Mar. 11, 2019) (Gergel, J.); *Herdt*, 2018 WL 827140, at *2 ("Any amended complaint must also set forth allegations of wrongdoing *as to each Defendant* sufficient to give each defendant fair notice of what the claim is and the grounds upon which it rests." (emphasis added)).  Dismissal is appropriate when a complaint "fails to identify the actions specifically taken by each of the

---

[6] *See also* ¶ 19 (alleged omission of "Accident investigation notes from the South Carolina Department of Public Safety's ('DPS') Multi-Disciplinary Accident Investigation Team ('MAIT') that were available to and reviewed by **Defendants** prior to publishing and republishing their series…."); ¶ 23 ("The juxtaposition of these statements intentionally vilifies the Murdaugh family and thematically sets the stage for **Defendants** to later encourage the audience to take a logical leap and conclude that Plaintiff killed Mr. Smith…."); ¶ 30 ("The series purposefully omits information that would have been known and is known to the **Defendants**, including information that Randy Murdaugh was representing Mr. Smith's father, Joel Smith, in an ongoing, unrelated case at the time of Stephen Smith's death.").

Defendants" and "fails to describe how each defendant was personally involved in the wrongful actions alleged." *Evans v. York Cnty., Inc.*, 2016 WL 8193636, at *2 (D.S.C. Dec. 29, 2016), *report and recommendation adopted*, 2017 WL 445624 (D.S.C. Feb. 2, 2017) (footnote omitted); *see Grant*, 2019 WL 2093861, at *6.

Rule 12(b)(6) authorizes a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Dismissal is warranted when a complaint fails to plead any "factual content that allows the court to draw the reasonable inference" that defendants are "liable for the misconduct alleged." *Id*. A complaint that amounts to "little more than boilerplate allegations, devoid of sufficient facts to satisfy the pleading standards applicable in federal court" warrants dismissal. *Sellers v. S.C. Autism Soc'y, Inc.*, 861 F. Supp. 2d 692, 699 (D.S.C. 2012).

## ARGUMENT

### I. RULE 8 REQUIRES DISMISSAL OF THE AMENDED COMPLAINT AS TO THE WARNER ENTITIES.

Rule 8 requires dismissal as to the Warner Entities because the Amended Complaint "fails to identify the actions specifically taken by each" of them and "fails to describe how each" of them "was personally involved in the wrongful actions alleged." *Evans*, 2016 WL 8193636, at *2; *see Grant*, 2019 WL 2093861, at *6 (dismissal of complaint that asserts claims against "Defendants without identifying which of the Defendants performed the allegedly improper act, such that the Complaint generally fails to include sufficiently clear factual allegations against each of the Defendants"). The handful of allegations in the Amended Complaint relating to the Warner Entities are almost exclusively focused on attempting to establish jurisdiction over them, rather

6

than to state a claim for defamation against either. *See supra* at 2-4; ¶¶ 3-6, 12-17, 21, 36. The only arguably substantive allegation as to either of the Warner Entities is that they published the allegedly defamatory content by streaming and broadcasting the documentaries. ¶¶ 12-17. But the publication of an allegedly false and defamatory statement is only *one* of many elements of defamation, and sufficiently stating such a claim requires pleading facts sufficient to demonstrate *all* of them. *Martin v. Boeing Co.*, 2016 WL 7239914, at *5 (D.S.C. Dec. 15, 2016) ("plaintiff has the burden of alleging facts sufficient to satisfy *all* the elements of the claim" (emphasis added)); *see Lugo v. Boeing Co.*, 2020 WL 495336, at *3 (D.S.C. Jan. 30, 2020) (Gergel., J.) (dismissing defamation complaint for failure to plead one of the required elements).[7] Here, by attempting to assert a claim for defamation by implication, Plaintiff must allege facts sufficient to, *inter alia*, demonstrate the Warner Defendants published the Documentaries with common law malice[8] and meet an "especially rigorous showing" that they "intended or endorsed" the allegedly defamatory meaning he ascribes to them. *Erickson*, 368 S.C. at 466, 629 S.E.2d at 665 (private-figure plaintiff in a case involving a matter of public concern must plead facts showing "the defendant acted with ill will toward the plaintiff, or acted recklessly or wantonly, *i.e.*, with conscious indifference of the plaintiff's rights"); *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1092-93 (4th Cir. 1993) (establishing two-part test for defamation by implication plaintiff); *see also Charleston Carriage*

---

[7] The elements of defamation under South Carolina law are: "(1) a false and defamatory statement was made; (2) the unprivileged publication was made to a third party; (3) the publisher was at fault; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Erickson v. Jones St. Publishers, LLC*, 368 S.C. 444, 465, 629 S.E.2d 653, 664 (2006); *Dickerson v. Albemarle Corp.*, 2016 WL 245188, at *3 (D.S.C. Jan. 21, 2016).

