**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

**BEAUFORT DIVISION**

| | |
|---|---|
| RICHARD ALEXANDER MURDAUGH, JR.,<br><br>            Plaintiff,<br><br>vs.<br><br>BLACKFIN, INC., WARNER BROS. DISCOVERY, INC., WARNER MEDIA ENTERTAINMENT PAGES, INC., and CAMPFIRE STUDIOS, INC.,<br><br>            Defendants. | Case No. 9:24-cv-04914-RMG<br><br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS OF WARNER BROS. DISCOVERY, INC. AND WARNER MEDIA ENTERTAINMENT PAGES, INC.** |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AdvanFort Co. v. Mar. Exec., LLC*,
 C.A. No. 1:15-cv-220, 2015 WL 4603090 (E.D. Va. July 28, 2015) ........................................5

*Barrett v. Bd. of Educ. of Johnston Cnty., N.C.*,
 590 F. App'x 208 (4th Cir. 2014) ..............................................................................................4

*Chapin v. Knight-Ridder, Inc.*,
 993 F.2d 1087 (4th Cir. 1993) ..............................................................................................2, 4

*Faltas v. State Newspaper*,
 928 F. Supp. 637 (D.S.C. 1996), *aff'd*, 155 F.3d 557 (4th Cir. 1998) ......................................5

*Heller v. NBCUniversal, Inc.*,
 CV-15-09631-MWF-KS, 2016 WL 6573985 (C.D. Cal. March 30, 2016) ..........................5, 6

*Herdt v. Horry Cnty. Council*,
 C.A. No. 4:17-cv-00392-RBH, 2018 WL 827140 (D.S.C. Feb. 12, 2018) ...............................1

*Langford v. Joyner*,
 62 F.4th 122 (4th Cir. 2023) ........................................................................................1, 2, 3, 4

*Pierson v. Orlando Reg. Healthcare Syst., Inc.*,
 619 F. Supp. 2d 1260 (M.D. Fla. 2009) ....................................................................................7

*Sanders v. JGWPT Holdings, Inc.*,
 No. 14 C 9188, 2016 WL 4009941 (N.D. Ill. July 26, 2016) ...................................................6

*SD3, LLC v. Black & Decker (U.S.) Inc.*,
 801 F.3d 412 (4th Cir. 2015), *as amended on reh'g in part* (Oct. 29, 2015) ...................1, 5, 6

*Tannerite Sports LLC, v. NBCUniversal News Grp.*,
 864 F.3d 236 (2d Cir. 2017) .....................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 8(a) .........................................................................................................................2

i

The Warner Entities[1] file this Reply in support of the Motion to Dismiss the Amended Complaint (Dkt. 90-1 ("Motion" or "Mot.")) in response to Plaintiff's opposition to the Motion (Dkt. 94 ("Opposition" or "Opp.")). The Warner Entities also join and incorporate by reference in full the replies filed by Campfire and Blackfin. *See* Dkt. [97] & [98].

Plaintiff does not deny that he engages in group pleading by making "collective allegations" against all of the Defendants, but argues there is "no general rule under federal law" prohibiting such pleading and that his "joint allegations are sufficient to provide fair notice of Plaintiff's claims" as to the Warner Entities. Opp. at 1-2. It is not sufficient, as Plaintiff suggests, that the Warner Entities are aware that he is asserting a *claim* of defamation against them. As this Court has explained, Rule 8 requires a plaintiff "set forth ***allegations of wrongdoing as to each Defendant sufficient to give each defendant fair notice of*** what the claim is ***and the grounds upon which it rests***." *Herdt v. Horry Cnty. Council*, C.A. No. 4:17-cv-00392-RBH, 2018 WL 827140, at *2 (D.S.C. Feb. 12, 2018) (emphasis added). As the United States Court of Appeals for the Fourth Circuit has explained "courts have reasoned that requiring specific factual allegations for each defendant gives fair notice to *that* defendant of the plaintiff's claim ***and the underlying factual support***." *Langford v. Joyner*, 62 F.4th 122, 125 (4th Cir. 2023) (latter emphasis added); *accord SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015), *as amended on reh'g in part* (Oct. 29, 2015) (if a complaint "fails to allege particular facts against a particular defendant, then the defendant must be dismissed"). The Fourth Circuit in *Langford* affirmed a South Carolina district court's dismissal of a complaint for failing to comply with Rule 8 by relying on group pleading, explaining that the plaintiff could not meet his "burden of pleading a facially plausible claim" with respect to the state of mind of the defendants without alleging "***factual***

---

[1] This Reply adopts the terms as defined in the Motion.

