IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Richard Alexander Murdaugh, Jr., <br><br>    Plaintiff, <br>  v. <br><br>Blackfin, Inc., *et al.*, <br><br>    Defendants. | Case No. 9:24-cv-4914-RMG <br><br>**ORDER AND OPINION** |

Before the Court are motions to dismiss by Defendants Warner Bros. Discovery, Inc., Warner Media Entertainment Pages, Inc., Blackfin, Inc. and Campfire Studios Inc. (collectively, the "Warner Defendants"). (Dkt. Nos. 88-90). Plaintiff responded (Dkt. Nos. 94-96), and Defendants replied (Dkt. Nos. 97-99).

For the reasons set forth below, the Court denies Defendants' motions to dismiss.

**I.    Background**

Plaintiff's claims arise from two documentaries: (1) "Murdaugh Murders: Deadly Dynasty" (the "Blackfin Documentary"), produced by Defendant Blackfin, Inc. ("Blackfin") and streamed by Defendant Warner Bros. Discovery, Inc. ("WBD") on Discovery+ and the Investigation Discovery television channel, and (2) "Low Country: The Murdaugh Dynasty" (the "Campfire Documentary"), produced by Defendant Campfire Studios, Inc. ("Campfire") and WBD and streamed by Warner Media Entertainment on HBO Max. Plaintiff alleges that the documentaries produced and distributed by Defendants are defamatory by implication in that they falsely imply that Plaintiff murdered Stephen Smith. (Dkt. No. 86).

## II. Legal Standard

Fed. R. Civ. P. 12(b)(6) permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 1980). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Id.*

## III. Discussion

Defendants move to dismiss Plaintiff's Amended Complaint on six grounds, arguing that it (1) fails to sufficiently identify the allegedly defamatory content, (2) is barred by the First Amendment, (3) fails to plead facts that the documentaries "conveyed the defamatory inference

2

Plaintiff ascribes to it and that any of the Moving Defendants endorsed that inference," (4) is barred by the substantial truth doctrine, (5) fails to plead common law malice and (6) is barred by the fair report privilege. (Dkt. No. 88-1 at 13-14; Dkt. No. 89-1 at 13-14; Dkt. No. 90-1 at 11). The Warner Defendants move to dismiss Plaintiff's Amended Complaint on the additional bases that Plaintiff "fails to include a single factual allegation demonstrating that either of the Warner Entities published the documentaries with common law malice" or "endorsed the allegedly defamatory inference." (Dkt. No. 90-1 at 6-11). The Court considers Defendants' arguments in turn.

### A. The Warner Entities' Motion To Dismiss (Dkt. No. 90)

The Court begins by addressing the arguments specific to the Warner Entities. (*See* Dkt. No. 90-2 at 1 n.2). The Warner Entities complain that Plaintiff has failed to provide them with notice of the allegations against them as required by Rule 8 where "[t]he only arguably substantive allegation as to either of the Warner Entities is that they published the allegedly defamatory content by streaming and broadcasting the documentaries" which "is only one of many elements of defamation." (Dkt. No. 90-1 at 7). They highlight that "[t]he Amended Complaint does not include *a single fact* specific to the Warner Entities relating to common law malice" nor that they "intended or endorsed the allegedly defamatory inference"—both required elements of Plaintiff's defamation by implication claim. (*Id.* at 8, 10).

"In order to prove defamation, the plaintiff must show (1) a false and defamatory statement was made; (2) the unprivileged publication was made to a third party; (3) the publisher was at fault; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Erickson v. Jones St. Publishers, L.L.C.*, 629 S.E.2d 653, 664 (S.C. 2006). A claim for defamation must state the alleged defamatory statement(s) as well as the "time, place, medium, and listener of the alleged defamatory statements." *Gentry v.*

3

*Bioverativ U.S. LLC*, No. 2:19-cv-0873-MBS, 2019 WL 3802476, at *9 (D.S.C. Aug. 13, 2019). "Defamation may also be accomplished through inference, implication, innuendo or insinuation, as well as through direct reference." *Neloms v. Charleston Cnty. Sch. Dist.*, 2019 WL 6092279, at *13 (D.S.C. June 19, 2019) (internal quotations and citation omitted). Defamation by implication—the theory advanced by Plaintiff in this case—requires the "especially rigorous showing" where "the expressed facts are literally true." *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1092 (4th Cir. 1993). "A defamatory implication must be present in the plain and natural meaning of the words used." *Id.* "The language must not only be reasonably read to impart the false innuendo, but it must also affirmatively suggest that the author intends or endorses the inference." *Id.*

