IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | |
|---|---|
| RICHARD ALEXANDER MURDAUGH, JR., <br><br>     Plaintiff, <br><br>vs. <br><br>BLACKFIN, INC., WARNER BROS. DISCOVERY, INC., WARNER MEDIA ENTERTAINMENT PAGES, INC., and CAMPFIRE STUDIOS, INC., <br><br>     Defendants. | Case No. 9:24-cv-04914-RMG <br><br><br><br>**DEFENDANT BLACKFIN, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT** |

Defendant Blackfin, Inc. ("Blackfin" or "Defendant"), by and through its undersigned counsel, upon knowledge as to its own actions and upon information and belief as to all other matters, hereby answers Plaintiff's Amended Complaint (the "Amended Complaint") filed by Richard Alexander Murdaugh Jr. ("Plaintiff") in the above-captioned action (the "Action") as set forth below. Any allegations not expressly admitted are denied. Defendant reserves the right to amend or supplement this Answer at a later stage of the litigation as permitted by the District Court and reserves any and all affirmative defenses.

**FOR A FIRST DEFENSE**

1. Responding to Paragraph 1 of the Amended Complaint, Blackfin admits that it is a corporation organized and existing under the laws of New York with its principal place of business

in New York. To the extent that Paragraph 1 of the Amended Complaint states a conclusion of law, no response is required, but to the extent one is required, Blackfin denies the remaining allegations.

2. Responding to Paragraph 2 of the Amended Complaint, Blackfin admits that it has transacted and engaged in business within South Carolina, including in connection with the documentary titled "Murdaugh Murders: Deadly Dynasty" that Plaintiff alleges gives rise to the cause of action described in Plaintiff's complaint. Blackfin otherwise denies all allegations in Paragraph 2.

3. The allegations in Paragraph 3 of the Amended Complaint do not pertain to Blackfin and state conclusions of law. Therefore, no response is required. To the extent a response is required, Blackfin lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

4. The allegations in Paragraph 4 of the Amended Complaint do not pertain to Blackfin. Therefore, no response is required. To the extent a response is required, Blackfin lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

5. The allegations in Paragraph 5 of the Amended Complaint do not pertain to Blackfin and state conclusions of law. Therefore, no response is required. To the extent a response is required, Blackfin lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

6. The allegations in Paragraph 6 of the Amended Complaint do not pertain to Blackfin. Therefore, no response is required. To the extent a response is required, Blackfin lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

7. The allegations in Paragraph 7 of the Amended Complaint do not pertain to Blackfin and state conclusions of law. Therefore, no response is required. To the extent a response is required, Blackfin lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

8. The allegations in Paragraph 8 of the Amended Complaint do not pertain to Blackfin. Therefore, no response is required. To the extent a response is required, Blackfin lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

9. To the extent that the allegations in Paragraph 9 of the Amended Complaint state conclusions of law, no response is required. To the extent a response is required, Blackfin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

10. Responding to Paragraph 10 of the Amended Complaint, Blackfin does not contest venue.

11. Responding to Paragraph 11 of the Amended Complaint, the news reports and law enforcement materials pertaining to the death of Stephen Smith speak for themselves and Blackfin denies Plaintiff's characterization of them. To the extent Paragraph 11 states a legal conclusion, no response is required. Blackfin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

12. Responding to Paragraph 12 of the Amended Complaint, Blackfin admits that on or about June 17, 2022, a series titled "Murdaugh Murders: Deadly Dynasty" (the "Blackfin Documentary") began streaming and broadcasting on discovery+ and the Investigation Discovery television channel, which are available throughout the country. Blackfin denies Plaintiff's

purported characterization of the Blackfin Documentary which speaks for itself, and refers the Court to the Blackfin Documentary for its contents. To the extent Paragraph 12 sets forth legal conclusions regarding the contents and implications of the Blackfin Documentary, no response is required. Blackfin lacks knowledge or information sufficient to form a belief as to the truth of the company responsible for streaming and broadcasting the Blackfin Documentary and therefore denies the same. Blackfin otherwise denies the allegations of Paragraph 12 of the Amended Complaint.

