IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

|  |  |
|---|---|
| RICHARD ALEXANDER MURDAUGH, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>BLACKFIN, INC., WARNER BROS. DISCOVERY, INC., WARNER MEDIA ENTERTAINMENT PAGES, INC., and CAMPFIRE STUDIOS, INC.,<br><br>Defendants. | Case No. 9:24-cv-04914-RMG<br><br><br><br>**DEFENDANT CAMPFIRE STUDIOS, INC'S. ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT** |

Defendant Campfire Studios Inc. ("Campfire") by and through its undersigned counsel, upon knowledge as to its own actions and upon information and belief as to all other matters, hereby answers Plaintiff's Amended Complaint (the "Amended Complaint") filed by Richard Alexander Murdaugh Jr. ("Plaintiff") in the above captioned action (the "Action") as set forth below. Any allegations not expressly admitted are denied. Defendant reserves the right to amend or supplement this Answer at a later stage of the litigation as permitted by the District Court, and reserves any and all affirmative defenses.

## FOR A FIRST DEFENSE

1.      The allegations in Paragraph 1 of the Amended Complaint do not pertain to Campfire and state conclusions of law. Therefore, no response is required. To the extent a response

is required, Campfire lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

2.      The allegations in Paragraph 2 of the Amended Complaint do not pertain to Campfire. Therefore, no response is required. To the extent a response is required, Campfire lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

3.      The allegations in Paragraph 3 of the Amended Complaint do not pertain to Campfire and state conclusions of law. Therefore, no response is required. To the extent a response is required, Campfire lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

4.      The allegations in Paragraph 4 of the Amended Complaint do not pertain to Campfire. Therefore, no response is required. To the extent a response is required, Campfire lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

5.      The allegations in Paragraph 5 of the Amended Complaint do not pertain to Campfire and state conclusions of law. Therefore, no response is required. To the extent a response is required, Campfire lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

6.      The allegations in Paragraph 6 of the Amended Complaint do not pertain to Campfire. Therefore, no response is required. To the extent a response is required, Campfire lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

7.        Responding to Paragraph 7 of the Amended Complaint, Campfire admits that at the time of the Complaint it was a corporation organized and existing under the laws of California with its principal place of business in California. To the extent that Paragraph 7 of the Amended Complaint states a conclusion of law, no response is required, but to the extent one is required, Defendant denies the remaining allegations.

8.        Responding to Paragraph 8 of the Amended Complaint, Campfire admits that it has transacted and engaged in business within South Carolina. Campfire otherwise denies all allegations in Paragraph 8.

9.        To the extent the allegations in Paragraph 9 of the Amended Complaint state conclusions of law, no response is required. To the extent a response is required, Campfire lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

10.        Responding to Paragraph 10 of the Amended Complaint, Campfire does not contest venue.

11.        Responding to Paragraph 11 of the Amended Complaint, the news reports and law enforcement materials pertaining to the death of Stephen Smith speak for themselves and Campfire denies Plaintiff's characterization of them. To the extent Paragraph 11 states a legal conclusion, no response is required. Campfire lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

12.        The allegations in Paragraph 12 of the Amended Complaint do not pertain to Campfire. Therefore, no response is required. To the extent a response is required, Campfire lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

13.     The allegations in Paragraph 13 of the Amended Complaint do not pertain to Campfire. Therefore no response is required. To the extent a response is required, Campfire lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

14.     The allegations in Paragraph 14 of the Amended Complaint do not pertain to Campfire. Therefore, no response is required. To the extent a response is required, Campfire lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

15.     Responding to Paragraph 15 of the Amended Complaint, Campfire admits that beginning on or about November 3, 2022, a series titled "Low Country: The Murdaugh Dynasty" (the "Campfire Documentary") aired on HBO Max, which is available throughout the country. Campfire denies Plaintiff's purported characterization of the Campfire Documentary, which speaks for itself, and refers the Court to the Campfire Documentary for its contents. Campfire lacks knowledge or information sufficient to form a belief as to the truth of the company responsible for streaming and broadcasting the Campfire Documentary and therefore denies the same. To the extent Paragraph 15 sets forth legal conclusions regarding the contents and implications of the Campfire Documentary, no response is required. Campfire otherwise denies the allegations of Paragraph 15 of the Amended Complaint.

