IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | |
|---|---|
| RICHARD ALEXANDER MURDAUGH, JR.,<br><br>    Plaintiff,<br><br>vs.<br><br>BLACKFIN, INC., WARNER BROS. DISCOVERY, INC., WARNER MEDIA ENTERTAINMENT PAGES, INC., and CAMPFIRE STUDIOS, INC.,<br><br>    Defendants. | Case No. 9:24-cv-04914-RMG<br><br><br>**DEFENDANTS WARNER BROS. DISCOVERY, INC. AND WARNER MEDIA ENTERTAINMENT PAGES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT** |

  Defendants Warner Bros. Discovery, Inc. ("WBD") and Warner Media Entertainment Pages, Inc. ("Warner Media Entertainment") (collectively the "Warner Entities" or "Defendants"), by and through their undersigned counsel, upon knowledge as to their own actions and upon information and belief as to all other matters, hereby answers Plaintiff's Amended Complaint ("Amended Complaint") filed by Richard Alexander Murdaugh Jr. ("Plaintiff") in the above captioned action (the "Action") as set forth below. Any allegations not expressly admitted are denied. Defendants reserve the right to amend or supplement this Answer at a later stage of the litigation as permitted by the District Court, and reserve any and all affirmative defenses.

**FOR A FIRST DEFENSE**

  1.  The allegations in Paragraph 1 of the Amended Complaint do not pertain to the Warner Entities and state conclusions of law. Therefore no response is required. To the extent a

response is required, the Warner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.

2. The allegations in Paragraph 2 of the Amended Complaint do not pertain to the Warner Entities. Therefore no response is required. To the extent a response is required, the Warner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.

3. Responding to Paragraph 3 of the Amended Complaint, the Warner Entities admit that WBD is a corporation organized and existing under the laws of Delaware with its principal place of business in New York. To the extent that Paragraph 3 of the Amended Complaint states a conclusion of law, no response is required, but to the extent one is required, the Warner Entities deny the same.

4. Responding to Paragraph 4 of the Amended Complaint, the Warner Entities admit that WBD has transacted and engaged in business within South Carolina. The Warner Entities otherwise deny all allegations in Paragraph 4.

5. Responding to Paragraph 5 of the Amended Complaint, the Warner Entities admit that Warner Media Entertainment is a corporation organized and existing under the laws of Georgia with its principal place of business in Georgia and that Warner Media Entertainment is a subsidiary of WBD. To the extent that Paragraph 5 of the Amended Complaint states a conclusion of law, no response is required, but to the extent one is required, the Warner Entities deny the same.

6. Responding to Paragraph 6 of the Amended Complaint, the Warner Entities admit that Warner Media Entertainment has transacted and engaged in business within South Carolina. The Warner Entities otherwise deny all allegations in Paragraph 6, including that Warner Media Entertainment Pages is the owner of any of the artistic works described in the Amended Complaint.

7.      The allegations in Paragraph 7 of the Amended Complaint do not pertain to the Warner Entities. Therefore, no response is required. To the extent a response is required, the Warner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.

8.      The allegations in Paragraph 8 of the Amended Complaint do not pertain to the Warner Entities. Therefore, no response is required. To the extent a response is required, the Warner Entities lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.

9.      To the extent that the allegations in Paragraph 9 of the Amended Complaint state conclusions of law, no response is required. To the extent a response is required, the Warner Entities lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.

10.     Responding to Paragraph 10 of the Amended Complaint, the Warner Entities do not contest venue.

11.     Responding to Paragraph 11 of the Amended Complaint, the news reports and law enforcement materials pertaining to the death of Stephen Smith speak for themselves and the Warner Entities deny Plaintiff's characterization of them. To the extent Paragraph 11 states a legal conclusion, no response is required. The Warner Entities lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.

12.     Responding to Paragraph 12 of the Amended Complaint, the Warner Entities admit that on or about June 17, 2022, a series titled "Murdaugh Murders: Deadly Dynasty" (the "Blackfin Documentary") began streaming and broadcasting on discovery+ and the Investigation Discovery

television channel, which are available throughout the country.[1] The Warner Entities deny Plaintiff's purported characterization of the Blackfin Documentary, which speaks for itself, and refer the Court to the Blackfin Documentary for its contents. To the extent Paragraph 12 sets forth legal conclusions regarding the contents and implications of the Blackfin Documentary, no response is required. The Warner Entities otherwise deny the allegations of Paragraph 12 of the Amended Complaint.

