UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

RICHARD ALEXANDER MURDAUGH, JR.,

              *Plaintiff*,

     - against -

BLACKFIN, INC., WARNER BROS. DISCOVERY, INC., WARNER MEDIA ENTERTAINMENT PAGES, INC., AND CAMPFIRE STUDIOS, INC.,

              *Defendants*.

Case No. 9:24-CV-04914-RMG

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO EXCLUDE PLAINTIFF'S USE OF EXPERT MATERIALS
OF DOUG BANIA OR, IN THE ALTERNATIVE, TO EXTEND
<u>DEFENDANTS' EXPERT DISCLOSURE DEADLINE</u>**

Defendants Blackfin, Inc., Warner Bros. Discovery, Inc., Warner Media Entertainment Pages, Inc., and Campfire Studios, Inc. (collectively, "Defendants") respectfully move, pursuant to Federal Rules of Civil Procedure 16, 26, and 37, for an order preventing Plaintiff from introducing any evidence or testimony from their purported expert, Doug Bania, or, in the alternative, to the extent the Court excuses Plaintiff's failure to serve a timely expert report and otherwise allows him to comply with his obligations under Rule 26(a)(2), modifying the current scheduling order to allow for Defendants' expert report(s) to be served five weeks after Plaintiff serves his expert report and, if necessary, extending the deadline for the close of all discovery to permit depositions of the parties' experts.

## **PRELIMINARY STATEMENT**

Plaintiff brought this litigation—but has dragged his feet at every stage of the discovery process to date. Though discovery began over three months ago, Plaintiff has not produced any evidence supporting his claim to have been "irreparably damaged." ECF No. 1-1 at 15. Now, having already been reprimanded by this Court for failing to timely comply with his fact discovery obligations, Plaintiff has also failed to timely comply with his expert disclosure obligations. Plaintiff agreed to produce an expert report by January 16, 2026, and the Court entered an order requiring him to do so. But, on that date, Plaintiff produced only a single paragraph purporting to identify his expert and provided his expert's curriculum vitae. Plaintiff *did not* produce an expert report. Plaintiff's failure to timely produce an expert report runs afoul of the Federal Rules of Civil Procedure and this Court's order, and causes substantial prejudice to Defendants, who are bound under the Court's Scheduling Order to produce their rebuttal report by February 27, 2026, *see* ECF No. 115, but have no report to rebut.

Defendants respectfully request that the Court preclude Plaintiff from introducing evidence from his expert Doug Bania. In the alternative, to the extent the Court is inclined to excuse

1

Plaintiff's failure to abide by this Court's Order and the Federal Rules, Defendants seek a modification of the scheduling order, permitting them to serve their expert report five weeks after Plaintiff serves his expert report and extending any other discovery deadlines as may be necessary or appropriate.

## FACTUAL BACKGROUND

### A.    The Case Management Order

Over 18 months ago, Plaintiff filed suit in South Carolina state court, contending that Defendants' conduct "irreparably damaged" his reputation. ECF No. 1-1 at 15. On September 30, 2025, the parties filed a Joint Rule 26(f) report and proposed amended scheduling order, in which they proposed the following deadlines for expert disclosures:

> Plaintiff shall file and serve a document identifying by full name, address, and telephone number each person whom Plaintiff expects to call as an expert at trial and certifying that a written report prepared and signed by the expert pursuant to Fed. R. Civ. P. 26(a)(2)(B) or, where allowed, a report prepared by counsel has been disclosed to the other parties by **January 16, 2026**.

> Defendants shall file and serve a document identifying by full name, address, and telephone number each person whom Defendants expect to call as an expert at trial and certifying that a written report prepared and signed by the expert pursuant to Fed. R. Civ. P. 26(a)(2)(B) or, where allowed, a report prepared by counsel has been disclosed to the other parties by **February 27, 2026**.