[8] Plaintiff argued that common law malice was the appropriate standard, notwithstanding his alleged private figure status, when opposing the earlier motions to dismiss. Dkt. 72 at 28-29. The Warner Entities do not concede that the common law malice standard applies to the exclusion of constitutional actual malice, or that Plaintiff is a private figure.

7

*Works, LLC v. Charleston Animal Soc.*, 2022 WL 20838964, at *11-12 (S.C. C.P. May 12, 2022); Motions to Dismiss §§ III, V.[9]  The Amended Complaint's failure to plead a *single factual allegation as to either of these required elements of defamation by implication specific to the Warner Entities* is fatal to Plaintiff's attempt to state a claim.  *Grant*, 2019 WL 2093861, at *6; *Evans*, 2016 WL 8193636, at *2.

> A. **The Amended Complaint Fails To Include A Single Factual Allegation Demonstrating That Either Of The Warner Entities Published The Documentaries With Common Law Malice.**

The only allegations in the Amended Complaint arguably relating to common law malice are the conclusory assertions that the Defendants *en masse* published the allegedly defamatory content "with *reckless indifference to the truth* and with knowledge of information that would have cast serious doubts on the intended defamatory meaning of the Defendants' publications."  ¶ 19 (emphasis added); *see also* ¶ 51 ("*reckless and intentional conduct of the Defendants, in complete disregard of the truth*") (emphasis added).  Leaving aside that such allegations fail to sufficiently demonstrate malice on the merits (*see* Motions to Dismiss §§ V), they violate Rule 8 by failing to provide the Warner Entities with any notice of the specific actions either of them allegedly took. *Grant*, 2019 WL 2093861, at *6.

The Amended Complaint does not include *a single fact* specific to the Warner Entities relating to common law malice, including any allegation that either of them genuinely did not believe, "doubted—or had reason to doubt—the veracity of the offending statements," or had "obvious reasons to doubt the veracity of the informant or the accuracy of" the Documentaries.

---

[9] Plaintiff has conceded that the two-prong *Chapin* standard applies, as he must because his legal theories are based on the alleged defamatory implication that results from the publication of *true* facts. *See* Dkt. 72 at 15 ("the proper analysis for the Court when deciding whether a discrete implication is constitutionally protected is to determine whether there is any evidence demonstrating that Defendant intended or endorsed the defamatory implication"); *see id.* at 2, 10. He also has conceded that this case involves a matter of public concern. *See* Dkt. 72 at 28-29.

8

*McGlothlin v. Hennelly*, 2021 WL 2935372, at *2 (4th Cir. July 13, 2021) (no common law malice where no facts showing defendant "doubted—or had reason to doubt—the veracity of the offending statements"); *Horne v. WTVR, LLC*, 893 F.3d 201, 211-12 (4th Cir. 2018) (failure to establish actual malice where no "'*obvious* reasons to doubt the veracity of the informant or the accuracy of his reports'" (emphasis in original)); *Floyd v. Knight*, 2023 WL 4409037, at *13 (D.S.C. Apr. 27, 2023), *report and recommendation adopted*, 2023 WL 4013520 (D.S.C. June 15, 2023) (no common law malice where defendant "reasonably believed" statements to be true).  Nor does the Amended Complaint provide the Court with any basis to infer that either of the Warner Entities acted with common law malice.  There is no factual allegation that the Warner Defendants were involved in researching, interviewing, or reviewing the underlying source materials such that they had "knowledge of information that would have cast serious doubts" on the accuracy of the Documentaries.  Defamation law and Rule 8 require more.  *Faltas v. State Newspaper*, 928 F. Supp. 637, 646 (D.S.C. 1996), *aff'd*, 155 F.3d 557 (4th Cir. 1998) (noting that plaintiff must show "that *each* defendant acted with actual malice, which is defined as knowledge of the falsity of the statement or reckless disregard for its truth" (emphasis added)); *AdvanFort Co. v. Mar. Exec., LLC*, 2015 WL 4603090, at *7 (E.D. Va. July 28, 2015) ("it is well established that actual malice must be proved with respect to *each* defendant.") (emphasis in original) (citing *Cantrell v. Forest City Publ'g Co.*, 419 U.S. 245, 252-54 (1974)).[10]

---

[10] Plaintiff likely will attempt to distinguish these cases by arguing that they relate only to constitutional actual malice. Defendants are not aware of any authority establishing that a plaintiff can satisfy Rule 8 without pleading any facts to demonstrate common law malice *as to each defendant*. Nor would such an outcome be consistent with the similarities between the common law and actual malice standards, especially here where Plaintiff relies on allegations of recklessness. *See* ¶¶ 19, 51; *compare Floyd*, 2023 WL 4409037, at *13 ("reasonably believed" statements to be true), *and McGlothlin*, 2021 WL 2935372, at * 2 (no showing that "doubted—or had reason to doubt—the veracity of the offending statements"), *with Horne*, 893 F.3d at 211-12 (failure to establish actual malice where no "'*obvious* reasons to doubt the veracity of the

9

### B.    The Amended Complaint Fails To Include A Single Factual Allegation To Meet The "Especially Rigorous Showing" That Either Of The Warner Entities Endorsed The Allegedly Defamatory Inference.