1

*content* that allows the court to draw the reasonable inference that *the* defendant is liable for the misconduct alleged." *Id.* at 125–26 (emphasis added). The Fourth Circuit explained that the requirement that a complaint plead "sufficient facts to allow the court to infer liability as to *each* defendant" is "baked into Rule 8's requirement that the complaint 'show' the plaintiff is entitled to relief." *Id.* at 126 (emphasis in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) and Fed. R. Civ. P. 8(a)).

The Amended Complaint violates Rule 8 because it does not allege any "factual content" that would allow the Court to draw any reasonable inference that *the Warner Entities* are liable for defamation. The sole non-jurisdictional allegations in the Amended Complaint about either of the Warner Entities relate to the publication of the Documentaries, specifically that: WBD distributed and streamed the Blackfin and Campfire Documentaries on its "streaming platforms and channels" and marketed and advertised them (Dkt. 86 ("Am. Compl.") ¶¶ 12-17); and that Warner Media Entertainment is the "owner of some of the artistic works described" and joined WBD in "distributing and streaming" the Campfire Documentary (¶¶ 6, 15, 36). Publication is only one element of defamation, and Plaintiff does not, because he cannot, point to any factual allegation that apprises either of the Warner Entities of the *factual* basis of any of the other necessary elements, especially common law malice or endorsement of the defamatory implication (as required in this case pursuant to *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1092-93 (4th Cir. 1993)).

Plaintiff in his Opposition confirms that the following four paragraphs in the Amended Complaint—all of which refer to the four Defendants *en masse*—comprise the only allegations relating to common law malice or endorsement:

> "18. Defendants' publications are unprivileged or exceed the scope of any privilege recognized by South Carolina and/or federal law. Defendants' publications are the

2

> product of their own investigations and interviews and not a report of an official law enforcement proceeding. Defendants' publications and republications of the defamatory statements are unfair and biased in that Defendants deliberately chose to omit from the series information, including the information described below, that would have detracted from the series' intended, sensational inference that Plaintiff was responsible for the death of Mr. Smith."

> "19. The publications were made with reckless indifference to the truth and with knowledge of information that would have cast serious doubts on the intended defamatory meaning of the Defendants' publications. In publishing these statements Defendants purposefully ignored information demonstrating their falsity that was readily available to and within the Defendants' knowledge, including information indicating that individuals unrelated to Plaintiff were responsible for Mr. Smith's death. Accident investigation notes from the South Carolina Department of Public Safety's ("DPS") Multi-Disciplinary Accident Investigation Team ("MAIT") that were available to and reviewed by Defendants prior to publishing and republishing their series demonstrate that at least four individuals other than Plaintiff were rumored to be involved in the death of Mr. Smith or were potential suspects, that there was evidence indicating Mr. Smith's death was the result of a hit-and-run and not a homicide, and that the only sources of information tying Plaintiff to Mr. Smith were based on unfounded speculation, rumor, and hearsay. Defendants had no reliable or credible information indicating that Mr. Smith's death was the result of his sexual orientation or connected to Plaintiff."

> "34. Defendants' deliberate editorial choices and narrative themes suggest that they intended, or at least endorsed, the inference that Plaintiff killed Mr. Smith. This inference is created by the juxtaposition of certain statements within the show, even if they are opinion and/or facially true, to create a defamatory implication, alongside certain omissions of information that would have tended to show that Plaintiff was not involved in the death of Mr. Smith."

> "50. Defendants' deliberate editorial choices and narrative themes suggest that they intended, or at least endorsed, the inference that Plaintiff killed Mr. Smith. This inference is created by the juxtaposition of certain statements within the show, even if they are opinion and/or facially true, to create a defamatory implication, alongside certain omissions of information that would have tended to show that Plaintiff was not involved in the death of Mr. Smith."