The Court finds that Plaintiff has plausibly plead his defamation by implication claim against the Warner Entities and denies Defendants' motion for dismissal on this basis. Plaintiff alleges in his Amended Complaint that Defendants published the documentaries "with reckless indifference to the truth and with knowledge of information that would have cast serious doubts on the intended defamatory meaning of the Defendants' publications" and "intended, or at least endorsed, the inference that Plaintiff killed Mr. Smith" through "the juxtaposition of certain statements within the show, even if they are opinion and/or facially true, to create a defamatory implication, alongside certain omissions of information that would have tended to show that Plaintiff was not involved in the death of Mr. Smith." (Dkt. No. 86, ¶¶ 19, 34, 50). Plaintiff identifies these statements concerning Mr. Smith in paragraphs 47-48 of his Amended Complaint and details how the surrounding editing and context infuses the publications with a defamatory meaning. He alleges that the Warner Entities published these defamatory statements throughout the entire country "with reckless indifference to the truth and with knowledge of information that

would have cast serious doubts on the intended defamatory meaning of the Defendants' publications. (*Id.*, ¶¶ 3, 15).  The Court considers that Plaintiff has plausibly plead a claim for relief against the Warner Entities pursuant to Fed. R. Civ. P. 8.  For the same reasons, the Court finds that Plaintiff has sufficiently identified the alleged defamatory content by Defendants Blackfin and Campfire and proceeds to consider Defendants' argument that Plaintiff's case is barred on First Amendment Grounds.[1]

### B.  First Amendment And Defamation By Implication

Defendants argue that "Plaintiff's lawsuit does not 'comport with the First Amendment' because the [Documentaries] 'cannot reasonably be interpreted" as conveying that Plaintiff was "the murderer of Stephen Smith" (Blackfin Documentary) (Dkt. No. 88-1 at 16) or "as having stated as a fact that Plaintiff killed Smith, used a baseball bat to kill Smith, or killed him due to a relationship with Smith" (Campfire Documentary) (Dkt. No. 89-1 at 16).  In Defendants' view, neither documentary asserts any facts about Plaintiff or Smith's death, and rather merely highlight theories floated by law enforcement and individuals within Hampton County regarding Smith's death and Plaintiff's involvement. (Dkt. No. 88-1 at 16-22; Dkt. No. 89-1 at 16-22).

The Court finds that Plaintiff has plausibly plead a defamation by implication claim that comports with the First Amendment.  "When a speaker plainly expresses 'a subjective view, an interpretation, a theory, conjecture or surmise, rather than [a] claim[ ] to be in possession of objectively verifiable [false] facts, the statement is not actionable.'" *Biospherics, Inc. v. Forbes, Inc.*, 151 F.3d 180, 186 (4th Cir. 1998) (quoting *Haynes v. Alfred A. Knopf, Inc.,* 8 F.3d 1222, 1227 (7th Cir. 1993)). "A question can conceivably be defamatory, though it must be reasonably read

---

[1] Defendants have not moved for a more definite statement of Plaintiff's defamation claim pursuant to Fed. R. Civ. P. 12(e).

as an *assertion* of a false *fact;* inquiry itself, however embarrassing or unpleasant to its subject, is not accusation: *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1094 (4th Cir. 1993) (emphasis in original). Opinion statements may nonetheless imply a false assertion of fact "[e]ven if the speaker states the facts upon which he bases his opinion, if those facts are either incorrect or incomplete, or if his assessment of them is erroneous." *Milkovich v. Lorain J. Co.*, 497 U.S. 1, 19 (1990). Defamation by implication may arise notwithstanding the truth of the alleged defamatory statements where such language can be reasonably read (or understood) to impart the false innuendo and affirmatively suggests that its speaker or publisher intends or endorses that inference. *Leask v. Robertson*, 589 F. Supp. 3d 506, 524 (D.S.C. 2022); *id.* at 524 ("*Chapin* merely explained that if the alleged defamation 'arises from substantially true facts,' a plaintiff may argue that the collection of true statements was deployed in a way that suggested a false implication.") (quoting *Chapin*, 993 F.2d at 1092).

Here, Plaintiff has plead that Defendants' deliberate editorial choices—specifically, the juxtaposition of certain statements and omissions within the two documentaries—falsely imply and endorse the inference that Plaintiff is the murderer of Stephen Smith. (*See generally* Dkt. No. 86). The Court finds that Plaintiff has stated a plausible defamation by implication claim and that his lawsuit is not barred by the First Amendment.

### C. Substantial Truth Doctrine

Defendants argue that "[t]he substantial truth doctrine requires dismissal because Plaintiff cannot demonstrate that [either documentary] would create a 'different effect on the mind of' the viewer 'from that which the pleaded truth would have produced.'" (Dkt. No. 88-1 at 28; Dkt. No. 89-1 at 28) (quoting *Masson v. New Yorker Mag., Inc.*, 501 U.S. 496, 517 (1991)). Defendants explain that Plaintiff's name repeatedly surfaced during the law enforcement investigation into

Stephen Smith's death, such that including audio excerpts from recordings of the investigation in the documentaries does not have a different effect on the viewer from the pleaded truth. (*Id.*). "Truth of the matter or substantial truth is a complete defense to a claim for defamation." *A Fisherman's Best, Inc. v. Recreational Fishing All.*, 310 F.3d 183, 196 (4th Cir. 2002).