13. Responding to Paragraph 13 of the Amended Complaint, Blackfin admits that the Blackfin Documentary has been published to viewers who watched the show, including viewers in South Carolina. To the extent Paragraph 13 states a legal conclusion, no response is required. Blackfin denies all other factual allegations in Paragraph 13 or lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies the same.

14. Responding to Paragraph 14 of the Amended Complaint, Blackfin admits that it created and produced the Blackfin Documentary and engaged in development, investigation, and filming activities within South Carolina. To the extent Paragraph 14 states a legal conclusion, no response is required. Blackfin denies Plaintiff's purported characterization of the Blackfin Documentary which speaks for itself, and refers the Court to the Blackfin Documentary for its contents. Blackfin otherwise denies any remaining allegations in Paragraph 14.

15. The allegations in Paragraph 15 of the Amended Complaint do not pertain to Blackfin. Therefore, no response is required. To the extent a response is required, Blackfin lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

16. The allegations in Paragraph 16 of the Amended Complaint do not pertain to Blackfin and state legal conclusions. Therefore, no response is required. To the extent a response is required, Blackfin lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

17. The allegations in Paragraph 17 of the Amended Complaint do not pertain to Blackfin. Therefore, no response is required. To the extent a response is required, Blackfin lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

18. The allegations in Paragraph 18 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, Blackfin denies the allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

19. The allegations in Paragraph 19 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, the investigative records relating to Mr. Smith's death speak for themselves and Blackfin denies Plaintiff's characterization of them. Blackfin denies the remaining allegations in Paragraph 19 or lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

20. Responding to Paragraph 20 of the Amended Complaint, Blackfin hereby incorporates all responses to Paragraphs 1 through 19 as fully set forth herein.

21. Responding to Paragraph 21 of the Amended Complaint, Blackfin admits that Episode 1 of the Blackfin Documentary is titled "Pandora's Box."

22. Responding to Paragraph 22 of the Amended Complaint, Blackfin admits that the first episode of the Blackfin Documentary contains an introductory sequence and an on-screen graphic of "Murdaugh Murders: Deadly Dynasty" but denies Plaintiff's purported characterization of the Blackfin Documentary, including the introductory sequence, which speaks for itself. Blackfin otherwise denies the allegations in Paragraph 22 of the Amended Complaint.

23. Responding to Paragraph 23 of the Amended Complaint, Blackfin admits that the first episode of the Blackfin Documentary contains the quoted language in Paragraph 23. Blackfin denies Plaintiff's characterizations of the Blackfin Documentary, which speaks for itself, and refers the Court to the Blackfin Documentary for its contents. Blackfin otherwise denies all allegations in Paragraph 23.

24. Responding to Paragraph 24 of the Amended Complaint, Blackfin admits that the first episode of the Blackfin Documentary contains the quoted language in Paragraph 24. Blackfin denies Plaintiff's characterizations of the Blackfin Documentary, which speaks for itself, and refers the Court to the Blackfin Documentary for its contents. Blackfin otherwise denies all allegations in Paragraph 24.

25. Responding to Paragraph 25 of the Amended Complaint, Blackfin admits that the first episode of the Blackfin Documentary contains the quoted language in Paragraph 25. Blackfin denies Plaintiff's characterizations of the Blackfin Documentary, which speaks for itself, and refers the Court to the Blackfin Documentary for its contents. To the extent Paragraph 25 sets forth a legal conclusion, no response is required. Blackfin otherwise denies all allegations in Paragraph 25.

26. Responding to Paragraph 26 of the Amended Complaint, Blackfin admits that Episode 2 of the Blackfin Documentary is titled "Something Wicked This Way Comes."

27. Responding to Paragraph 27 of the Amended Complaint, Blackfin admits that the second episode of the Blackfin Documentary contains the quoted language in Paragraph 27. Blackfin denies Plaintiff's characterizations of the Blackfin Documentary, which speaks for itself, and refers the Court to the Blackfin Documentary for its contents. Blackfin otherwise denies all allegations in Paragraph 27.

28. Responding to Paragraph 28 of the Amended Complaint, Blackfin denies Plaintiff's characterizations of the Blackfin Documentary, which speaks for itself, and refers the Court to the Blackfin Documentary for its contents. Blackfin otherwise denies all allegations in Paragraph 28.