16.     Responding to Paragraph 16 of the Amended Complaint, Campfire admits that the Campfire Documentary has been published to viewers who watched the show, including viewers in South Carolina. To the extent Paragraph 16 states a legal conclusion, no response is required. Campfire denies all other factual allegations in Paragraph 16 or lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies the same.

17.     Responding to Paragraph 17 of the Amended Complaint, to the extent Paragraph 17 states a legal conclusion, no response is required. Campfire denies Plaintiff's purported characterization of the Campfire Documentary, which speaks for itself, and refers the Court to the Campfire Documentary for its contents. Campfire otherwise denies any remaining allegations in Paragraph 17.[1]

18.     The allegations in Paragraph 18 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, Campfire denies the allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

19.     The allegations in Paragraph 19 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, the investigative records relating to Mr. Smith's death speak for themselves and Campfire denies Plaintiff's characterization of them. Campfire denies the remaining allegations in paragraph 19 or lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

20.     Responding to Paragraph 20 of the Amended Complaint, Campfire hereby incorporates all responses to Paragraphs 1 through 19 as fully set forth herein.

---

[1] As explained in the Warner Defendants' Amended Answers to Local Rule 26.01 Interrogatories, Plaintiff incorrectly identifies Campfire Studios, Inc., as a defendant who "created and produced the series 'Low Country: The Murdaugh Dynasty,'" but the company that produced the aforementioned series is HCM, LLC, wholly owned by Campfire Film & TV, LLC. In addition to being the wrongly named defendant, Campfire Studios Inc. has been dissolved.

21.     The allegations in Paragraph 21 of the Amended Complaint do not pertain to Campfire. Therefore, no response is required. To the extent a response is required, Campfire admits that Episode 1 of the documentary "Murdaugh Murders: Deadly Dynasty" is titled "Pandora's Box."

22.     The allegations in Paragraph 22 of the Amended Complaint do not pertain to Campfire and state conclusions of law and Plaintiff's characterization of his claims and allegations in this Action. Therefore, no response is required. To the extent a response is required, Campfire lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

23.     The allegations in Paragraph 23 of the Amended Complaint do not pertain to Campfire and state conclusions of law and Plaintiff's characterization of his claims and allegations in this Action. Therefore, no response is required. To the extent a response is required, Campfire lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

24.     The allegations in Paragraph 24 of the Amended Complaint do not pertain to Campfire and state conclusions of law and Plaintiff's characterization of his claims and allegations in this Action. Therefore, no response is required. To the extent a response is required, Campfire lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

25.     The allegations in Paragraph 25 of the Amended Complaint do not pertain to Campfire and state conclusions of law and Plaintiff's characterization of his claims and allegations in this Action. Therefore, no response is required. To the extent a response is required, Campfire

lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

26.     The allegations in Paragraph 26 of the Amended Complaint do not pertain to Campfire. Therefore, no response is required. To the extent a response is required, Campfire admits that Episode 2 of the documentary "Murdaugh Murders: Deadly Dynasty" is titled "Something Wicked This Way Comes."

27.     The allegations in Paragraph 27 of the Amended Complaint do not pertain to Campfire and state conclusions of law and Plaintiff's characterization of his claims and allegations in this Action. Therefore, no response is required. To the extent a response is required, Campfire lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

28.     The allegations in Paragraph 28 of the Amended Complaint do not pertain to Campfire and state conclusions of law and Plaintiff's characterization of his claims and allegations in this Action. Therefore, no response is required. To the extent a response is required, Campfire lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

29.     The allegations in Paragraph 29 of the Amended Complaint do not pertain to Campfire and state conclusions of law and Plaintiff's characterization of his claims and allegations in this Action. Therefore, no response is required. To the extent a response is required, Campfire lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

30.     The allegations in Paragraph 30 of the Amended Complaint do not pertain to Campfire and state conclusions of law and Plaintiff's characterization of his claims and allegations

in this Action. Therefore, no response is required. To the extent a response is required, Campfire lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