13. Responding to Paragraph 13 of the Amended Complaint, the Warner Entities admit that the Blackfin Documentary has been published to viewers who watched the show, including viewers in South Carolina. To the extent Paragraph 13 states a legal conclusion, no response is required. The Warner Entities deny all other factual allegations in Paragraph 13 or lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore deny the same.

14. Responding to Paragraph 14 of the Amended Complaint, the Warner Entities admit that Blackfin created and produced the Blackfin Documentary and engaged in development, investigation, and filming activities within South Carolina. To the extent Paragraph 14 states a legal conclusion, no response is required. The Warner Entities deny Plaintiff's purported characterization of the Blackfin Documentary, which speaks for itself, and refer the Court to the Blackfin Documentary for its contents. The Warner Entities otherwise deny any remaining allegations in Paragraph 14.

---

[1] As explained in the Warner Entities Amended Answers to Local Rule 26.01 Interrogatories, Plaintiff incorrectly identifies WBD as the defendant who "began streaming and broadcasting a series, 'Murdaugh Murders: Deadly Dynasty', throughout the entire country, including South Carolina, through its platform discovery+ and the Investigation Discovery television channel." The company responsible for distribution on discovery+ is Discovery Digital Ventures, LLC, while the company responsible for linear airings on the Investigation Discovery channel is Discovery Communications, LLC.

15. Responding to Paragraph 15 of the Amended Complaint, the Warner Entities admit that beginning on or about November 3, 2022, a series titled "Low Country: The Murdaugh Dynasty" (the "Campfire Documentary") aired on HBO Max, which is available throughout the country.[2] The Warner Entities deny Plaintiff's purported characterization of the Campfire Documentary, which speaks for itself, and refer the Court to the Campfire Documentary for its contents. To the extent Paragraph 15 sets forth legal conclusions regarding the contents and implications of the Campfire Documentary, no response is required. The Warner Entities otherwise deny the allegations of Paragraph 15 of the Amended Complaint.

16. Responding to Paragraph 16 of the Amended Complaint, the Warner Entities admit that the Campfire Documentary has been published to viewers who watched the show, including viewers in South Carolina. To the extent Paragraph 16 states a legal conclusion, no response is required. The Warner Entities deny all other factual allegations in Paragraph 16 or lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore deny the same.

17. Responding to Paragraph 17 of the Amended Complaint, the Warner Entities lack knowledge or information sufficient to form a belief as to the truth of the company responsible for creating and producing the Campfire Documentary and therefore denies the same. To the extent Paragraph 17 states a legal conclusion, no response is required. The Warner Entities deny Plaintiff's purported characterization of the Campfire Documentary, which speaks for itself, and

---

[2] As explained in the Warner Entities Amended Answers to Local Rule 26.01 Interrogatories, Plaintiff incorrectly identifies WBD and Warner Media Entertainment as the defendants who "began distributing and streaming a three-part series to the public on the Murdaugh family entitled 'Low Country: The Murdaugh Dynasty' through Defendant Warner Bros. Discovery, Inc.'s platform HBO Max (now entitled Max)." The company that distributed "Low Country: The Murdaugh Dynasty" is WarnerMedia Direct, LLC.

refer the Court to the Campfire Documentary for its contents. The Warner Entities otherwise deny any remaining allegations in Paragraph 17.

18.     The allegations in Paragraph 18 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, the Warner Entities deny the allegations or lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.

19.     The allegations in Paragraph 19 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, the investigative records relating to Mr. Smith's death speak for themselves and the Warner Entities deny Plaintiff's characterization of them. The Warner Entities deny the remaining allegations in paragraph 19 or lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.

20.     Responding to Paragraph 20 of the Amended Complaint, the Warner Entities hereby incorporate all responses to Paragraphs 1 through 19 as fully set forth herein.

21.     Responding to Paragraph 21 of the Amended Complaint, the Warner Entities admit that Episode 1 of the Blackfin Documentary is titled "Pandora's Box."