ECF No. 114-1 at 1. On October 2, 2025, the Court entered an Amended Scheduling Order, endorsing those deadlines. *See* ECF No. 115 (the "Scheduling Order"). Thus, in the Scheduling Order that currently governs this action, the Court ordered that the "Parties shall file and serve a document identifying by full name, address, and telephone number each person whom they expect to call as an expert at trial and certifying that a written report prepared and signed by the expert pursuant to Fed. R. Civ. P. 26(a)(2)(B) or, where allowed, a report prepared by counsel has been disclosed to the other parties, by the following dates: Plaintiff: **January 16, 2025**[;] Defendant:

2

**February 27, 2026**." ECF No. 115 at 1–2. The Scheduling Order contemplates a close of all discovery on April 24, 2026. *Id.* at 2.

### B.  Plaintiff Fails To Respond To Defendants' Discovery Requests

When Plaintiff failed to timely comply with his discovery obligations, Defendants moved to compel the production of documents and compliant interrogatory responses. On January 8, 2026, the Court granted Defendants' Motion to Compel the Production of Documents and More Specific Interrogatory Responses By Plaintiff. *See* ECF No. 124. The Court held that Plaintiff had "waived all grounds for objecting to Discovery Requests" based on his failure to meet the deadlines set forth in the Federal Rules and his improper objections, and directed Plaintiff to produce all outstanding discovery and to supplement his deficient interrogatory requests by January 23, 2026. *Id.* at 2.

### C.  Plaintiff's Deficient Expert Responses

Just eight days after the Order on the motion to compel, on January 16, 2025, Plaintiff served a document titled "Plaintiff's Supplemental Answers to Defendant Blackfin Inc.'s First Set of Interrogatories." Ex. 1. The document purports to respond to Blackfin's Interrogatory #3, which required Plaintiff to:

> List the names and addresses of any expert witness whom You propose to use as a witness at the trial of this case, and for each expert witness, set forth **every opinion held by that expert concerning this litigation and summarize the content of the expert testimony in connection with this matter.**

*Id.* at 2 (emphasis added). In response, Plaintiff wrote:

> The Plaintiff has retained Doug Bania of Nevium Intellectual Property Consultants to testify as an expert witness in social media analytics and the calculations of economic and non-economic damages as a result of defamation. Plaintiff has attached Mr. Bania's Curriculum Vitae.

*Id.* Other than Mr. Bania's curriculum vitae, Plaintiff failed to attach any other required materials, most notably "a written report prepared and signed by the expert pursuant to Fed. R. Civ. P.

3

26(a)(2)(B)," as the Scheduling Order required. ECF No. 115 at 1–2. Likewise, Plaintiff failed to file a document with the Court identifying the name and contact info of his expert witness and certifying that a written report had been disclosed to Defendants. *See id.*

## **ARGUMENT**

This Court should issue an Order either preventing Plaintiff from introducing belatedly produced expert evidence from Doug Bania, or, in the alternative, to the extent the Court excuses Plaintiff's failure to serve a timely expert report and provides him an extension to comply with his obligations under Rule 26(a)(2), modifying the current scheduling order to allow for Defendants' expert report(s) to be served five weeks after Plaintiff serves his expert report and extending any other discovery deadlines as appropriate. Any other outcome prejudices the Defendants.

### A.	**Plaintiff Should Be Precluded from Introducing an Expert Report**

"Rule 26 disclosures are often the centerpiece of discovery in litigation that uses expert witnesses." *Wilkins v. Montgomery*, 751 F.3d 214, 221 (4th Cir. 2014) (citations omitted). Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), "unless otherwise stipulated or ordered by the Court," an expert disclosure "must be accompanied by a written report—prepared and signed by the witness." The rules require that a party make its expert disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). A "scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Wright v. Bi-Lo, LLC,* 2020 WL 13616439, at *3 (D.S.C. Mar. 27, 2020) (internal citation omitted). "This court established a staggered expert disclosure deadline for a reason. Plaintiff has the burden of proof at all times and requiring Plaintiff's initial expert disclosure, followed by Defendant's disclosure, allows the case to move in an orderly fashion." *Id*.