Plaintiff attempts to meet the *Chapin* requirements with the same verbatim language as to *both* Documentaries and *all* of the Defendants: "Defendants' deliberate editorial choices and narrative themes suggest that they intended, or at least endorsed, the inference that Plaintiff killed Mr. Smith." *See* ¶¶ 34 (as to Blackfin Documentary), 50 (as to Campfire documentary). On its face, the conclusory language as to both Documentaries and all Defendants fails to make the "especially rigorous showing" required to meet the second prong of *Chapin*. *See* Motions to Dismiss § III. Such vague group pleading neither provides notice about "the actions specifically taken by each of" the Warner Entities that reflects their endorsement of the alleged defamatory meaning nor describes how each Warner Entity "was personally involved" in that conduct. *Evans*, 2016 WL 8193636, at *2. Like with common law malice, the Amended Complaint also does not include any allegations that plausibly support a finding of endorsement. Plaintiff's theory as pleaded is that the Documentaries' "editorial choices and narrative theories" alone are sufficient to show endorsement (¶¶ 34, 50), but there are *no allegations* in the Amended Complaint that could conceivably show that either of the Warner Defendants had any role in the "editorial choices and narrative theories" conveyed. The Court is thus left without a single alleged fact that plausibly (let alone rigorously) shows either of the Warner Entities intended or endorsed the allegedly defamatory inference.

***

Plaintiff's claims against the Warner Entities stand "in violation of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain a 'short and plain statement' of the …

---

informant or the accuracy of his reports'" (emphasis in original)), *and Faltas*, 928 F. Supp. at 646 (defining actual malice to include "reckless disregard for its truth").

basis for a plaintiff's claims *against each defendant*." *Grant*, 2019 WL 2093861, at *6 (emphasis added).  Rule 8, therefore, requires dismissal of all claims against the Warner Entities as impermissible group pleading.  *See id.*; *Herdt*, 2018 WL 827140, at *2.

## II.     THE AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR DEFAMATION AS TO ALL OF THE DEFENDANTS FOR THE REASONS ARTICULATED IN THE CAMPFIRE AND BLACKFIN MOTIONS TO DISMISS.

Rule 12(b)(6) requires the dismissal of the Amended Complaint as to all Defendants, including the Warner Entities, for the additional reasons explained in the motions to dismiss filed by Blackfin and Campfire.  *See* Motions to Dismiss.  Plaintiff has failed to sufficiently identify any allegedly defamatory content as Rule 8 requires.  *Id.* § I.  Even if the lack of specificity were not fatal, the First Amendment of the United States Constitution bars Plaintiff's claims because neither of the Documentaries assert as a fact that he murdered Smith.  *Id.* § II.  As described above and in the Motions to Dismiss, Plaintiff must, but fails to, meet both *Chapin* prongs in order to sufficiently plead a theory of defamation by implication.  *Id.* § III.  Plaintiff defeats his own claim by admitting that reasonable viewers hearing law enforcement interviews in which his name surfaced could draw the same conclusion as they would from watching either of the Documentaries.  *Id.* § IV.  Separately, the Amended Complaint fails to allege any facts sufficient to demonstrate that any (let alone all) of the Defendants acted with common law malice.  *Id.* § V.  Finally, dismissal is required because Plaintiff's legal theory requires attaching liability to factual material privileged as a matter of law.  *Id.* § VI.  The Court should dismiss the respective claims against the Warner Entities if the Court grants either of the Campfire or the Blackfin Motions to Dismiss for any of the aforementioned reasons.

## **CONCLUSION**

For the foregoing reasons, and those raised in Campfire and Blackfin's respective memoranda in support of their Motions to Dismiss, the Warner Entities request that the Court grant their Motions to Dismiss.

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH, LLP

s/ MERRITT G. ABNEY
David E. Dukes, Esq. (Federal Bar No. 00635)
E-Mail: david.dukes@nelsonmullins.com
1320 Main Street, 17th Floor
Post Office Box 11070 (29211-1070)
Columbia, SC 29201
(803) 799-2000

Merritt G. Abney, Esq. (Federal Bar No. 09413)
E-Mail: merritt.abney@nelsonmullins.com
151 Meeting Street / Sixth Floor
Post Office Box 1806 (29402-1806)
Charleston, SC 29401-2239
(843) 853-5200

WILLKIE FARR & GALLAGHER LLP

Meryl C. Governski, *pro hac vice*
Kristin Bender, *pro hac vice*
1875 K Street N.W.
Washington, DC 20006-1238
(202) 303-1000
mgovernski@willkie.com
kbender@willkie.com

*Attorneys for Defendants Blackfin, Inc., Warner Bros. Discovery, Inc., Warner Media Entertainment Pages, Inc. and Campfire Studios, Inc.*

Charleston, South Carolina
April 22, 2025