Opp. at 12-13. Such allegations do not state a claim because they are conclusory recitations of legal elements and whatever factual assertions pleaded do not plausibly allege wrongdoing *specifically as to the Warner Defendants*. *Langford*, 62 F.4th at 123 (4th Cir. 2023) (affirming dismissal for failure to "plausibly allege deliberate indifference on the part of *each* Defendant"

3

(emphasis in original)). *Barrett v. Bd. of Educ. of Johnston Cnty., N.C.*, 590 F. App'x 208, 210–11 (4th Cir. 2014) (affirming dismissal where complaint "failed to allege which defendant was responsible for which violation, sometimes pleading that all the defendants were responsible" because such a "global manner of pleading made the claims at issue less plausible").[2] The Amended Complaint alleges that Blackfin and Campfire (not either of the Warner Entities) "created and produced" the respective Documentaries. Am. Compl. ¶¶ 14-15, 17. None of the allegations about the Warner Entities' "distributing and streaming" of the Documentaries state or make it plausible to infer that either of them was involved in creating or producing them, or had knowledge about any of the (unspecified) information that Plaintiff alleges would have "cast doubts" on the content. Plaintiff must realize the lack of such allegations in the Addended Complaint because he states in Opposition that the Warner Entities were involved in "editorial choices in how the series were created" (Opp. at 13) and that they "jointly created the series and the series' narratives with their co-Defendants" (Opp. at 16). But the Amended Complaint does not include any such allegations, and Plaintiff cannot amend by opposition. *Chapin*, 993 F.2d at 1098; *Tannerite Sports LLC, v. NBCUniversal News Grp.*, 864 F.3d 236, 251 (2d Cir. 2017). "Shorn of facts" relating to the specific conduct of any individual employed by the Warner Entities or the Entities themselves, the Court "cannot reasonably infer" that they had reason to doubt the accuracy of the Documentaries or that they endorsed the inference that Plaintiff murdered Mr. Smith. *Langford*, 62 F.4th at 126.

---

[2] Plaintiff criticizes the cases that the Warner Entities cite in the Motion because they involve "pro se plaintiffs alleging violations of their constitutional rights" but does not offer any reason why Rule 8 would be different in that context, especially considering that courts construe complaints filed by pro se litigants with *more* latitude than individuals represented by counsel. Regardless, the Fourth Circuit in *Langford* and *Barrett* affirmed dismissal of complaints for relying on group pleading and did not relate to *pro se* individuals.

4

Plaintiff has no substantive answer to the requirement that he plead facts demonstrating common law malice as to *each* of the Warner Entities except to attempt to distinguish the two cases cited in the Motion. Plaintiff notes that the Fourth Circuit decision in *Faltas v. State Newspaper*, 928 F. Supp. 637, 646 (D.S.C. 1996), *aff'd*, 155 F.3d 557 (4th Cir. 1998)—holding that a plaintiff must show "that *each* defendant acted" with requisite malice—related to summary judgment. Opp. at 17 (emphasis added). But Plaintiff does not attempt to explain or cite any law supporting the notion that he is absolved of pleading such facts in his Amended Complaint. To the contrary, as the Fourth Circuit has explained, a complaint "must forecast" the "factual showing" that the plaintiff later has the burden to prove. *SD3*, 801 F.3d at 422–23. As far as *AdvanFort Co. v. Mar. Exec., LLC*, C.A. No. 1:15-cv-220, 2015 WL 4603090, at *7 (E.D. Va. July 28, 2015)—which explained that "it is well established that actual malice must be proved with respect to *each* defendant"—Plaintiff's only rebuttal is that that case detailed "how actual malice cannot be imputed to a principle under agency theories unless there is an employer-employee relationship" and he is "not making any such arguments here." Opp. at 17. Plaintiff's argument misses the point. *AdvanFort*'s explanation that "malice '**cannot be imputed from one defendant to another** absent an employer-employee relationship'" means that Plaintiff must plead facts *specific to the Warner Entities* rather than imply (as the Amended Complaint does) that the elements of defamation are imputed to them solely by virtue of publishing the Documentaries. *AdvanFort*, 2015 WL 4603090, at *7.