The Court finds that Plaintiff has plausibly plead that the documentaries present the audio excerpts of law enforcement interviews—in other words, the "pleaded truth"—in an editorialized manner that has a different effect on the mind of the viewer from the pleaded truth. In sum, Plaintiff's argument is that the pleaded truth is defamatory by implication considering the surrounding context of the documentaries and the manner in which that truth is presented. The Court finds that Plaintiff's lawsuit is not barred by the substantial truth doctrine.

### D. Fault

Defendants argue that, even assuming Plaintiff is a private figure, he has failed to plead facts supporting a claim of common law malice by Defendants. (Dkt. No. 88-1 at 29; Dkt. No. 89-1 at 30). The common law malice standard requires that a private figure defamation plaintiff show "the defendant was actuated by ill will in what he did, with the design to causelessly and wantonly injure the plaintiff, or that the statements were published with such recklessness as to show a conscious indifference toward plaintiff's rights." *Tharp v. Media Gen., Inc.*, 987 F. Supp. 2d 673, 680 (D.S.C. 2013) (quoting *Jones v. Garner*, 158 S.E.2d 909, 914 (S.C. 1968)).

Defendants contend that "[t]he allegations that the Defendants relied on alleged 'speculation, rumor, or hearsay' or 'purposefully ignored information' about other individuals 'rumored to be involved' in Smith's death are too vague" and that Plaintiff relies on improper group pleading "[b]y lumping together the states of mind of multiple organizations and with respect to all Defendants *en masse*." (Dkt. No. 88-1 at 30-31; Dkt. No. 89-1 at 32-33). On review

7

of Plaintiff's Amended Complaint, the Court disagrees that Plaintiff fails to allege fault by Defendants. Rather, Plaintiff alleges that "Defendants purposefully ignored information demonstrating their falsity that was readily available to and within the Defendants' knowledge" including "[a]ccident investigation notes from the South Carolina Department of Public Safety's Multi-Disciplinary Accident Investigation Team." (Dkt. No. 86, ¶ 19). Plaintiff further alleges that "[t]he series purposefully omits information that would have been known and is known to the Defendants, including information that Randy Murdaugh was representing Mr. Smith's father, Joel Smith, in an ongoing, unrelated case at the time of Stephen Smith's death." (*Id.*, ¶ 30). The Court finds that Plaintiff has plausibly alleged common law malice by Defendants sufficient to overcome dismissal at this stage.

### E.  Fair Report Privilege

Defendants argue that the fair report privilege is fatal to Plaintiff's defamation claims. (Dkt. No. 88-1 at 33; Dkt. No. 89-1 at 33). "Under longstanding South Carolina case law, contents of governmental records—such as judicial proceedings, case reports, published cases, investigative reports, or arrest records—do not give rise to liability for slander or libel." *Aitch v. Maybin*, No. CIVA 9:08-2242 HMH G, 2008 WL 2943348, at *2 (D.S.C. July 29, 2008), *aff'd*, 325 F. App'x 281 (4th Cir. 2009) (citing *Padgett v. Sun News*, S.E.2d 30, 32–33 (S.C. 1982)). The fair report privilege is a qualified privilege. *West v. Morehead*, 720 S.E.2d 495, 498 (S.C. Ct. App. 2011). "Under this defense [of qualified privilege], one who publishes defamatory matter concerning another is not liable for the publication if (1) the matter is published upon an occasion that makes

it [qualifiedly or] conditionally privileged, and (2) the privilege is not abused." *Swinton Creek Nursery v. Edisto Farm Credit,* 514 S.E.2d 126, 134 (S.C. 1999).[2]

Here, the Court need not decide at this stage which state's privilege law applies because Plaintiff's theory of liability does not rest solely on the reporting or republication of law enforcement reports. Rather, Plaintiff alleges that Defendants' selective juxtaposition of law enforcement interviews with interviews of individuals within Hampton County and reports regarding the Murdaugh family, in tandem, create the defamatory implication that Plaintiff is responsible for Stephen Smith's death. The Court finds that the fair report privilege does not bar Plaintiff's lawsuit.

### IV.   Conclusion

In light of the foregoing, Defendants' motions to dismiss are **DENIED**. (Dkt. Nos. 88-90).

**AND IT IS SO ORDERED.**

  s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

June 9, 2025
Charleston, South Carolina

---

[2] Defendants contest that New York (Blackfin) and California (Campfire) law supply the fair report privilege in this case under choice of law principles. (Dkt. No. 88-1 at 34; Dkt. No. 89-1 at 34).