29. Responding to Paragraph 29 of the Amended Complaint, Blackfin admits that the second episode of the Blackfin Documentary contains the quoted language in Paragraph 29. Blackfin denies Plaintiff's characterizations of the Blackfin Documentary, which speaks for itself, and refers the Court to the Blackfin Documentary for its contents. To the extent Paragraph 29 sets forth a legal conclusion, no response is required. Blackfin otherwise denies all allegations in Paragraph 29.

30. Responding to Paragraph 30 of the Amended Complaint, Blackfin admits that the second episode of the Blackfin Documentary contains the quoted language in Paragraph 30. Blackfin denies Plaintiff's characterizations of the Blackfin Documentary, which speaks for itself, and refers the Court to the Blackfin Documentary for its contents. Blackfin otherwise denies all allegations in Paragraph 30.

31. Responding to Paragraph 31 of the Amended Complaint, Blackfin admits that episode two of the Blackfin Documentary contains the quoted language in Paragraph 31. Blackfin denies Plaintiff's characterizations of the Blackfin Documentary which speaks for itself and refers the Court to the Blackfin Documentary for its contents. To the extent Paragraph 31 sets forth a

legal conclusion, no response is required. Blackfin otherwise denies all allegations in Paragraph 31.

32. The allegations in Paragraph 32 of the Amended Complaint state a legal conclusion and Plaintiff's characterizations of his claims and allegations in the Action to which no response is required. To the extent a response is required, Blackfin denies Plaintiff's characterization of the Blackfin Documentary, which speaks for itself, and refers the Court to the Blackfin Documentary for its contents. Blackfin otherwise denies all allegations in Paragraph 32.

33. The allegations in Paragraph 33 of the Amended Complaint state a legal conclusion and Plaintiff's characterizations of his claims and allegations in the Action to which no response is required. To the extent a response is required, Blackfin denies Plaintiff's characterization of the Blackfin Documentary, which speaks for itself, and refers the Court to the Blackfin Documentary for its contents. Blackfin otherwise denies all allegations in Paragraph 33.

34. The allegations in Paragraph 34 of the Amended Complaint state a legal conclusion and Plaintiff's characterization of his claims and allegations in the Action to which no response is required. To the extent a response is required, Blackfin denies Plaintiff's characterization of the Blackfin Documentary, which speaks for itself, and refers the Court to the Blackfin Documentary for its contents. Blackfin otherwise denies all allegations in Paragraph 34.

35. Responding to Paragraph 35 of the Amended Complaint, Blackfin hereby incorporates all responses to Paragraphs 1 through 34 as fully set forth herein.

36. The allegations in Paragraph 36 of the Amended Complaint do not pertain to Blackfin. Therefore, no response is required. To the extent that a response is required, Blackfin admits that Episode 1 of the documentary "Low Country: The Murdaugh Dynasty" is titled "Kings of the Lowcountry."

37. The allegations in Paragraph 37 of the Amended Complaint do not pertain to Blackfin and state conclusions of law and Plaintiff's characterization of his claims and allegations in this Action. Therefore, no response is required. To the extent a response is required, Blackfin lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

38. The allegations in Paragraph 38 of the Amended Complaint do not pertain to Blackfin and state conclusions of law and Plaintiff's characterization of his claims and allegations in this Action. Therefore, no response is required. To the extent a response is required, Blackfin lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

39. The allegations in Paragraph 39 of the Amended Complaint do not pertain to Blackfin and state conclusions of law and Plaintiff's characterization of his claims and allegations in this Action. Therefore, no response is required. To the extent a response is required, Blackfin lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

40. The allegations in Paragraph 40 of the Amended Complaint do not pertain to Blackfin and state conclusions of law and Plaintiff's characterization of his claims and allegations in this Action. Therefore, no response is required. To the extent a response is required, Blackfin lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

41. The allegations in Paragraph 41 of the Amended Complaint do not pertain to Blackfin. Therefore, no response is required. To the extent a response is required, Blackfin admits

that Episode 2 of the documentary "Low Country: The Murdaugh Dynasty" is titled "Something in the Road."