31.     The allegations in Paragraph 31 of the Amended Complaint do not pertain to Campfire and state conclusions of law and Plaintiff's characterization of his claims and allegations in this Action. Therefore, no response is required. To the extent a response is required, Campfire lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

32.     The allegations in Paragraph 32 of the Amended Complaint do not pertain to Campfire and state conclusions of law and Plaintiff's characterization of his claims and allegations in this Action. Therefore, no response is required. To the extent a response is required, Campfire lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

33.     The allegations in Paragraph 33 of the Amended Complaint do not pertain to Campfire and state conclusions of law and Plaintiff's characterization of his claims and allegations in this Action. Therefore, no response is required. To the extent a response is required, Campfire lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

34.     The allegations in Paragraph 34 of the Amended Complaint do not pertain to Campfire and state conclusions of law and Plaintiff's characterization of his claims and allegations in this Action. Therefore, no response is required. To the extent a response is required, Campfire lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

35.     Responding to Paragraph 35 of the Amended Complaint, Campfire hereby incorporates all responses to Paragraphs 1 through 34 as fully set forth herein.

36.     Responding to Paragraph 36 of the Amended Complaint, Campfire admits that Episode 1 of the Campfire Documentary is titled "Kings of the Lowcountry."

37.     Responding to Paragraph 37 of the Amended Complaint, Campfire denies Plaintiff's characterization of the Campfire Documentary, which speaks for itself, and refers the Court to the Campfire Documentary for its contents. Campfire otherwise denies all allegations in Paragraph 37.

38.     Responding to Paragraph 38 of the Amended Complaint, Campfire admits that the Campfire Documentary contains the quoted language in Paragraph 38. Campfire denies Plaintiff's characterization of the Campfire Documentary, which speaks for itself, and refers the Court to the Campfire Documentary for its contents. To the extent Paragraph 38 contains a conclusion of law, no response is required. Campfire otherwise denies all allegations in Paragraph 38.

39.     Responding to Paragraph 39 of the Amended Complaint, Campfire admits that the Campfire Documentary contains the quoted language in Paragraph 39. Campfire denies Plaintiff's characterization of the Campfire Documentary, which speaks for itself, and refers the Court to the Campfire Documentary for its contents. Campfire otherwise denies all allegations in Paragraph 39.

40.     Responding to Paragraph 40 of the Amended Complaint, Campfire admits that the Campfire Documentary contains the quoted language in Paragraph 40. Campfire denies Plaintiff's characterization of the Campfire Documentary, which speaks for itself, and refers the Court to the Campfire Documentary for its contents. To the extent Paragraph 40 contains a conclusion of law, no response is required. Campfire otherwise denies all allegations in Paragraph 40.

41.    Responding to Paragraph 41 of the Amended Complaint, Campfire admits that Episode 2 of the Campfire Documentary is titled "Something in the Road."

42.    Responding to Paragraph 42 of the Amended Complaint, Campfire admits that the Campfire Documentary contains the language quoted in Paragraph 42 of the Amended Complaint and that it depicts images of newspaper articles concerning the death of Mallory Beach and Stephen Smith and the murders of Plaintiff's mother and brother. Campfire denies Plaintiff's characterization of the Campfire Documentary, which speaks for itself, and refers the Court to the Campfire Documentary for its contents. Campfire otherwise denies all allegations in Paragraph 42.

43.    Responding to Paragraph 43 of the Amended Complaint, Campfire denies Plaintiff's characterization of the Campfire Documentary, which speaks for itself, and refers the Court to the Campfire Documentary for its contents. To the extent Paragraph 43 contains a conclusion of law, no response is required. Campfire otherwise denies all allegations in Paragraph 43.

44.    Responding to the allegations in Paragraph 44, Campfire admits that the Campfire Documentary contains the language quoted in Paragraph 44. Campfire denies Plaintiff's characterization of the Campfire Documentary, which speaks for itself, and refers the Court to the Campfire Documentary for its contents. Campfire otherwise denies all allegations in Paragraph 44.

45.    The allegations in Paragraph 45 of the Amended Complaint state a legal conclusion and Plaintiff's characterizations of his claims and allegations in the Action, to which no response is required. To the extent a response is required, Campfire denies Plaintiff's characterization of the Campfire Documentary, which speaks for itself, and refers the Court to the Campfire Documentary for its contents. Campfire otherwise denies all allegations in Paragraph 45.