22.     Responding to Paragraph 22 of the Amended Complaint, the Warner Entities admit that the first episode of the Blackfin Documentary contains an introductory sequence and an on-screen graphic of "Murdaugh Murders: Deadly Dynasty" but deny Plaintiff's purported characterization of the Blackfin Documentary, including the introductory sentence, which speaks for itself. The Warner Entities otherwise deny the allegations in Paragraph 22 of the Amended Complaint.

23. Responding to Paragraph 23 of the Amended Complaint, the Warner Entities admit that the first episode of the Blackfin Documentary contains the quoted language in Paragraph 23. The Warner Entities deny Plaintiff's characterizations of the Blackfin Documentary, which speaks for itself, and refer the Court to the Blackfin Documentary for its contents. The Warner Entities otherwise deny all allegations in Paragraph 23.

24. Responding to Paragraph 24 of the Amended Complaint, the Warner Entities admit that the first episode of the Blackfin Documentary contains the quoted language in Paragraph 24. The Warner Entities deny Plaintiff's characterizations of the Blackfin Documentary, which speaks for itself, and refer the Court to the Blackfin Documentary for its contents. The Warner Entities otherwise deny all allegations in Paragraph 24.

25. Responding to Paragraph 25 of the Amended Complaint, the Warner Entities admit that the first episode of the Blackfin Documentary contains the quoted language in Paragraph 25. The Warner Entities deny Plaintiff's characterizations of the Blackfin Documentary, which speaks for itself, and refer the Court to the Blackfin Documentary for its contents. To the extent Paragraph 25 sets forth a legal conclusion, no response is required. The Warner Entities otherwise deny all allegations in Paragraph 25.

26. Responding to Paragraph 26 of the Amended Complaint, the Warner Entities admit that Episode 2 of the Blackfin Documentary is titled "Something Wicked This Way Comes."

27. Responding to Paragraph 27 of the Amended Complaint, the Warner Entities admit that the second episode of the Blackfin Documentary contains the quoted language in Paragraph 27. The Warner Entities deny Plaintiff's characterizations of the Blackfin Documentary, which speaks for itself, and refer the Court to the Blackfin Documentary for its contents. The Warner Entities otherwise deny all allegations in Paragraph 27.

28. Responding to Paragraph 28 of the Amended Complaint, the Warner Entities deny Plaintiff's characterizations of the second episode of the Blackfin Documentary, which speaks for itself, and refer the Court to the Blackfin Documentary for its contents. The Warner Entities otherwise deny all allegations in Paragraph 28.

29. Responding to Paragraph 29 of the Amended Complaint, the Warner Entities admit that the second episode of the Blackfin Documentary contains the quoted language in Paragraph 29. The Warner Entities deny Plaintiff's characterizations of the Blackfin Documentary, which speaks for itself, and refer the Court to the Blackfin Documentary for its contents. To the extent Paragraph 29 sets forth a legal conclusion, no response is required. The Warner Entities otherwise deny all allegations in Paragraph 29.

30. Responding to Paragraph 30 of the Amended Complaint, the Warner Entities admit that the second episode of the Blackfin Documentary contains the quoted language in Paragraph 25. The Warner Entities deny Plaintiff's characterizations of the Blackfin Documentary, which speaks for itself, and refer the Court to the Blackfin Documentary for its contents. The Warner Entities otherwise deny all allegations in Paragraph 30.

31. Responding to Paragraph 31 of the Amended Complaint, the Warner Entities admit that the second episode of the Blackfin Documentary contains the quoted language in Paragraph 31. The Warner Entities deny Plaintiff's characterizations of the Blackfin Documentary, which speaks for itself, and refer the Court to the Blackfin Documentary for its contents. To the extent Paragraph 31 sets forth a legal conclusion, no response is required. The Warner Entities otherwise deny all allegations in Paragraph 31.

32. The allegations in Paragraph 32 of the Amended Complaint state a legal conclusion and Plaintiff's characterizations of his claims and allegations in the Action to which no response

is required. To the extent a response is required, the Warner Entities deny Plaintiff's characterization of the Blackfin Documentary, which speaks for itself, and refer the Court to the Blackfin Documentary for its contents. The Warner Entities otherwise deny all allegations in Paragraph 32.