As the Fourth Circuit has repeatedly explained, "[a] party that fails to provide these disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs

4

litigation, and undermines the district court's management of the case." *Wilkins*, 751 F.3d at 221 (quoting *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 278–79 (4th Cir. 2005)). Thus, Federal Rule of Civil Procedure 37(c) provides that, "if party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Palmetto Pharmaceuticals v. AstraZeneca Pharmaceuticals LP*, 2012 WL 12896232, at *4 (D.S.C. June 29, 2012) ("exclusion [under Rule 37(c)(1)] is prohibited in only two situations: (1) where the nondisclosure is substantially justified or (2) where the nondisclosure is harmless"). The Advisory Committee intended that the "automatic sanction" "provide[] a strong inducement for disclosure of material that the disclosing party would expect to use as evidence." Fed. R. Civ. P. 37(c) advisory committee note on 1993 amendment, subdiv. c. Likewise, Federal Rule of Civil Procedure 16(f)(1)(C) provides that, when a party fails to comply with the court's scheduling order, the court may impose any sanctions allowed under Rule 37(b)(2)(A)(ii)–(vii), including the exclusion of evidence. *See Thomasville Furniture Indus., Inc. v. Pulaski Furniture Corp.*, 2011 WL 13239926, at *1 (M.D.N.C. Dec. 1, 2011).

      The nondisclosing party bears the burden of demonstrating that its failure to abide by its discovery obligations is substantially justified or harmless. *See Wilkins*, 751 F.3d at 222. Plaintiff has offered no justification whatsoever for his failure to produce an expert report, and the omission significantly prejudices Defendants' ability to prepare their defense.

5

The Fourth Circuit's decision in *SSS Enters., Inc. v. Nova Petroleum Suppliers, LLC*, 533 F. App'x 321 (4th Cir. 2013), is instructive.[1] There, the district court set a deadline of January 31, 2012 for filing expert disclosures. The plaintiffs did not meet that deadline, instead filing a motion for leave to file late expert disclosures on February 2, 2012. The district court granted that motion. The defendants then moved to strike the late disclosures, "not because they were late but because they did not include the experts' reports." *Id.* at 323. The district court granted that motion too. *See id.* One month later, the plaintiffs filed a motion to file two other expert reports late. *Id.* This time, the district court denied the motion. The Fourth Circuit affirmed, emphasizing that "[t]he federal rules impose an 'automatic sanction' of exclusions of a party's expert witness for failure to adhere to the requirements set forth in Rule 26(a)" and holding that the plaintiffs had failed to show their noncompliance was "substantially justified or harmless." *Id.* at 324.

Like the disclosures in *SSS Enterprises*, Plaintiff's disclosure of the expert's name and CV alone is "simply noncompliant." *Id.* Plaintiff was required to certify by January 16, 2026 that he had disclosed to Defendants a "written report prepared and signed by the expert pursuant to Fed. R. Civ. P. 26(a)(2)(B)." ECF No. 115 at 1–2. Instead, purportedly in response to an interrogatory that Blackfin had served, Plaintiff provided a single paragraph identifying Mr. Bania and noting that he would "testify as an expert in social media analytics and the calculation of non-economic damages as a result of defamation." Ex. 1 at 2. That "supplemental answer" is not only an incomplete interrogatory response, in violation of Rule 37(b), but also, in merely identifying Mr. Bania and not offering a report, Plaintiff flouts his obligations under Rule 26(a)(2)(B) and the

---

[1] *Enck v. Nat'l Union Fire Insur. Co. of Pittsburg, PA*, 685 F. Supp. 3d 356, 367 (W.D.N.C. 2023) ("While unpublished decisions of the Court of Appeals are not 'binding' on this Court, district courts should follow decisions of their appellate courts when those decisions are directly on point and persuasive.").