Plaintiff relies heavily on a California case to criticize the Warner Entities' argument as "completely off-base." Opp. at 14-15 (citing *Heller v. NBCUniversal, Inc.*, CV-15-09631-MWF-KS, 2016 WL 6573985 (C.D. Cal. March 30, 2016). *Heller* is not helpful to Plaintiff because in that case, unlike here, the complaint alleged that all of the relevant defendants were "'credited

5

producers'" of the film in question. *Heller*, 2016 WL 6573985, at *2. It was, therefore, plausible that each of the defendants was responsible for its production even if devoid of details about *how* the film was produced or "in what way each producer contributed to the defamatory statements[.]" *Id* at *3. For the reasons discussed above, there is no allegation that the Warner Entities were involved with the production of the Documentaries—to the contrary, the Amended Complaint alleges only that **Blackfin and Campfire "created and produced**" the Documentaries, and that the Warner Entities' role was limited to "distributing and streaming" them. Unlike in *Heller*, the Amended Complaint offers no basis for the Court to find it plausible to lump together all of the Defendants without differentiation in order to sufficient plead requisite state of mind.[3]  *See SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015), *as amended on reh'g in part* (Oct. 29, 2015) (affirming dismissal of complaint that "failed to allege anything as to several defendants, instead choosing to lump them together in the complaint without explanation").[4]

\*\*\*

The Warner Entities respectfully ask the Court to grant their motion to dismiss because Plaintiff has not even attempted to allege the elements of defamation as to either of the Warner Entities, notwithstanding Rule 8's requirement that a complaint "set forth allegations of

---

[3] To the extent *Heller* offers helpful guidance to this case, it is in favor of dismissal because in that case the court dismissed the complaint for failure to specifically identify the allegedly defamatory statements, explaining that most of the allegedly false statements listed in the complaint "constitute Plaintiff's own interpretations of various scenes depicted" in the film rather than "recite the challenged statements or actions of the Film's characters and then explain in what way those statements or actions are defamatory." *Heller*, 2016 WL 6573985, at *4.

[4] None of the other cases Plaintiff cited relied *solely* on conclusory allegations and, as one of the cases Plaintiff cites explains, group pleading "that refers to 'Defendants' collectively is sufficient under Rule 8 **when a plaintiff provides enough detail about the nature of the allegations to put each defendant on fair notice of the claims**." *Sanders v. JGWPT Holdings, Inc.*, No. 14 C 9188, 2016 WL 4009941, at *10 (N.D. Ill. July 26, 2016) (emphasis added). There are no details, let alone "enough" of them, in the Amended Complaint as to the Warner Entities for the reasons discussed herein.

wrongdoing *as to each Defendant* sufficient to give each defendant fair notice of what the claim is and the grounds upon which it rests." *Herdt*, 2018 WL 827140, at *2 (emphasis added); *see also Tolar v. Cummings*, No. 2:13-cv-00132-JEO, 2014 WL 3974671, at *22 (N.D. Ala. Aug. 11, 2014) (dismissing defamation claim which failed to identify "which 'Defendant' supposedly made" any alleged defamatory statement); *Pierson v. Orlando Reg. Healthcare Syst., Inc.*, 619 F. Supp. 2d 1260, 1284 (M.D. Fla. 2009) (dismissing defamation claim "because of the problem with 'group pleading'" and requiring that "each Defendant is put on fair notice of the claim against him"). Alternatively, the Court should dismiss the lawsuit in its entirety against all Defendants for failure to state a claim for defamation pursuant to Rule 12(b)(6) for the reasons argued in the Blackfin and Campfire Motions to Dismiss.

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH, LLP

s/ MERRITT G. ABNEY
David E. Dukes, Esq. (Federal Bar No. 00635)
E-Mail: david.dukes@nelsonmullins.com
1320 Main Street, 17th Floor
Post Office Box 11070 (29211-1070)
Columbia, SC 29201
(803) 799-2000

Merritt G. Abney, Esq. (Federal Bar No. 09413)
E-Mail: merritt.abney@nelsonmullins.com
151 Meeting Street / Sixth Floor
Post Office Box 1806 (29402-1806)
Charleston, SC 29401-2239
(843) 853-5200

WILLKIE FARR & GALLAGHER LLP

Meryl C. Governski, *pro hac vice*
Kristin Bender, *pro hac vice*
1875 K Street N.W.
Washington, DC 20006-1238

7

        (202) 303-1000
        mgovernski@willkie.com
        kbender@willkie.com

*Attorneys for Defendants Blackfin, Inc., Warner Bros. Discovery, Inc., Warner Media Entertainment Pages, Inc. and Campfire Studios, Inc.*

Charleston, South Carolina
June 2, 2025