42. The allegations in Paragraph 42 of the Amended Complaint do not pertain to Blackfin and state conclusions of law and Plaintiff's characterization of his claims and allegations in this Action. Therefore, no response is required. To the extent a response is required, Blackfin lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

43. The allegations in Paragraph 43 of the Amended Complaint do not pertain to Blackfin and state conclusions of law and Plaintiff's characterization of his claims and allegations in this Action. Therefore, no response is required. To the extent a response is required, Blackfin lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

44. The allegations in Paragraph 44 of the Amended Complaint do not pertain to Blackfin and state conclusions of law and Plaintiff's characterization of his claims and allegations in this Action. Therefore, no response is required. To the extent a response is required, Blackfin lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

45. The allegations in Paragraph 45 of the Amended Complaint do not pertain to Blackfin and state conclusions of law and Plaintiff's characterization of his claims and allegations in this Action. Therefore, no response is required. To the extent a response is required, Blackfin lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

46. The allegations in Paragraph 46 of the Amended Complaint do not pertain to Blackfin and state conclusions of law and Plaintiff's characterization of his claims and allegations in this Action. Therefore, no response is required. To the extent a response is required, Blackfin lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

47. The allegations in Paragraph 47 of the Amended Complaint do not pertain to Blackfin and state conclusions of law and Plaintiff's characterization of his claims and allegations in this Action. Therefore, no response is required. To the extent a response is required, Blackfin lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

48. The allegations in Paragraph 48 of the Amended Complaint do not pertain to Blackfin and state conclusions of law and Plaintiff's characterization of his claims and allegations in this Action. Therefore, no response is required. To the extent a response is required, Blackfin lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same

49. The allegations in Paragraph 49 of the Amended Complaint do not pertain to Blackfin and state conclusions of law and Plaintiff's characterization of his claims and allegations in this Action. Therefore, no response is required. To the extent a response is required, Blackfin lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

50. The allegations in Paragraph 50 of the Amended Complaint state conclusions of law and Plaintiff's characterization of his claims and allegations in this Action. Therefore, no response is required. To the extent a response is required, Blackfin denies all allegations or lacks

knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

51. The allegations in Paragraph 51 of the Amended Complaint state conclusions of law and Plaintiff's characterization of his claims and allegations in this Action. Therefore, no response is required. To the extent a response is required, Blackfin denies all allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

## AFFIRMATIVE AND OTHER DEFENSES

Blackfin sets forth the following affirmative defenses. By asserting the below defenses, Blackfin does not assume the burden of proof when it is otherwise placed on the Plaintiff under applicable law.

## FOR A SECOND DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## FOR A THIRD DEFENSE

Plaintiff's claims are barred because the Amended Complaint lacks sufficient particularity to permit a determination of what statements he is claiming convey the defamatory meaning.

## FOR A FOURTH DEFENSE

The Amended Complaint is barred in whole or part by the First and Fourteenth Amendments to the United States Constitution, Article I § 2 of the South Carolina Constitution, and/or by common law.

## FOR A FIFTH DEFENSE

Some or all of the challenged statements are not "of and concerning" the Plaintiff.

## FOR A SIXTH DEFENSE

Any allegedly defamatory statement of and concerning Plaintiff is true or substantially true, and Plaintiff cannot carry his burden of proving that they are materially false.

## FOR A SEVENTH DEFENSE

Some or all of the challenged statements are not defamatory or defamatory *per se*.

## FOR AN EIGHTH DEFENSE

Some or all of the challenged statements are not reasonably capable of the defamatory meaning attributed to them by Plaintiff.

## FOR A NINTH DEFENSE

Some or all of the challenged statements are nonactionable under the First Amendment and South Carolina law because they are pure opinion.

## FOR A TENTH DEFENSE

Some or all of the challenged statements are nonactionable under the First Amendment and South Carolina law because they are opinions or conclusions based upon disclosed facts.

## FOR AN ELEVENTH DEFENSE

At all relevant times, Plaintiff was a public figure for purposes of the law of defamation as relevant to his claims in this action.

## FOR A TWELFTH DEFENSE

The statements in question are all related to matters of substantial public interest and legitimate public concern.