46.     The allegations in Paragraph 46 of the Amended Complaint state a legal conclusion and Plaintiff's characterizations of his claims and allegations in the Action, to which no response is required. To the extent a response is required, Campfire denies Plaintiff's characterization of the Campfire Documentary, which speaks for itself, and refers the Court to the Campfire Documentary for its contents. Campfire otherwise denies all allegations in Paragraph 46.

47.     Responding to Paragraph 47 of the Amended Complaint, Campfire admits that the Campfire Documentary contains the language quoted in Paragraph 47 of the Amended Complaint. Campfire denies Plaintiff's characterization of the Campfire Documentary, which speaks for itself, and refers the Court to the Campfire Documentary for its contents. To the extent Paragraph 47 contains a legal conclusion, no response is required. Campfire otherwise denies all allegations in Paragraph 47.

48.     Responding to Paragraph 48 of the Amended Complaint, Campfire admits that the Campfire Documentary contains the language quoted in Paragraph 48. Campfire denies Plaintiff's characterization of the Campfire Documentary, which speaks for itself, and refers the Court to the Campfire Documentary for its contents. Campfire otherwise denies all allegations in Paragraph 48.

49.     The allegations in Paragraph 49 of the Amended Complaint state a legal conclusion and Plaintiff's characterizations of his claims and allegations in the Action, to which no response is required. To the extent a response is required, Campfire denies Plaintiff's characterization of the Campfire Documentary, which speaks for itself, and refers the Court to the Campfire Documentary for its contents. Campfire otherwise denies all allegations in Paragraph 49.

50.     The allegations in Paragraph 50 of the Amended Complaint state a legal conclusion and Plaintiff's characterizations of his claims and allegations in the Action, to which no response is required. To the extent a response is required, Campfire denies Plaintiff's characterization of the

Campfire Documentary, which speaks for itself, and refers the Court to the Campfire Documentary for its contents. Campfire otherwise denies all allegations in Paragraph 50.

51.     The allegations in Paragraph 51 of the Amended Complaint state conclusions of law and Plaintiff's characterization of his claims and allegations in this Action. Therefore, no response is required. To the extent a response is required, Campfire denies all allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

## AFFIRMATIVE AND OTHER DEFENSES

Campfire sets forth the following affirmative defenses. By asserting the below defenses, Campfire does not assume the burden of proof when it is otherwise placed on the Plaintiff under applicable law.

## FOR A SECOND DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## FOR A THIRD DEFENSE

Plaintiff's claims are barred because the Amended Complaint lacks sufficient particularity to permit a determination of what statements he is claiming convey the defamatory meaning.

## FOR A FOURTH DEFENSE

The Amended Complaint is barred in whole or part by the First and Fourteenth Amendments of the United States Constitution, Article I § 2 of the South Carolina Constitution, and/or by common law.

## FOR A FIFTH DEFENSE

Some or all of the challenged statements are not "of and concerning" Plaintiff.

**FOR A SIXTH DEFENSE**

Any allegedly defamatory statement of and concerning Plaintiff is true or substantially true, and Plaintiff cannot carry his burden of proving that they are materially false.

**FOR A SEVENTH DEFENSE**

Some or all of the challenged statements are not defamatory or defamatory *per se*.

**FOR AN EIGHTH DEFENSE**

Some or all of the challenged statements are not reasonably capable of the defamatory meaning attributed to them by Plaintiff.

**FOR A NINTH DEFENSE**

Some or all of the challenged statements are nonactionable under the First Amendment and South Carolina law because they are pure opinion.

**FOR A TENTH DEFENSE**

Some or all of the challenged statements are nonactionable under the First Amendment and South Carolina law because they are opinions or conclusions based upon disclosed facts.

**FOR AN ELEVENTH DEFENSE**

At all relevant times, Plaintiff was a public figure for purposes of the law of defamation as relevant to his claims in this action.

**FOR A TWELFTH DEFENSE**

The statements in question are all related to matters of substantial public interest and legitimate public concern.