33. The allegations in Paragraph 33 of the Amended Complaint state a legal conclusion and Plaintiff's characterizations of his claims and allegations in the Action to which no response is required. To the extent a response is required, the Warner Entities deny Plaintiff's characterization of the Blackfin Documentary, which speaks for itself, and refer the Court to the Blackfin Documentary for its contents. The Warner Entities otherwise deny all allegations in Paragraph 33.

34. The allegations in Paragraph 34 of the Amended Complaint state a legal conclusion and Plaintiff's characterization of his claims and allegations in the Action to which no response is required. To the extent a response is required, the Warner Entities deny Plaintiff's characterization of the Blackfin Documentary, which speaks for itself, and refer the Court to the Blackfin Documentary for its contents. The Warner Entities otherwise deny all allegations in Paragraph 34.

35. Responding to Paragraph 35 of the Amended Complaint, the Warner Entities hereby incorporate all responses to Paragraphs 1 through 34 as fully set forth herein.

36. Responding to Paragraph 36 of the Amended Complaint, the Warner Entities admit that Episode 1 of the Campfire Documentary is titled "Kings of the Lowcountry."

37. Responding to Paragraph 37 of the Amended Complaint, the Warner Entities deny Plaintiff's characterization of the Campfire Documentary, which speaks for itself, and refer the Court to the Campfire Documentary for its contents. The Warner Entities otherwise deny all allegations in Paragraph 37.

38. Responding to Paragraph 38 of the Amended Complaint, the Warner Entities admit that the Campfire Documentary contains the quoted language in Paragraph 38. The Warner Entities deny Plaintiff's characterization of the Campfire Documentary, which speaks for itself, and refer the Court to the Campfire Documentary for its contents. To the extent Paragraph 38 contains a conclusion of law, no response is required. The Warner Entities otherwise deny all allegations in Paragraph 38.

39. Responding to Paragraph 39 of the Amended Complaint, the Warner Entities admit that the Campfire Documentary contains the quoted language in Paragraph 39. The Warner Entities deny Plaintiff's characterization of the Campfire Documentary, which speaks for itself, and refer the Court to the Campfire Documentary for its contents. The Warner Entities otherwise deny all allegations in Paragraph 39.

40. Responding to Paragraph 40 of the Amended Complaint, the Warner Entities admit that the Campfire Documentary contains the quoted language in Paragraph 40. The Warner Entities deny Plaintiff's characterization of the Campfire Documentary, which speaks for itself, and refer the Court to the Campfire Documentary for its contents. To the extent Paragraph 40 contains a conclusion of law, no response is required. The Warner Entities otherwise deny all allegations in Paragraph 40.

41. Responding to Paragraph 41 of the Amended Complaint, the Warner Entities admit that Episode 2 of the Campfire Documentary is titled "Something in the Road."

42. Responding to Paragraph 42 of the Amended Complaint, the Warner Entities admit that the Campfire Documentary contains the language quoted in Paragraph 42 of the Amended Complaint and that it depicts images of newspaper articles concerning the death of Mallory Beach and Stephen Smith and the murders of Plaintiff's mother and brother. The Warner Entities deny

Plaintiff's characterization of the Campfire Documentary, which speaks for itself, and refer the Court to the Campfire Documentary for its contents. The Warner Entities otherwise deny all allegations in Paragraph 42.

43. Responding to Paragraph 43 of the Amended Complaint, the Warner Entities deny Plaintiff's characterization of the Campfire Documentary, which speaks for itself, and refer the Court to the Campfire Documentary for its contents. To the extent Paragraph 43 contains a conclusion of law, no response is required. The Warner Entities otherwise deny all allegations in Paragraph 43.

44. Responding to the allegations in Paragraph 44, the Warner Entities admit that the Campfire Documentary contains the language quoted in Paragraph 44. The Warner Entities deny Plaintiff's characterization of the Campfire Documentary, which speaks for itself, and refer the Court to the Campfire Documentary for its contents. The Warner Entities otherwise deny all allegations in Paragraph 44.

45. The allegations in Paragraph 45 of the Amended Complaint state a legal conclusion and Plaintiff's characterizations of his claims and allegations in the Action, to which no response is required. To the extent a response is required, the Warner Entities deny Plaintiff's characterization of the Campfire Documentary, which speaks for itself, and refer the Court to the Campfire Documentary for its contents. The Warner Entities otherwise deny all allegations in Paragraph 45.