Scheduling Order, warranting exclusion of any report under Rule 37. Plaintiff should, therefore, be precluded from submitting an expert report.

### B.     At a Minimum, Defendants' Expert Disclosure Deadline Should Be Extended

If Plaintiff's expert report is not excluded and this Court allows him to supplement his disclosures, Defendants move in the alternative for an extension of their deadline to serve their own expert report. Rule 16(b) permits a scheduling order to be modified for good cause. "'Good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Graham-White Manufact. Co. v. Ellcon-Nat'l Inc.*, 2007 WL 9736209, at *1 (D.S.C. Dec. 13, 2007). Here, Defendants have diligently pursued discovery to date. But no matter how diligent Defendants may be, without Plaintiff's expert report, they cannot prepare a rebuttal report. Moreover, Defendants still await Plaintiff's belated document productions and interrogatory responses. In order to ensure that Defendants have the same amount of time to serve their rebuttal report following receipt of Plaintiff's expert report as contemplated in the Court's Scheduling Order,[2] Defendants ask that the Court modify the current scheduling order and extend Defendants' expert disclosures deadline until five weeks after Plaintiff serves his expert report. Should it prove necessary based on the timing of when Plaintiff serves any report, Defendants also respectfully request that the Court extend the deadline for the close of all discovery to permit depositions of the parties' experts.

### CONCLUSION

For the foregoing reasons, Defendants request that the Court enter an Order preventing Plaintiff from introducing any evidence or testimony from their purported expert, Doug Bania, or, in the alternative, to the extent the Court excuses Plaintiff's failure to serve a timely expert report

---

[2] Under Rule 26(a)(2)(D)(ii), a rebuttal report is typically due "within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D)(ii). But the parties agreed and the Scheduling Order provided that Defendants would have five weeks from service of Plaintiff's expert disclosures to serve their own expert disclosures, whether for affirmative or rebuttal experts.

7

and otherwise allows him to comply with his obligations under Rule 26(a)(2), modifying the current scheduling order to allow for Defendants' expert report(s) to be served five weeks after Plaintiff serves his expert report and, if necessary, extending the deadline for the close of all discovery to permit depositions of the parties' experts.

## LOCAL RULE 7.02 AFFIRMATION

Pursuant to Local Rule 7.02, counsel for Defendants offered to confer with Plaintiff's counsel on January 21, 2026 before filing this motion.

Dated: January 21, 2026

                                                          Respectfully submitted,

                                                          By: */s/ Merritt G. Abney*

                                                               Katherine M. Bolger
                                                               Jeremy A. Chase
                                                               DAVIS WRIGHT TREMAINE LLP
                                                               1251 Avenue of the Americas, 21st Floor
                                                               New York, New York 10020-1104
                                                               Phone: (212) 489-8230
                                                               Fax: (212) 489-8340
                                                               katebolger@dwt.com
                                                               jeremychase@dwt.com

                                                               David E. Dukes (Federal Bar No. 00635)
                                                               NELSON MULLINS RILEY & SCARBOROUGH, LLP
                                                               1320 Main Street, 17th Floor
                                                               P.O. Box 11070
                                                               Columbia, SC 29201
                                                               Phone: (803) 799-2000
                                                               david.dukes@nelsonmullins.com

                                                               Merritt G. Abney (Federal Bar No. 09413)
                                                               NELSON MULLINS RILEY & SCARBOROUGH, LLP
                                                               151 Meeting Street, 6th Floor
                                                               P.O. Box 1806

Charleston, SC 29401-2239
Phone: (843) 853-5200
merritt.abney@nelsonmullins.com

*Counsel for Defendants Blackfin, Inc., Warner Bros. Discovery, Inc., Warner Media Entertainment Pages, Inc. and Campfire Studios, Inc.*

9