**FOR A THIRTEENTH DEFENSE**

Blackfin acted without malice, in both the constitutional sense and the common law sense, and without the requisite scienter, in both the constitutional sense and the common law sense, in all of its conduct relating to the statements at issue.

**FOR A FOURTEENTH DEFENSE**

Blackfin acted without the requisite degree of fault required by the United States Constitution in all of its conduct relating to the statements at issue.

**FOR A FIFTEENTH DEFENSE**

Some or all of the challenged statements are nonactionable under the First Amendment and South Carolina and New York law pursuant to the fair report privilege.

**FOR A SIXTEENTH DEFENSE**

Some or all of the challenged statements are nonactionable under the First Amendment and South Carolina and New York law pursuant to the doctrine of neutral reportage privilege.

**FOR A SEVENTEENTH DEFENSE**

Some or all of the challenged statements are nonactionable under the subsidiary meaning doctrine.

**FOR AN EIGHTEENTH DEFENSE**

Blackfin did not intend to convey the implication alleged.

**FOR A NINETEENTH DEFENSE**

Blackfin did not endorse the implication alleged.

**FOR A TWENTIETH DEFENSE**

The Amended Complaint is barred in whole or in part by the incremental harm doctrine.

**FOR A TWENTY-FIRST DEFENSE**

The Amended Complaint is barred in whole or in part to the extent that the Amended Complaint arises from conduct not attributable to Blackfin, and any recovery by Plaintiff should be reduced in proportion to the fault of others.

**FOR A TWENTY-SECOND DEFENSE**

Defendants did not proximately cause any injury that Plaintiff allegedly suffered.

**FOR A TWENTY-THIRD DEFENSE**

Plaintiff's alleged damages, if any, are the result of his own conduct or the conduct of others beyond Defendants' control and for whom Defendant is not legally responsible.

**FOR A TWENTY-FOURTH DEFENSE**

The Amended Complaint is barred in whole or in part because Plaintiff has not alleged special damages with sufficient particularity, and cannot prove special damages.

**FOR A TWENTY-FIFTH DEFENSE**

Plaintiff has failed to mitigate his damages.

**FOR A TWENTY-SIXTH DEFENSE**

Plaintiff is not entitled to recover any punitive damages because the Amended Complaint fails to plead facts sufficient to support the recovery of punitive damages.

**FOR A TWENTY-SEVENTH DEFENSE**

Plaintiff is not entitled to recover any punitive damages because any such award would violate Blackfin's rights to due process and equal protection under the law, under the United States Constitution and South Carolina Constitution, and the Fairness in Civil Justice Act, S.C. Code §§ 15-32-510, *et seq*, and/or other state laws of common law of the State of South Carolina.

**FOR A TWENTY-EIGHTH DEFENSE**

Blackfin hereby gives notice that, due to its incomplete knowledge as to the matters set forth in the Amended Complaint, it is unable to determine whether it has additional defenses not expressly enumerated in the preceding paragraphs or elsewhere in this Answer. Defendant thus reserves its right to amend its Answer, to assert additional defenses and to rely upon those additional defenses to the extent they become available or apparent during discovery or further proceedings in this action.

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH, LLP

s/ MERRITT G. ABNEY
David E. Dukes, Esq. (Federal Bar No. 00635)
E-Mail: david.dukes@nelsonmullins.com
1320 Main Street, 17th Floor
Post Office Box 11070 (29211-1070)
Columbia, SC 29201
(803) 799-2000

Merritt G. Abney, Esq. (Federal Bar No. 09413)
E-Mail: merritt.abney@nelsonmullins.com
151 Meeting Street / Sixth Floor
Post Office Box 1806 (29402-1806)
Charleston, SC 29401-2239
(843) 853-5200

WILLKIE FARR & GALLAGHER LLP

Meryl C. Governski, *pro hac vice*
Kristin Bender, *pro hac vice*
1875 K Street N.W.
Washington, DC 20006-1238
(202) 303-1000

        mgovernski@willkie.com
        kbender@willkie.com

        *Attorneys for Defendants Blackfin, Inc., Warner Bros. Discovery, Inc., Warner Media Entertainment Pages, Inc. and Campfire Studios, Inc.*

Charleston, South Carolina
June 23, 2025