## FOR A THIRTEENTH DEFENSE

Campfire acted without malice, in both the constitutional sense and the common law sense, and without the requisite scienter, in both the constitutional sense and the common law sense, in all of its conduct relating to the statements at issue.

## FOR A FOURTEENTH DEFENSE

Campfire acted without the requisite degree of fault required by the United States Constitution in all of its conduct relating to the statements at issue.

## FOR A FIFTEENTH DEFENSE

Some or all of the challenged statements are nonactionable under the First Amendment and South Carolina and California law pursuant to the fair report privilege.

## FOR A SIXTEENTH DEFENSE

Some or all of the challenged statements are nonactionable under the First Amendment and South Carolina and California law pursuant to the doctrine of neutral reportage privilege.

## FOR A SEVENTEENTH DEFENSE

Some or all of the challenged statements are nonactionable under the subsidiary meaning doctrine.

## FOR AN EIGHTEENTH DEFENSE

Campfire did not intend to convey the implication alleged.

## FOR A NINETEENTH DEFENSE

Campfire did not endorse the implication alleged.

## FOR A TWENTIETH DEFENSE

The Amended Complaint is barred in whole or in part by the incremental harm doctrine.

### FOR A TWENTY-FIRST DEFENSE

The Amended Complaint is barred in whole or in part to the extent that the Amended Complaint arises from conduct not attributable to Campfire, and any recovery by Plaintiff should be reduced in proportion to the fault of others.

### FOR A TWENTY-SECOND DEFENSE

Defendants did not proximately cause any injury that Plaintiff allegedly suffered.

### FOR A TWENTY-THIRD DEFENSE

Plaintiff's alleged damages, if any, are the result of his own conduct or the conduct of others beyond Defendant's control and for whom Defendant is not legally responsible.

### FOR A TWENTY-FOURTH DEFENSE

The Amended Complaint is barred in whole or in part because Plaintiff has not alleged special damages with sufficient particularity, and cannot prove special damages.

### FOR A TWENTY-FIFTH DEFENSE

Plaintiff has failed to mitigate his damages.

### FOR A TWENTY-SIXTH DEFENSE

Plaintiff is not entitled to recover any punitive damages because the Amended Complaint fails to plead facts sufficient to support the recovery of punitive damages.

### FOR A TWENTY-SEVENTH DEFENSE

Plaintiff is not entitled to recover any punitive damages because any such award would violate Campfire's rights to due process and equal protection under the law, under the United States Constitution and South Carolina Constitution, and the Fairness in Civil Justice Act, S.C. Code §§ 15-32-510, *et seq*, and/or other state laws of common law of the State of South Carolina.

## FOR A TWENTY-EIGHTH DEFENSE

Campfire hereby gives notice that, due to its incomplete knowledge as to the matters set forth in the Amended Complaint, it is unable to determine whether it has additional defenses not expressly enumerated in the preceding paragraphs or elsewhere in this Answer. Defendant thus reserves its right to amend its Answer, to assert additional defenses and to rely upon those additional defenses to the extent they become available or apparent during discovery or further proceedings in this action.

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH, LLP

s/  MERRITT  G.  ABNEY
David E. Dukes, Esq. (Federal Bar No. 00635)
E-Mail: david.dukes@nelsonmullins.com
1320 Main Street, 17th Floor
Post Office Box 11070 (29211-1070)
Columbia, SC 29201
(803) 799-2000

Merritt G. Abney, Esq. (Federal Bar No. 09413)
E-Mail: merritt.abney@nelsonmullins.com
151 Meeting Street / Sixth Floor
Post Office Box 1806 (29402-1806)
Charleston, SC 29401-2239
(843) 853-5200

WILLKIE FARR & GALLAGHER LLP

Meryl C. Governski, *pro hac vice*
Kristin Bender, *pro hac vice*
1875 K Street N.W.
Washington, DC 20006-1238
(202) 303-1000
mgovernski@willkie.com
kbender@willkie.com

16

*Attorneys for Defendants Blackfin, Inc., Warner Bros. Discovery, Inc., Warner Media Entertainment Pages, Inc. and Campfire Studios, Inc.*

Charleston, South Carolina
June 23, 2025