46. The allegations in Paragraph 46 of the Amended Complaint state a legal conclusion and Plaintiff's characterizations of his claims and allegations in the Action, to which no response is required. To the extent a response is required, the Warner Entities deny Plaintiff's characterization of the Campfire Documentary, which speaks for itself, and refer the Court to the

Campfire Documentary for its contents. The Warner Entities otherwise deny all allegations in Paragraph 46.

47. Responding to Paragraph 47 of the Amended Complaint, the Warner Entities admit that the Campfire Documentary contains the language quoted in Paragraph 47 of the Amended Complaint. The Warner Entities deny Plaintiff's characterization of the Campfire Documentary, which speaks for itself, and refer the Court to the Campfire Documentary for its contents. To the extent Paragraph 47 contains a legal conclusion, no response is required. The Warner Entities otherwise deny all allegations in Paragraph 47.

48. Responding to Paragraph 48 of the Amended Complaint, the Warner Entities admit that the Campfire Documentary contains the language quoted in Paragraph 48. The Warner Entities deny Plaintiff's characterization of the Campfire Documentary, which speaks for itself, and refer the Court to the Campfire Documentary for its contents. The Warner Entities otherwise deny all allegations in Paragraph 48.

49. The allegations in Paragraph 49 of the Amended Complaint state a legal conclusion and Plaintiff's characterizations of his claims and allegations in the Action, to which no response is required. To the extent a response is required, the Warner Entities deny Plaintiff's characterization of the Campfire Documentary, which speaks for itself, and refer the Court to the Campfire Documentary for its contents. The Warner Entities otherwise deny all allegations in Paragraph 49.

50. The allegations in Paragraph 50 of the Amended Complaint state a legal conclusion and Plaintiff's characterizations of his claims and allegations in the Action, to which no response is required. To the extent a response is required, the Warner Entities deny Plaintiff's characterization of the Campfire Documentary, which speaks for itself, and refer the Court to the

Campfire Documentary for its contents. The Warner Entities otherwise deny all allegations in Paragraph 50.

51. The allegations in Paragraph 51 of the Amended Complaint state conclusions of law and Plaintiff's characterization of his claims and allegations in this Action. Therefore, no response is required. To the extent a response is required, the Warner Entities deny all allegations or lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.

## AFFIRMATIVE AND OTHER DEFENSES

The Warner Entities set forth the following affirmative defenses. By asserting the below defenses, the Warner Entities do not assume the burden of proof when it is otherwise placed on the Plaintiff under applicable law.

## FOR A SECOND DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## FOR A THIRD DEFENSE

Plaintiff's claims are barred because the Amended Complaint lacks sufficient particularity to permit a determination of what statements he is claiming convey the defamatory meaning.

## FOR A FOURTH DEFENSE

The Amended Complaint is barred in whole or part by the First and Fourteenth Amendments to the United States Constitution, Article I § 2 of the South Carolina Constitution, and/or by common law.

## FOR A FIFTH DEFENSE

Some or all of the challenged statements are not "of and concerning" the Plaintiff.

### FOR A SIXTH DEFENSE

Any allegedly defamatory statement of and concerning Plaintiff is true or substantially true, and Plaintiff cannot carry his burden of proving that they are materially false.

### FOR A SEVENTH DEFENSE

Some or all of the challenged statements are not defamatory or defamatory *per se*.

### FOR AN EIGHTH DEFENSE

Some or all of the challenged statements are not reasonably capable of the defamatory meaning attributed to them by Plaintiff.

### FOR A NINTH DEFENSE

Some or all of the challenged statements are nonactionable under the First Amendment and South Carolina law because they are pure opinion.

### FOR A TENTH DEFENSE

Some or all of the challenged statements are nonactionable under the First Amendment and South Carolina law because they are opinions or conclusions based upon disclosed facts.

### FOR AN ELEVENTH DEFENSE

At all relevant times, Plaintiff was a public figure for purposes of the law of defamation as relevant to his claims in this action.

### FOR A TWELFTH DEFENSE

The statements in question are all related to matters of substantial public interest and legitimate public concern.

## FOR A THIRTEENTH DEFENSE

The Warner Entities acted without malice, in both the constitutional sense and the common law sense, and without the requisite scienter, in both the constitutional sense and the common law sense, in all of their conduct relating to the statements at issue.

## FOR A FOURTEENTH DEFENSE

The Warner Entities acted without the requisite degree of fault required by the United States Constitution in all of their conduct relating to the statements at issue.

## FOR A FIFTEENTH DEFENSE

Some or all of the challenged statements are nonactionable under the First Amendment and South Carolina and New York law pursuant to the fair report privilege.

## FOR A SIXTEENTH DEFENSE

Some or all of the challenged statements are nonactionable under the First Amendment and South Carolina and New York law pursuant to the doctrine of neutral reportage privilege.

## FOR A SEVENTEENTH DEFENSE

Some or all of the challenged statements are nonactionable under the subsidiary meaning doctrine.

## FOR AN EIGHTEENTH DEFENSE

The Warner Entities did not intend to convey the implication alleged.

## FOR A NINETEENTH DEFENSE

The Warner Entities did not endorse the implication alleged.

## FOR A TWENTIETH DEFENSE

The Amended Complaint is barred in whole or in part by the incremental harm doctrine.

### FOR A TWENTY-FIRST DEFENSE

The Amended Complaint is barred in whole or in part to the extent that the Amended Complaint arises from conduct not attributable to the Warner Entities, and any recovery by Plaintiff should be reduced in proportion to the fault of others.

### FOR A TWENTY-SECOND DEFENSE

Defendants did not proximately cause any injury that Plaintiff allegedly suffered.

### FOR A TWENTY-THIRD DEFENSE

Plaintiff's alleged damages, if any, are the result of his own conduct or the conduct of others beyond Defendants' control and for whom Defendants are not legally responsible.

### FOR A TWENTY-FOURTH DEFENSE

The Amended Complaint is barred in whole or in part because Plaintiff has not alleged special damages with sufficient particularity, and cannot prove special damages.

### FOR A TWENTY-FIFTH DEFENSE

Plaintiff has failed to mitigate his damages.

### FOR A TWENTY-SIXTH DEFENSE

Plaintiff is not entitled to recover any punitive damages because the Amended Complaint fails to plead facts sufficient to support the recovery of punitive damages.

### FOR A TWENTY-SEVENTH DEFENSE

Plaintiff is not entitled to recover any punitive damages because any such award would violate The Warner Entities' rights to due process and equal protection under the law, under the United States Constitution and South Carolina Constitution, and the Fairness in Civil Justice Act, S.C. Code §§ 15-32-510, *et seq*, and/or other state laws of common law of the State of South Carolina.

## FOR A TWENTY-EIGHTH DEFENSE

The Warner Entities hereby give notice that, due to their incomplete knowledge as to the matters set forth in the Amended Complaint, they are unable to determine whether they have additional defenses not expressly enumerated in the preceding paragraphs or elsewhere in this Answer. Defendants thus reserve their right to amend their Answer, to assert additional defenses and to rely upon those additional defenses to the extent they become available or apparent during discovery or further proceedings in this action.

## FOR A TWENTY-NINTH DEFENSE

Plaintiff's defamation claims are not actionable because the Warner Entities were not the publisher of the challenged statements.

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH, LLP

s/ MERRITT G. ABNEY
David E. Dukes, Esq. (Federal Bar No. 00635)
E-Mail: david.dukes@nelsonmullins.com
1320 Main Street, 17th Floor
Post Office Box 11070 (29211-1070)
Columbia, SC 29201
(803) 799-2000

Merritt G. Abney, Esq. (Federal Bar No. 09413)
E-Mail: merritt.abney@nelsonmullins.com
151 Meeting Street / Sixth Floor
Post Office Box 1806 (29402-1806)
Charleston, SC 29401-2239
(843) 853-5200

WILLKIE FARR & GALLAGHER LLP

Meryl C. Governski, *pro hac vice*
Kristin Bender, *pro hac vice*

        1875 K Street N.W.
        Washington, DC 20006-1238
        (202) 303-1000
        mgovernski@willkie.com
        kbender@willkie.com

*Attorneys for Defendants Blackfin, Inc., Warner Bros. Discovery, Inc., Warner Media Entertainment Pages, Inc. and Campfire Studios, Inc.*

Charleston, South Carolina
June 23, 2025